No. 23-1396

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT


## UNITED STATES,

**Appellee**

Vs.

**RAFAEL PINA-NIEVES,**
**Defendant-Appellant**

_____



## ON APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO


## APPENDIX BRIEF

Edwin Prado, Esq.
Bar No. 39421
Prado Núñez & Asociados, C.S.P.
403 Del Parque Suite 8
San Juan, PR 00912
Pradolaw10@gmail.com

**INDEX**

**DOCUMENT**                                                   **PAGE**

| CRIMINAL DOCKET SHEET 20-CR-00258-FAB | 1-36 |
|---|---|
| Docket – 329 – Sentencing Memorandum. | 37-56 |
| Docket – 363 – Transcripts of Sentencing. | 57-106 |
| Docket – 366 – Motion Requesting Sentencing Hearing and PSR Preparation. | 107-110 |
| Docket – 370 – Motion to Stay Proceedings and Request Mandate Clarification. | 111-122 |
| Docket – 372 – Defendant's Response in Opposition to USA Motion to Stay. | 123-129 |
| Docket – 378 – USA Informative Motion and Motion Requesting Order. | 130-132 |
| Docket – 379 – Defendant's Response in Opposition to USA Informative Motion. | 133-136 |
| Docket – 383 – USA Reply in Compliance with Court's Order. | 137-140 |
| Docket – 386 – Defendant's Sur Reply Regarding USA Informative Motion. | 141-150 |
| Docket – 387 – Defendant's Objections to the PSR. | 151-167 |

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

APPEAL

# United States District Court
## District of Puerto Rico (San Juan)
## CRIMINAL DOCKET FOR CASE #: 3:20-cr-00258-FAB-1

---

Case title: USA v. Pina-Nieves

Date Filed: 08/13/2020

Date Terminated: 05/24/2022

---

Assigned to: Judge Francisco A. Besosa

Appeals court case numbers: 22-1421, 23-1396

**Defendant (1)**

**Rafael Pina-Nieves**
*TERMINATED: 05/24/2022*

represented by **Francisco Rebollo-Casalduc**
Francisco Rebollo Casalduc Law Office
PO Box 195571
San Juan, PR 00919
787-765-0505
Fax: 787-765-0585
Email: rebollolaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Maria A. Dominguez-Victoriano**
DMR Law LLC
1430 South Dixie Hwy
Suite 314
Miami-Dade County, Ste 314
Miami, FL 33146
787-331-9970
Email: maria.dominguez@dmralaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Edwin Prado-Galarza**
Prado, Nunez & Associates, PSC
403 Del Parque St.
8th Floor
San Juan, PR 00907
787-977-1411
Fax: 787-977-1410
Email: pradolaw10@gmail.com
*Designation: Retained*

**Javier Micheo-Marcial**
DMRA Law LLC
100 Road 165
Guaynabo, PR 00968
787-331-9970 787-667-6749
Fax: 787-331-0728
Email: javier.micheo@dmralaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Manuel A. Franco-Dominguez**
DMRA Law LLC
1430 South Dixie Hwy.
Suite 314
Coral Gables, FL 33146
305-548-8666
Email: Manuel.Franco@DMRALaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:922(g)(1) AND 924(a)(2) PROHIBITED PERSON IN POSSESSION OF A FIREARM AND AMMUNITION: FELON (1) | Impr of 41 months as to each count 1 and 2 to be served concurrently with each other. SRT of 3 years as to each count 1 and 2 to be served concurrently with each other. SMA of $200.00. Fine of $150,000.00. Forfeiture of firearms and ammunitions ordered. Amended Judgment April 17, 2023. Impr of 41 months as to each count 1. SRT of 3 years as to each count 1. SMA of $100.00. Fine of $150,000.00. Forfeiture of firearms and ammunitions ordered. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:922(o) AND 924(a)(2) POSSESSION OF A MACHINEGUN (2) | Reversed as per USCA Judgment, ECF No. 360. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Interested Party**

**US Probation Office**

---

**Interested Party**

**Carlos Calderon-Garnier**
*TERMINATED: 05/24/2022*

represented by **Carlos M. Calderon-Garnier**
P.O Box 192537
San Juan, PR 00919-3881
787-763-3311
Fax: 787-764-8072
Email: info@calderon.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

**USA**

represented by **Jose A. Ruiz-Santiago**
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
787-766-5656
Email: jose.ruiz3@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Maria L. Montanez-Concepcion**
United States Attorneys Office
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787-766-5656
Fax: 787-771-4050
Email: Maria.L.Montanez@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Mariana E. Bauza**
United States Attorneys Office,
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787-766-5656
Fax: 787-771-4050
Email: mariana.e.bauza@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Edward G. Veronda - CLOSED**
United States Attorneys Office
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787-766-5656
Email: USAPR.InactiveAUSA@usdoj.gov
*TERMINATED: 01/11/2021*
*Designation: AUSA Designation*

**Gregory Bennet Conner**
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
787-772-4074
Fax: 787-771-4050
Email: gregory.conner2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/13/2020 | 1 | INDICTMENT as to Rafael Pina-Nieves (1) count(s) 1, 2. (ab) (Additional attachment(s) added on 8/13/2020: # 1 NPV indictment) (ab). (Entered: 08/13/2020) |
| 08/13/2020 | 2 | Minute Entry for proceedings held before US Magistrate Judge Camille L. Velez-Rive: Return of Indictment by Grand Jury as to Rafael Pina-Nieves (1) held on 8/13/2020. Warrant of arrest to be issued. (Court Reporter dcr.) (ab) (Entered: 08/13/2020) |
| 08/13/2020 | 3 | *RESTRICTED* Arrest Warrant Issued by US Magistrate Judge Camille L. Velez-Rive in case as to Rafael Pina-Nieves (1). (ab) (Entered: 08/13/2020) |
| 08/13/2020 | 4 | NOTICE OF ATTORNEY APPEARANCE: Edwin Prado-Galarza appearing for Rafael Pina-Nieves (Prado-Galarza, Edwin) (Entered: 08/13/2020) |
| 08/14/2020 | 5 | ORDER as to Rafael Pina-Nieves (1) : **Initial Appearance, Arraignment & Detention is set for 8/14/2020 11:30 AM via VTC Bridge before US Magistrate Judge Camille L. Velez-Rive.** Information to log onto the hearing will be sent by email. Signed by US Magistrate Judge Camille L. Velez-Rive on 8/14/20.(cmd) (Entered: 08/14/2020) |
| 08/14/2020 | 6 | NOTICE OF ATTORNEY APPEARANCE: Javier Micheo-Marcial appearing for Rafael Pina-Nieves (Micheo-Marcial, Javier) (Entered: 08/14/2020) |
| 08/14/2020 | 7 | NOTICE OF ATTORNEY APPEARANCE: Maria Dominguez-Victoriano appearing for Rafael Pina-Nieves (Dominguez-Victoriano, Maria) (Entered: 08/14/2020) |
| 08/14/2020 | 8 | ORDER Setting Conditions of Release as to Rafael Pina-Nieves (1) $1,000,000.00 Cash or secured, 10 days to post. Signed by US Magistrate Judge Camille L. Velez-Rive on 8/14/2020.(ab) (Entered: 08/19/2020) |
| 08/14/2020 | | Arrest of Rafael Pina-Nieves (1). (cmd) (Entered: 08/19/2020) |
| 08/14/2020 | 9 | Minute Entry for proceedings held before US Magistrate Judge Camille L. Velez-Rive: Initial Appearance, Arraignment & Detention Hearing as to Rafael Pina-Nieves (1) Count |

| | | |
|---|---|---|
| | | 1,2 held via VTC on 8/14/2020. Present on behalf of the Government was AUSA Edward Veronda. Present on behalf of the defendant were Attorneys Maria Dominguez, Javier Micheo and Edwin Prado. USPO August Castro was also present. The defendant was present via video and assisted by the court interpreter. The defendant waived his right to appear physically at the hearing and consented to proceed via VTC. He was advised as to the charges contained in the Indictment, the maximum penalties applicable, and his rights. The defendant was found competent to understand the proceedings. He waived the reading of the Indictment and entered a plea of not guilty as to all counts of the Indictment. The Government has 7 days to produce discovery and the defense has 14 days thereafter to file motions. Case is referred to Judge Francisco A. Besosa for further proceedings. As to detention, after having heard the parties,the Court imposed the following conditions of release: Bond in the amount of $1,000,000.00 Cash or Secured. The defendant is granted 10 days to post. The defendant is allowed to work. He shall surrender his passport to the US Pretrial Services Miami Office once he reports there. He will be allowed to travel to P.R. and Miami without a motion but will have to notify USPO. Foreign travel should be requested via motion. He will reside in Miami at the address of record. (Court Reporter Amy Walker.) Hearing set for 11:30 AM. Hearing held at 11:30 AM. Hearing ended at 11:50 AM. Interpreter Mary Jo Smith. (cmd) (Entered: 08/19/2020) |
| 08/20/2020 | 10 | ORDER as to Rafael Pina-Nieves (1) : **No later than 9/21/2020 the parties will file a joint informative motion indicating the status of the case, including pending discovery and the time needed to come to a conclusion of the case.** The time period between August 20, 2020 to and including September 21, 2020 is excluded under the Speedy Trial Act, 18 U.S.C. Sec. 3161. The Court finds that due to the ongoing COVID-19 pandemic and defendant's need to review discovery, enter into negotiations or prepare for trial, outweighs the interest of the public and the defendant's right to a speedy trial. Signed by Judge Francisco A. Besosa on 8/20/2020.(grf) (Entered: 08/20/2020) |
| 08/25/2020 | 11 | Consent MOTION for Extension of Time until September 4, 2020 to Post Bond by Rafael Pina-Nieves. Responses due by 9/8/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 08/25/2020) |
| 08/26/2020 | 12 | ORDER REFERRING MOTION: as to Rafael Pina-Nieves (1) 11 Consent MOTION for Extension of Time until September 4, 2020 to Post Bond filed by Rafael Pina-Nieves TO MAGISTRATE JUDGE CAMILLE VELEZ-RIVE for determination. Signed by Judge Francisco A. Besosa on 8/26/2020.(grf) (Entered: 08/26/2020) |
| 08/26/2020 | 13 | ORDER granting as requested 11 Motion for Extension of Time as to Rafael Pina-Nieves (1). Signed by US Magistrate Judge Camille L. Velez-Rive on 08/26/2020. (cvr) (Entered: 08/26/2020) |
| 08/31/2020 | 14 | MOTION to Restrict Document -*Selected Parties* by USA as to Rafael Pina-Nieves. Responses due by 9/14/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Veronda, Edward) (Entered: 08/31/2020) |
| 08/31/2020 | 15 | ***SELECTED PARTIES*** MOTION Requesting Order *Allowing Disclosure of Items Under Seal* by USA, Rafael Pina-Nieves as to Rafael Pina-Nieves. Responses due by 9/14/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Veronda, Edward) (Entered: 08/31/2020) |
| 08/31/2020 | 16 | MOTION to Restrict Document -*Ex Parte* by USA as to Rafael Pina-Nieves. Responses due by 9/14/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Veronda, Edward) (Entered: 08/31/2020) |

| 08/31/2020 | 17 | ***EX-PARTE***Ex Parte INFORMATIVE Motion regarding Disclosure of Matters Under Seal by USA as to Rafael Pina-Nieves. Responses due by 9/14/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Appendix Unredacted Copy not provided to Defense Counsel, # 2 Appendix Redacted copy provided to Defense Counsel, # 3 Appendix Redacted copy provided to Defense Counsel, # 4 Appendix Redacted copy provided to Defense Counsel, # 5 Appendix Redacted copy provided to Defense Counsel, # 6 Appendix Redacted copy provided to Defense Counsel, # 7 Appendix Redacted copy provided to Defense Counsel)(Veronda, Edward) (Entered: 08/31/2020) |
| 08/31/2020 | 18 | ORDER re 14 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 08/31/2020. (brc) (Entered: 08/31/2020) |
| 08/31/2020 | 19 | ***SELECTED PARTIES***ORDER re 15 Motion Requesting Order as to Rafael Pina-Nieves (1). Signed by Judge Francisco A. Besosa on 08/31/2020. (brc) (Entered: 08/31/2020) |
| 08/31/2020 | 20 | ORDER re 16 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 08/31/2020. (brc) (Entered: 08/31/2020) |
| 08/31/2020 | 21 | ORDER re 17 Informative Motion as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 08/31/2020. (brc) (Entered: 08/31/2020) |
| 09/04/2020 | 22 | *RESTRICTED* Appearance Bond Entered as to Rafael Pina-Nieves (1) in amount of $1,000,000.00 by Real Estate. (Attachments: # 1 Copy of Id Card) (mcm) (Entered: 09/04/2020) |
| 09/04/2020 | 23 | *RESTRICTED* Agreement to Forfeit Property by Rafael Pina-Nieves (1) (originals in vault) (Attachments: # 1 Non Cash Collateral Receipt) (mcm) (Entered: 09/04/2020) |
| 09/17/2020 | 24 | Consent MOTION to Restrict Document by Rafael Pina-Nieves. Responses due by 10/1/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 09/17/2020) |
| 09/17/2020 | 25 | **CASE PARTICIPANTS**Consent MOTION to Modify Conditions of Bail Release by Rafael Pina-Nieves. Responses due by 10/1/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 09/17/2020) |
| 09/17/2020 | 26 | ORDER re 24 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 09/17/2020. (brc) (Entered: 09/17/2020) |
| 09/17/2020 | 27 | ***SELECTED PARTIES***ORDER re 25 Motion to Modify Conditions of Bail Release as to Rafael Pina-Nieves (1). Signed by Judge Francisco A. Besosa on 09/17/2020. (brc) (Entered: 09/17/2020) |
| 09/21/2020 | 28 | Joint MOTION in Compliance (re: Status of Case) by Rafael Pina-Nieves. Responses due by 10/5/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 09/21/2020) |
| 09/22/2020 | 29 | ORDER re 28 Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. Dispositive motions, including motion for change of plea, will be filed no later than November 25, 2020. If necessary, dates for a status conference and commencement of trial will be set by further order. **Dispositive motions due no later than 11/25/2020.**The time period between September 22, 2020 to and including November 25, 2020 is excluded under the Speedy Trial Act, 18 U.S.C. Sec. 3161. The Court finds that due to the ongoing COVID-19 pandemic and defendant's need to review discovery, enter into negotiations or prepare |

| | | |
|---|---|---|
| | | for trial, outweighs the interest of the public and the defendant's right to a speedy trial. Signed by Judge Francisco A. Besosa on 9/22/2020. (grf) (Entered: 09/22/2020) |
| 09/22/2020 | [30](#) | INFORMATIVE Motion regarding Discovery of Financial Documents by USA as to Rafael Pina-Nieves. Responses due by 10/6/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Veronda, Edward) (Entered: 09/22/2020) |
| 09/22/2020 | 31 | ORDER re [30](#) Informative Motion as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 09/22/2020. (brc) (Entered: 09/22/2020) |
| 11/24/2020 | [32](#) | MOTION for Extension of Time to File Dispositive Motions by Rafael Pina-Nieves. Responses due by 12/8/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 11/24/2020) |
| 11/25/2020 | [33](#) | RESPONSE to Motion filed by USA as to Rafael Pina-Nieves re [32](#) MOTION for Extension of Time to File Dispositive Motions filed by Rafael Pina-Nieves (Veronda, Edward) (Entered: 11/25/2020) |
| 11/25/2020 | 34 | ORDER re [32](#) Motion for Extension of Time as to Rafael Pina-Nieves (1): GRANTED. **Dispositive motions due January 25, 2021.** No additional extensions will be allowed. Signed by Judge Francisco A. Besosa on 11/25/2020. (brc) (Entered: 11/25/2020) |
| 12/03/2020 | [35](#) | MOTION to Restrict Document by Rafael Pina-Nieves. Responses due by 12/17/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 12/03/2020) |
| 12/03/2020 | [36](#) | ***STRICKEN AS PER DOCKET 43 ORDER**CASE PARTICIPANTS** MOTION to Travel by Rafael Pina-Nieves. Responses due by 12/17/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) Modified on 12/7/2020 (ab). (Entered: 12/03/2020) |
| 12/04/2020 | 37 | ***VACATED AS PER DOCKET 43 ORDER***ORDER re [35](#) Motion to Restrict as to Rafael Pina-Nieves (1): DENIED. There is nothing in the motion filed at Docket No. 36 that would necessitate it to be filed with a restriction. The Clerk will remove the restriction on Docket No. 36. Signed by Judge Francisco A. Besosa on 12/04/2020. (brc) Modified on 12/7/2020 (ab). (Entered: 12/04/2020) |
| 12/04/2020 | [38](#) | RESPONSE to Motion *in Partial Opposition (Opposing Any International Travel)* filed by USA as to Rafael Pina-Nieves re [36](#) MOTION to Travel filed by Rafael Pina-Nieves (Veronda, Edward) (Entered: 12/04/2020) |
| 12/04/2020 | [39](#) | MOTION to Strike *Document at Docket No. 36*, MOTION to Withdraw Document *at Docket No. 36* by Rafael Pina-Nieves. Responses due by 12/18/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 12/04/2020) |
| 12/04/2020 | 40 | ORDER re [36](#) Motion to Travel as to Rafael Pina-Nieves (1): DENIED. Pursuant to the Governor's latest COVID-19 order, all marinas will be closed from December 7, 2020 to January 7, 2021. Signed by Judge Francisco A. Besosa on 12/04/2020. (brc) (Entered: 12/04/2020) |
| 12/04/2020 | [41](#) | Amended MOTION to Strike , MOTION to Withdraw Document *(Unopposed)* by Rafael Pina-Nieves. Responses due by 12/18/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 12/04/2020) |
| 12/04/2020 | 42 | ORDER re [39](#) Motion to Strike and Motion to Withdraw Document as to Rafael Pina-Nieves (1): MOOT. An amended motion has been filed at Docket No. 41. Signed by Judge |

| | | Francisco A. Besosa on 12/04/2020. (brc) (Entered: 12/04/2020) |
|---|---|---|
| 12/04/2020 | 43 | ORDER re 41 Motion to Strike and Motion to Withdraw Document as to Rafael Pina-Nieves (1): GRANTED. The Order at Docket No. 37 is vacated. The motion to travel filed at Docket No. 36 is stricken from the record at defendant's request. Signed by Judge Francisco A. Besosa on 12/04/2020. (brc) (Entered: 12/04/2020) |
| 01/11/2021 | 44 | NOTICE OF ATTORNEY APPEARANCE: Maria L. Montanez-Concepcion appearing for USA. (Montanez-Concepcion, Maria) (Entered: 01/11/2021) |
| 01/11/2021 | 45 | MOTION to Withdraw as Attorney by AUSA VERONDA. by USA as to Rafael Pina-Nieves. Responses due by 1/25/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Veronda, Edward) (Entered: 01/11/2021) |
| 01/11/2021 | 46 | ORDER re 45 Motion to Withdraw as Attorney as to Rafael Pina-Nieves (1): GRANTED. AUSA Edward G. Veronda is withdrawn from the case. Signed by Judge Francisco A. Besosa on 01/11/2021. (brc) (Entered: 01/11/2021) |
| 01/15/2021 | 47 | Consent MOTION for Extension of Time until February 25, 2021 to File Dispositive Motions by Rafael Pina-Nieves. Responses due by 1/29/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 01/15/2021) |
| 01/15/2021 | 48 | ORDER re 47 Motion for Extension of Time as to Rafael Pina-Nieves (1): GRANTED as the final extension. **Dispositive motions due February 25, 2021.** Signed by Judge Francisco A. Besosa on 01/15/2021. (brc) (Entered: 01/15/2021) |
| 02/25/2021 | 49 | NOTICE OF ATTORNEY APPEARANCE: Manuel A. Franco-Dominguez appearing for Rafael Pina-Nieves (Franco-Dominguez, Manuel) (Entered: 02/25/2021) |
| 02/25/2021 | 50 | MOTION for Leave to File Excess Pages by Rafael Pina-Nieves. Responses due by 3/11/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 02/25/2021) |
| 02/25/2021 | 51 | MOTION to Restrict Document by Rafael Pina-Nieves. Responses due by 3/11/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 02/25/2021) |
| 02/25/2021 | 52 | **CASE PARTICIPANTS** MOTION to Suppress by Rafael Pina-Nieves. Responses due by 3/11/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit 1 (Order), # 2 Exhibit 2 (Affidavit), # 3 Exhibit 3 (SW Application))(Micheo-Marcial, Javier) (Entered: 02/25/2021) |
| 02/25/2021 | 53 | MOTION for Discovery *of Grand Jury Selection Process* by Rafael Pina-Nieves. Responses due by 3/11/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 02/25/2021) |
| 02/26/2021 | 54 | ORDER re 50 Motion for Leave to File Excess Pages as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 02/26/2021. (brc) (Entered: 02/26/2021) |
| 02/26/2021 | 55 | ORDER re 51 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 02/26/2021. (brc) (Entered: 02/26/2021) |
| 02/26/2021 | 56 | ORDER re 52 Motion to Suppress as to Rafael Pina-Nieves (1). **The government will respond to this motion to suppress no later than March 11, 2021.** Signed by Judge Francisco A. Besosa on 02/26/2021. (brc) (Entered: 02/26/2021) |

| 03/04/2021 | 57 | INFORMATIVE Motion regarding Defendant's Change of Address by Rafael Pina-Nieves. Responses due by 3/18/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 03/04/2021) |
|---|---|---|
| 03/04/2021 | 58 | ORDER re 57 Informative Motion as to Rafael Pina-Nieves (1). Defendant's motion concerning his change of address is held in abeyance until defendant informs the Court and his probation officer of his new address, and until the probation officer informs the Court that defendant's new address is appropriate. Signed by Judge Francisco A. Besosa on 03/04/2021. (brc) (Entered: 03/04/2021) |
| 03/05/2021 | 59 | ORDER re 53 Motion for Discovery as to Rafael Pina-Nieves (1). **The government will respond to this motion for discovery of grand jury materials no later than March 15, 2021.** Signed by Judge Francisco A. Besosa on 03/05/2021. (brc) (Entered: 03/05/2021) |
| 03/08/2021 | 60 | MOTION to Restrict Document by Rafael Pina-Nieves. Responses due by 3/22/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 03/08/2021) |
| 03/08/2021 | 61 | **CASE PARTICIPANTS** MOTION in Compliance as to 58 Order on Informative Motion, by Rafael Pina-Nieves. Responses due by 3/22/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 03/08/2021) |
| 03/09/2021 | 62 | ORDER re 60 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 03/09/2021. (brc) (Entered: 03/09/2021) |
| 03/09/2021 | 63 | ORDER re 61 Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 03/09/2021. (brc) (Entered: 03/09/2021) |
| 03/11/2021 | 64 | MOTION to Restrict Document by Rafael Pina-Nieves. Responses due by 3/25/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 03/11/2021) |
| 03/11/2021 | 65 | MOTION Submitting by Rafael Pina-Nieves. Responses due by 3/25/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Transcript of Call 121 (Spanish), # 2 Exhibit Transcript of Call 121 (English), # 3 Exhibit Certificate of Accuracy)(Micheo-Marcial, Javier) Modified on 1/21/2022 as per docket 258 (ab). (Entered: 03/11/2021) |
| 03/12/2021 | 66 | ORDER re 64 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 03/12/2021. (brc) (Entered: 03/12/2021) |
| 03/12/2021 | 67 | ORDER re 65 Motion Submitting as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 03/12/2021. (brc) (Entered: 03/12/2021) |
| 03/15/2021 | 68 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves. Responses due by 3/29/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 03/15/2021) |
| 03/15/2021 | 69 | *** CASE PARTICIPANTS*** MOTION for Extension of Time until April 5, 2021 to file Response In Opposition by USA as to Rafael Pina-Nieves. Responses due by 3/29/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) Modified on 3/15/2021 to add restriction (gr). (Entered: 03/15/2021) |
| 03/15/2021 | 70 | ORDER re 57 Informative Motion as to Rafael Pina-Nieves (1): NOTED. Defendant has complied with the Court order. See, Docket Nos. 58 and 61. Signed by Judge Francisco A. |

| | | Besosa on 03/15/2021. (brc) (Entered: 03/15/2021) |
|---|---|---|
| 03/15/2021 | 71 | ORDER re 68 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 03/15/2021. (brc) (Entered: 03/15/2021) |
| 03/15/2021 | 72 | ***SELECTED PARTIES***ORDER re 69 Motion for Extension of Time as to Rafael Pina-Nieves (1). Signed by Judge Francisco A. Besosa on 03/15/2021. (brc) (Entered: 03/15/2021) |
| 04/05/2021 | 73 | MOTION for Extension of Time by USA as to Rafael Pina-Nieves. Responses due by 4/19/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 04/05/2021) |
| 04/06/2021 | 74 | ORDER re 73 Motion for Extension of Time as to Rafael Pina-Nieves (1): GRANTED. **Response to motion deadline is extended until April 19, 2021.** Signed by Judge Francisco A. Besosa on 04/06/2021. (brc) (Entered: 04/06/2021) |
| 04/13/2021 | 75 | ***STRICKEN AS PER DOCKET NO. 77 ORDER*** MOTION to Travel by Rafael Pina-Nieves. Responses due by 4/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) Modified on 4/14/2021 (ab). (Entered: 04/13/2021) |
| 04/13/2021 | 76 | Amended MOTION to Travel by Rafael Pina-Nieves. Responses due by 4/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 04/13/2021) |
| 04/13/2021 | 77 | ORDER re 75 Motion to Travel as to Rafael Pina-Nieves (1). Stricken from the record. An amended motion was filed at Docket No. 76. Signed by Judge Francisco A. Besosa on 04/13/2021. (brc) (Entered: 04/13/2021) |
| 04/13/2021 | 78 | ORDER re 76 Motion to Travel as to Rafael Pina-Nieves (1). **The government and the probation officer will respond to this motion to travel outside the United States no later than April 19, 2021.** Signed by Judge Francisco A. Besosa on 04/13/2021. (brc) (Entered: 04/13/2021) |
| 04/16/2021 | 79 | USPO MOTION in Compliance with Court Order - Docket #78 by U.S. Probation Officer as to Rafael Pina-Nieves (1). Responses due by 4/30/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (U.S. Probation Officer, David E. Vazquez-Reyes) (Entered: 04/16/2021) |
| 04/19/2021 | 80 | ORDER re 79 USPO Motion as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 04/19/2021. (brc) (Entered: 04/19/2021) |
| 04/19/2021 | 81 | RESPONSE in Opposition *to Defendant's Amended Motion to Travel* by USA as to Rafael Pina-Nieves re 76 Amended MOTION to Travel filed by Rafael Pina-Nieves, 74 Order on Motion for Extension of Time (Montanez-Concepcion, Maria) (Entered: 04/19/2021) |
| 04/19/2021 | 82 | REPLY TO RESPONSE to Motion by Rafael Pina-Nieves re 76 Amended MOTION to Travel filed by Rafael Pina-Nieves (Micheo-Marcial, Javier) (Entered: 04/19/2021) |
| 04/19/2021 | 83 | RESPONSE in Opposition *Partial Opposition* by USA as to Rafael Pina-Nieves re 53 MOTION for Discovery *of Grand Jury Selection Process* filed by Rafael Pina-Nieves (Montanez-Concepcion, Maria) (Entered: 04/19/2021) |
| 04/19/2021 | 84 | MOTION for Extension of Time until April 26, 2021 by USA as to Rafael Pina-Nieves. Responses due by 5/3/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 04/19/2021) |

| 04/20/2021 | 85 | ORDER re 84 Motion for Extension of Time as to Rafael Pina-Nieves (1): GRANTED. **Response to motion deadline is extended until April 26, 2021.** Signed by Judge Francisco A. Besosa on 04/20/2021. (brc) (Entered: 04/20/2021) |
| --- | --- | --- |
| 04/21/2021 | 86 | ORDER re 76 Motion to Travel as to Rafael Pina-Nieves (1). Signed by Judge Francisco A. Besosa on 04/21/2021. (brc) (Entered: 04/21/2021) |
| 04/22/2021 | 87 | MEMORANDUM AND ORDER re 76 Motion to Travel as to Rafael Pina-Nieves (1). Rafael Pina-Nieves' amended motion to travel is DENIED. Signed by Judge Francisco A. Besosa on 04/22/2021. (brc) (Entered: 04/22/2021) |
| 04/26/2021 | 88 | REPLY TO RESPONSE to Motion by Rafael Pina-Nieves re 53 MOTION for Discovery *of Grand Jury Selection Process* filed by Rafael Pina-Nieves (Micheo-Marcial, Javier) (Entered: 04/26/2021) |
| 04/26/2021 | 89 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves. Responses due by 5/10/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 04/26/2021) |
| 04/26/2021 | 90 | ***SELECTED PARTIES*** MOTION for Extension of Time by USA, Rafael Pina-Nieves as to Rafael Pina-Nieves. Responses due by 5/10/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 04/26/2021) |
| 04/27/2021 | 91 | ORDER re 89 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 04/27/2021. (brc) (Entered: 04/27/2021) |
| 04/27/2021 | 92 | ORDER re 90 Motion for Extension of Time as to Rafael Pina-Nieves (1): GRANTED. **Response to motion deadline is extended until May 7, 2021.** Signed by Judge Francisco A. Besosa on 04/27/2021. (brc) (Entered: 04/27/2021) |
| 05/07/2021 | 93 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves. Responses due by 5/21/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 05/07/2021) |
| 05/07/2021 | 94 | ***SELECTED PARTIES*** INFORMATIVE Motion by USA, Rafael Pina-Nieves as to Rafael Pina-Nieves. Responses due by 5/21/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 05/07/2021) |
| 05/10/2021 | 95 | ORDER re 93 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 05/10/2021. (brc) (Entered: 05/10/2021) |
| 05/10/2021 | 96 | ORDER re 94 Informative Motion as to Rafael Pina-Nieves (1): NOTED AND GRANTED as the final extension. **Response to motion deadline is extended until May 14, 2021.** Signed by Judge Francisco A. Besosa on 05/10/2021. (brc) (Entered: 05/10/2021) |
| 05/14/2021 | 97 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves. Responses due by 5/28/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 05/14/2021) |
| 05/14/2021 | 98 | ***SELECTED PARTIES***RESPONSE in Opposition *to Defendant's Motion to Suppress (ECF No. 52)* by USA, Rafael Pina-Nieves as to Rafael Pina-Nieves (Montanez-Concepcion, Maria) (Entered: 05/14/2021) |
| 05/17/2021 | 99 | ORDER re 97 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 05/17/2021. (brc) (Entered: 05/17/2021) |

**011**

| 05/21/2021 | [100](#) | MOTION for Extension of Time to File Response/Reply as to [98](#) Response in Opposition by Rafael Pina-Nieves. Responses due by 6/4/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 05/21/2021) |
| 05/23/2021 | 101 | ORDER re [100](#) Motion for Extension of Time to File Response/Reply as to Rafael Pina-Nieves (1): GRANTED as requested. **No later than June 4, 2021, the government will inform the Court and the defendant if the documents he has requested will be provided to him.** Signed by Judge Francisco A. Besosa on 05/23/2021. (brc) (Entered: 05/23/2021) |
| 06/03/2021 | [102](#) | INFORMATIVE Motion by USA as to Rafael Pina-Nieves. Responses due by 6/17/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 06/03/2021) |
| 06/04/2021 | 103 | ORDER re [102](#) Informative Motion as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 06/04/2021. (brc) (Entered: 06/04/2021) |
| 06/16/2021 | [104](#) | Consent MOTION for Extension of Time to File Response/Reply by Rafael Pina-Nieves. Responses due by 6/30/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 06/16/2021) |
| 06/16/2021 | 105 | ORDER re [104](#) Motion for Extension of Time to File Response/Reply as to Rafael Pina-Nieves (1): GRANTED as the final extension. **Response to motion deadline is extended until June 24, 2021.** Signed by Judge Francisco A. Besosa on 06/16/2021. (brc) (Entered: 06/16/2021) |
| 06/17/2021 | [106](#) | ***SELECTED PARTIES***ORDER Concerning Motion for Discovery of Grand Jury Selection Procedures, granting in part and denying in part, [53](#) Motion for Discovery as to Rafael Pina-Nieves (1)Signed by Judge Francisco A. Besosa on 6/17/2021. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4(a), # [5](#) Exhibit 4(b), # [6](#) Exhibit 5, # [7](#) Exhibit 6) (be) (Entered: 06/17/2021) |
| 06/24/2021 | [107](#) | MOTION for Leave to File Excess Pages by Rafael Pina-Nieves. Responses due by 7/8/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Franco-Dominguez, Manuel) (Entered: 06/24/2021) |
| 06/24/2021 | [108](#) | MOTION to Restrict Document by Rafael Pina-Nieves. Responses due by 7/8/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Franco-Dominguez, Manuel) (Entered: 06/24/2021) |
| 06/24/2021 | [109](#) | **CASE PARTICIPANTS**REPLY TO RESPONSE to Motion by Rafael Pina-Nieves re [52](#) MOTION to Suppress filed by Rafael Pina-Nieves (Franco-Dominguez, Manuel) (Entered: 06/24/2021) |
| 06/24/2021 | 110 | ORDER re [107](#) Motion for Leave to File Excess Pages as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 06/24/2021. (brc) (Entered: 06/24/2021) |
| 06/24/2021 | 111 | ORDER re [108](#) Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 06/24/2021. (brc) (Entered: 06/24/2021) |
| 07/20/2021 | 112 | ORDER as to Rafael Pina-Nieves. The United States SHALL file an official transcript of the conversation subject to defendant Rafael Pina-Nieves' motion to suppress no later than July 22, 2021.Signed by Judge Francisco A. Besosa on 7/20/2021.(AA) (Entered: 07/20/2021) |
| 07/22/2021 | [113](#) | MOTION to Restrict Document by USA as to Rafael Pina-Nieves. Responses due by 8/5/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to |

| | | |
|---|---|---|
| | | service done electronically. (Montanez-Concepcion, Maria) (Entered: 07/22/2021) |
| 07/22/2021 | [114] | ***SELECTED PARTIES*** MOTION in Compliance by USA, Rafael Pina-Nieves as to Rafael Pina-Nieves. Responses due by 8/5/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # [1] Spanish Transcript, # [2] English Translation)(Montanez-Concepcion, Maria) (Entered: 07/22/2021) |
| 07/23/2021 | 115 | ORDER re [113] Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 07/23/2021. (brc) (Entered: 07/23/2021) |
| 07/23/2021 | 116 | ORDER re [114] Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 07/23/2021. (brc) (Entered: 07/23/2021) |
| 08/10/2021 | [117] | ORDER: The motion to suppress as to Rafael Pina-Nieves, Docket No. 52, is DENIED. Signed by Judge Francisco A. Besosa on 8/10/2021. (AA) Modified on 1/21/2022 as per docket 258 (ab). (Entered: 08/10/2021) |
| 08/10/2021 | 118 | ORDER as to Rafael Pina-Nieves (1): **Status Conference set for 8/13/2021 10:00 AM in VTC.** Proper instructions to log on to Zoom will be provided to counsel by separate email well in advance of the hearing. Signed by Judge Francisco A. Besosa on 8/10/2021.(om) (Entered: 08/10/2021) |
| 08/12/2021 | 119 | ORDER as to Rafael Pina-Nieves (1): **Status Conference set for 8/13/2021 moved to 10:45 AM in VTC.** Proper instructions to log on to Zoom will be provided to counsel by separate email well in advance of the hearing. Signed by Judge Francisco A. Besosa on 8/12/2021.(om) (Entered: 08/12/2021) |
| 08/13/2021 | 120 | Minute entry for proceedings held before U.S. District Judge Francisco A. Besosa. Status Conference as to Rafael Pina-Nieves (1) held on August 13, 2021. Present via VTC AUSA Maria L. Montanez-Concepcion and retained counsel Maria Dominguez-Victoriano. Parties informed the Court the status of the case. Case is ready for jury trial. Attorney Dominguez informed that she has spoken with AUSA Montanez prior to this conference. The United States tendered a plea offer to the defendant that was rejected. The United States requested the defense to consider submitting a counteroffer. Defendant is not in this jurisdiction, and he will be back at the end of the month and attorney Dominguez will be in position to discuss in person several issues of this case and exhaust the possibility of any potential negotiation. Attorney Dominguez requested a term of 3-4 weeks to complete that process and then to inform the Court if defendant will be pleading guilty or if he will exercise his right to a jury trial. Notwithstanding all informed, attorney Dominguez stated that it seems that this case is headed for jury trial. The United States informed that offer tendered was rejected by the defendant. Motion requesting a Lafler/Frye hearing will be filed in order that defendant is aware that plea offer was tendered and understands its contents. All discovery provided and the United States will be filing no later than Friday, August 20, 2021 the designation of evidence, notice of experts, (one to testify that the fully automatic capacity of the firearms and fingerprints, and reports were produced to the defense) and request for defenses. As to this matter, the defense informed that they will be retained the services of an experts in DNA and Fingerprints. Thirty (30) days requested by attorney Dominguez to finalize conversations with her client, and to explore potential negotiations with the United States. The Court after hearing the parties set the following. **Request of 3-4 weeks was denied. The defense was granted until August 31, 2021 to finalize conversations with the defendant, and to explore negotiations with the United States. Jury trial set for October 18, 2021 at 9:00 a.m. Final Pretrial Conference set for October 12, 2021 at 9:00 a.m. The Court in addition set October 5, 2021 for the Notice of Experts, Designation of Evidence, Reciprocal Discovery, Voir Dire questions, Preliminary and Final Instructions. Estimated length of jury trial is 7 days, and at least 9 witnesses to** |

| | | |
|---|---|---|
| | | **be presented.** In accordance with this District's Amended In-Person and Jury Trial Protocol During COVID-19 Pandemic, all attorneys of record shall notify the Court the names and vaccination status of all persons attending in-person proceedings, no later than October 12, 2021. All attendees must submit this information via survey through the following link: **https://www.surveymonkey.com/r/usdcpr-proc-attendees**. The Clerk of Court shall maintain custody of the information provided through the aforementioned survey. Parties are advised that all family members and members of the public not informed via the aforementioned survey will not be allowed into the courtroom.(Court Reporter Amy Walker.)Hearing set for 10:45.Hearing held at 10:45.Hearing ended at 10:53. (om) (Entered: 08/14/2021) |
| 09/22/2021 | [121](#) | Consent MOTION to Continue *the Trial Date* by Rafael Pina-Nieves (1). Responses due by 10/6/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 09/22/2021) |
| 09/24/2021 | 122 | ORDER re [121](#) Motion to Continue as to Rafael Pina-Nieves (1): GRANTED. The **Jury Trial is continued to December 13, 2021, commencing at 9:00 a.m.** The government will file its designation of evidence **no later than December 3, 2021**; the defendant will provide all reciprocal discovery **no later than December 3, 2021**; the defendant and the government will notify their respective experts, if any, and will file their respective proposed voir dire questions and proposed jury instructions **no later than December 3, 2021**. No extensions will be allowed for any date set forth in this order. Signed by Judge Francisco A. Besosa on 9/24/2021. (ab) (Entered: 09/24/2021) |
| 10/12/2021 | 123 | ORDER as to Rafael Pina-Nieves (1): **In light of the Order at ECF No. 122, Pretrial Conference set for today, October 12, 2021 is reset for December 1, 2021 at 9:00 AM in Courtroom 2.** Signed by Judge Francisco A. Besosa on 10/12/2021.(om) (Entered: 10/12/2021) |
| 11/24/2021 | [124](#) | *RESTRICTED* Subpoenas Issued as to Rafael Pina-Nieves (1). (gr) (Entered: 11/24/2021) |
| 11/29/2021 | [125](#) | NOTICE OF ATTORNEY APPEARANCE: Francisco Rebollo-Casalduc appearing for Rafael Pina-Nieves (1) (Rebollo-Casalduc, Francisco) (Entered: 11/29/2021) |
| 11/29/2021 | 126 | ORDER as to Rafael Pina-Nieves (1): **In Person Pretrial Conference advanced for November 30, 2021 at 11:15 AM in Courtroom 2.** In accordance with this District's Amended In-Person and Jury Trial Protocol During COVID-19 Pandemic, attorney for the defendant and for the United States shall submit their vaccination status and also shall notify the Court the names and vaccination status of all other persons attending this in-person conference. Counsel for the defendant, and for the United States must submit this information via survey through the following link: **https://www.surveymonkey.com/r/usdcpr-proc-attendees**. The Clerk of Court shall maintain custody of the information provided through the aforementioned survey. Signed by Judge Francisco A. Besosa on 11/29/2021.(om) (Entered: 11/29/2021) |
| 11/29/2021 | [127](#) | MOTION to Withdraw as Attorney by Edwin J Prado Galarza. by Rafael Pina-Nieves (1). Responses due by 12/13/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Prado-Galarza, Edwin) (Entered: 11/29/2021) |
| 11/30/2021 | [128](#) | MOTION Requesting Order *Excusing Counsel for Attendance at Status Conference* by Rafael Pina-Nieves (1). Responses due by 12/14/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 11/30/2021) |
| 11/30/2021 | 129 | ORDER re [127](#) Motion to Withdraw as Attorneyas to Rafael Pina-Nieves (1): GRANTED. Counsel Edwin Prado-Galarza is withdrawn from the case. Signed by Judge |

| | | |
|---|---|---|
| | | Francisco A. Besosa on 11/30/2021. (brc) (Entered: 11/30/2021) |
| 11/30/2021 | 131 | ORDER granting 128 Motion Requesting excusal from status conference as to Rafael Pina-Nieves (1). Mrs. Dominguez is excused from participating in the status conference. Signed by Judge Francisco A. Besosa on 11/30/2021. (om) (Entered: 12/02/2021) |
| 11/30/2021 | 132 | Minute Entry for proceedings held before Judge Francisco A. Besosa. Status Conference as to Rafael Pina-Nieves (1) held on November 30, 2021. Present in court: AUSA Jose A. Ruiz, AUSA Maria L. Montanez, retained counsel Francisco Rebollo-Casalduc, and Javier Micheo Marcial. The Court excused counsel Maria A. Dominguez from participating in this conference. This case is set for jury trial to begin on December 13, 2021. The United States and the defendant informed that they are ready to proceed. The United States brought to the Court's attention two (2) matters related to the appearance by counsel Rebollo-Casalduc as retained counsel for this defendant. First, regarding the late appearance of counsel that defendant may argue that one of the attorneys appeared late, and he was not ready for trial, and matter be raised on appeal or as a 2255 motion. The United States requested, that defense counsel to communicate their client, and waiver in writing be provided to the United States. The defense informed that they are ready to proceed to jury trial. Second, a potential conflict that counsel Rebollo represented Joed Romero-Soler. Arguments presented by the United States and counsel for the defendant as to the potential conflict. The Court after hearing the parties set the following. **The United States shall file a motion as to the potential conflict no later than Friday, December 3, 2021. The defense shall reply no later than Tuesday, December 7, 2021. Designation of evidence will be filed no later than December 3, 2021. Jencks/Giglio shall be provided no later than December 8, 2021. Transcripts with certified translation shall be provided to the defense no later than December 2, 2021. Notice of expert will be filed no later than December 3, 2021. There is no 404b evidence to be provided. Jury trial remains set for December 13, 2021 at 9:00 a.m. in Courtroom 2. Estimated length could be up to two weeks.** (Court Reporter Rachelle Robinson-Ware.)Hearing set for 11:15.Hearing held at 11:08.Hearing ended at 11:25. (om) (Entered: 12/02/2021) |
| 12/01/2021 | 130 | NOTICE OF ATTORNEY APPEARANCE: Jose A. Ruiz-Santiago appearing for USA. (Ruiz-Santiago, Jose) (Entered: 12/01/2021) |
| 12/02/2021 | 133 | INFORMATIVE Motion , MOTION for Extension of Time by USA as to Rafael Pina-Nieves (1). Responses due by 12/16/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/02/2021) |
| 12/03/2021 | 134 | ORDER re 133 Informative Motion and Motion for Extension of Time as to Rafael Pina-Nieves (1): NOTED and GRANTED. **Transcripts and certified translations will be provided to the defense by December 9, 2021.** No additional extensions will be allowed. Signed by Judge Francisco A. Besosa on 12/03/2021. (brc) (Entered: 12/03/2021) |
| 12/03/2021 | 135 | MOTION under Rule 12 *U.S. Designation of Evidence* by USA as to Rafael Pina-Nieves (1). Responses due by 12/17/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/03/2021) |
| 12/03/2021 | 136 | MOTION under Rule 16 by USA as to Rafael Pina-Nieves (1). Responses due by 12/17/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Montanez-Concepcion, Maria) (Entered: 12/03/2021) |
| 12/04/2021 | 137 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves (1). Responses due by 12/20/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/04/2021) |

015

| 12/04/2021 | 138 | ***SELECTED PARTIES*** MOTION in Compliance , INFORMATIVE Motion by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 12/20/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/04/2021) |
|---|---|---|
| 12/05/2021 | 139 | MOTION under Rule 16 *US Request for Reciprocal Discovery* by USA as to Rafael Pina-Nieves (1). Responses due by 12/20/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/05/2021) |
| 12/05/2021 | 140 | MOTION under Rule 12 *US Request for Notice of Defenses* by USA as to Rafael Pina-Nieves (1). Responses due by 12/20/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/05/2021) |
| 12/06/2021 | 141 | MOTION for Reconsideration re 134 Order on Informative Motion,, Order on Motion for Extension of Time, by Rafael Pina-Nieves (1). Responses due by 12/20/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 12/06/2021) |
| 12/06/2021 | 142 | ORDER re 135 Motion under Rule 12 as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 12/06/2021. (brc) (Entered: 12/06/2021) |
| 12/06/2021 | 143 | ORDER re 137 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/06/2021. (brc) (Entered: 12/06/2021) |
| 12/06/2021 | 144 | RESPONSE in Opposition *to Defendant's Motion for Reconsideration* by USA as to Rafael Pina-Nieves (1) re 141 MOTION for Reconsideration re 134 Order on Informative Motion,, Order on Motion for Extension of Time, filed by Rafael Pina-Nieves (Montanez-Concepcion, Maria) (Entered: 12/06/2021) |
| 12/06/2021 | 145 | ORDER re 139 Motion under Rule 16 as to Rafael Pina-Nieves (1): GRANTED. **Defendant will provide the government with all Rule 16 discovery no later than December 8, 2021 at 5:00 p.m.** Signed by Judge Francisco A. Besosa on 12/06/2021. (brc) (Entered: 12/06/2021) |
| 12/06/2021 | 146 | ORDER re 140 Motion under Rule 12 as to Rafael Pina-Nieves (1): GRANTED. **Defendant will provide the government all reciprocal discovery no later than December 8, 2021 at 5:00 p.m.** Signed by Judge Francisco A. Besosa on 12/06/2021. (brc) (Entered: 12/06/2021) |
| 12/07/2021 | 147 | ORDER re 141 Motion for Reconsideration as to Rafael Pina-Nieves (1): DENIED. Signed by Judge Francisco A. Besosa on 12/07/2021. (brc) (Entered: 12/07/2021) |
| 12/07/2021 | 148 | MOTION to Restrict Document by Rafael Pina-Nieves (1). Responses due by 12/21/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rebollo-Casalduc, Francisco) (Entered: 12/07/2021) |
| 12/07/2021 | 149 | ***SELECTED PARTIES***RESPONSE in Opposition by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1) re 138 MOTION in Compliance INFORMATIVE Motion filed by USA (Rebollo-Casalduc, Francisco) (Entered: 12/07/2021) |
| 12/07/2021 | 261 | *RESTRICTED* Arrest Warrant Returned Executed on 8/14/2020 in case as to Rafael Pina-Nieves (1). (mcm) (Entered: 02/03/2022) |
| 12/08/2021 | 150 | ORDER re 148 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/08/2021. (brc) (Entered: 12/08/2021) |

| 12/08/2021 | 151 | *RESTRICTED* Subpoenas Issued as to Rafael Pina-Nieves (1). (gr) (Entered: 12/08/2021) |
|---|---|---|
| 12/09/2021 | 152 | ***SELECTED PARTIES***OPINION AND ORDER: The Motion in Compliance as to Rafael Pina-Nieves is NOTED. (Docket No. 138.) A Foster Hearing is set for December 13, 2021 at 09:00 AM in Courtroom 2 before Judge Francisco A. Besosa.Signed by Judge Francisco A. Besosa on 12/9/2021. (AA) Modified on 12/10/2021 to add text "Opinion and" (ab). (Entered: 12/09/2021) |
| 12/09/2021 | 153 | *RESTRICTED* Subpoenas Issued as to Rafael Pina-Nieves (1). (gr) (Entered: 12/09/2021) |
| 12/09/2021 | 154 | ORDER as to Rafael Pina-Nieves (1). In accordance with this District's Amended In-Person and Jury Trial Protocol During COVID-19 Pandemic, attorneys for the defendant and for the United States shall submit their vaccination status and also shall notify the Court the names and vaccination status of all other persons attending this in-person prior to the jury trial. Attorneys for the defendant, and for the United States must submit this information via survey through the following link:**https://www.surveymonkey.com/r/usdcpr-proc-attendees**. The Clerk of Court shall maintain custody of the information provided through the aforementioned survey. Parties are advised that all family members and members of the public not informed via the aforementioned survey will not be allowed into the courtroom. Signed by Judge Francisco A. Besosa on 12/9/2021.(om) (Entered: 12/09/2021) |
| 12/09/2021 | 155 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves (1). Responses due by 12/23/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/09/2021) |
| 12/09/2021 | 156 | ***SELECTED PARTIES*** MOTION in Compliance as to 152 Order on Motion in Compliance,, Order on Informative Motion, by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 12/23/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/09/2021) |
| 12/10/2021 | 157 | Second MOTION under Rule 16 *Notice of Experts* by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Curriculum Vitae) (Montanez-Concepcion, Maria) (Entered: 12/10/2021) |
| 12/10/2021 | 158 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/10/2021) |
| 12/10/2021 | 159 | ***EX-PARTE*** INFORMATIVE Motion by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Documents)(Montanez-Concepcion, Maria) (Entered: 12/10/2021) |
| 12/10/2021 | 160 | *RESTRICTED* Subpoena Issued as to Rafael Pina-Nieves (1). (ft) (Entered: 12/10/2021) |
| 12/10/2021 | 161 | ORDER re 155 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/10/2021. (brc) (Entered: 12/10/2021) |
| 12/10/2021 | 162 | ORDER re 156 Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 12/10/2021. (brc) (Entered: 12/10/2021) |

| 12/10/2021 | 163 | ORDER re 157 Motion under Rule 16 as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 12/10/2021. (brc) (Entered: 12/10/2021) |
| 12/10/2021 | 164 | ORDER re 158 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/10/2021. (brc) (Entered: 12/10/2021) |
| 12/10/2021 | 165 | ORDER re 159 Informative Motion as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 12/10/2021. (brc) (Entered: 12/10/2021) |
| 12/10/2021 | 166 | ***SELECTED PARTIES***The Foster hearing set for December 13, 2021 at 9:00 AM is VACATED. Trial is set to commence at 9:00 AM on December 13, 2012 in Courtroom 2. Signed by Judge Francisco A. Besosa on 12/10/2021.(AA) (Entered: 12/10/2021) |
| 12/10/2021 | 167 | MOTION to Restrict Document by Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rebollo-Casalduc, Francisco) (Entered: 12/10/2021) |
| 12/10/2021 | 168 | MOTION to Dismiss *Indictment for Government Misconduct* by Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rebollo-Casalduc, Francisco) Modified applicable parties as per 170 Order on 12/10/2021 (idg). Modified on 1/21/2022 as per docket 258 (ab). (Entered: 12/10/2021) |
| 12/10/2021 | 169 | MOTION Requesting Order *Requesting Access to Motion* re 168 MOTION to Dismiss *Indictment for Government Misconduct* by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/10/2021) |
| 12/10/2021 | 170 | ORDER as to Rafael Pina-Nieves (1) granting 169 Motion Requesting Order -Requesting access to motion (ECF No. 168). Access to the motion will be granted to attorneys for the United States. **The United States is granted until tomorrow, December 11, 2021 at noon to reply defendant's motion filed at ECF No. 168.** Signed by Judge Francisco A. Besosa on 12/10/2021. (om) (Entered: 12/10/2021) |
| 12/11/2021 | 171 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/11/2021) |
| 12/11/2021 | 172 | RESPONSE in Opposition *to ECF No. 168 and Notice of Intent to Use Statements by Counsel Pursuant to FRE 801(d)(2)(C) and (D)* by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1) re 168 MOTION to Dismiss *Indictment for Government Misconduct* filed by Rafael Pina-Nieves (Montanez-Concepcion, Maria) Modified on 1/21/2022 as per docket 258 (ab). (Entered: 12/11/2021) |
| 12/11/2021 | 173 | MOTION for Leave to File *Reply to Government Response to Defense Motion to Dismiss Indictment for Government Misconduct* by Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rebollo-Casalduc, Francisco) (Entered: 12/11/2021) |
| 12/11/2021 | 174 | MOTION to Restrict Document by Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rebollo-Casalduc, Francisco) (Entered: 12/11/2021) |
| 12/11/2021 | 175 | REPLY TO RESPONSE to Motion filed by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1) re 168 MOTION to Dismiss *Indictment for Government Misconduct* filed by Rafael Pina-Nieves (Rebollo-Casalduc, Francisco) Modified on 1/28/2022 as per docket 258 (ab). (Entered: 12/11/2021) |

| | | |
|---|---|---|
| 12/11/2021 | 176 | ORDER: GRANTED. The United States may file a surreply no later than Sunday, December 12, 2021 at 12:00 noon. 173 Motion for Leave to File as to Rafael Pina-Nieves (1)Signed by Judge Francisco A. Besosa on 12/11/2021. (AA) (Entered: 12/11/2021) |
| 12/11/2021 | 177 | ORDER: Granted. 174 Motion to Restrict as to Rafael Pina-Nieves (1)Signed by Judge Francisco A. Besosa on 12/11/2021. (AA) (Entered: 12/11/2021) |
| 12/12/2021 | 178 | SURREPLY TO Reply to Opposition filed by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1) (Montanez-Concepcion, Maria) Modified on 1/28/2022 as per docket 258(ab). (Entered: 12/12/2021) |
| 12/12/2021 | 179 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/12/2021) |
| 12/12/2021 | 180 | ***EX-PARTE*** MOTION Submitting *Session History Reports for Consideration With the Sur-Reply* by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Session History Reports)(Montanez-Concepcion, Maria) (Entered: 12/12/2021) |
| 12/12/2021 | 181 | MOTION to Restrict Document *RE: Motion Submitting to Defendant Redacted Documents* by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/12/2021) |
| 12/12/2021 | 182 | MOTION Submitting *to the Defense Counsels Redacted Documents Referred in Sur-Reply* by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Documents Redacted)(Montanez-Concepcion, Maria) Modified on 1/21/2022 as per docket 258 (ab). (Entered: 12/12/2021) |
| 12/12/2021 | 183 | ORDER: Noted. 182 Motion Submitting Re: 182 MOTION Submitting *to the Defense Counsels Redacted Documents Referred in Sur-Reply* filed by USA as to Rafael Pina-Nieves (1)Signed by Judge Francisco A. Besosa on 12/12/2021. (AA) (Entered: 12/12/2021) |
| 12/12/2021 | 184 | ORDER: Granted. 181 Motion to Restrict as to Rafael Pina-Nieves (1)Signed by Judge Francisco A. Besosa on 12/12/2021. (AA) (Entered: 12/12/2021) |
| 12/12/2021 | 185 | ORDER: Granted. 179 Motion to Restrict as to Rafael Pina-Nieves (1)Signed by Judge Francisco A. Besosa on 12/12/2021. (AA) (Entered: 12/12/2021) |
| 12/12/2021 | 186 | Proposed Jury Instructions by USA as to Rafael Pina-Nieves (1) (Montanez-Concepcion, Maria) (Entered: 12/12/2021) |
| 12/12/2021 | 187 | OPINION AND ORDER: Defendant Rafael Pina-Nieves' motions to dismiss and suppress are DENIED. (Docket No. 168.) The United States' motion to admit statements as admissions by a party opponent is GRANTED. (Docket No. 172.) Trial is set commence on December 13, 2021 at 9:00 AM before the undersigned in Courtroom 2. 168 Motion to Dismiss as to Rafael Pina-Nieves (1).Signed by Judge Francisco A. Besosa on 12/12/2021. (AA) Modified on 12/13/2021 to add docket text "Opinion and" (ab). Modified on 1/21/2022 as per docket 258 (ab). (Entered: 12/12/2021) |
| 12/12/2021 | 188 | Proposed Voir Dire by USA as to Rafael Pina-Nieves (1) (Montanez-Concepcion, Maria) (Entered: 12/12/2021) |
| 12/12/2021 | 189 | Second MOTION under Rule 12 *Designation of Evidence* by USA as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional |

| | | three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/12/2021) |
|---|---|---|
| 12/13/2021 | 190 | ***SELECTED PARTIES*** MOTION Requesting Order *on Government's Subpoena* by USA, Carlos Calderon-Garnier as to Rafael Pina-Nieves (1). Responses due by 12/27/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Subpoena to Testify)(Calderon-Garnier, Carlos) (Entered: 12/13/2021) |
| 12/13/2021 | 191 | *RESTRICTED* Jury List as to Rafael Pina-Nieves (1) (om) (Entered: 12/13/2021) |
| 12/13/2021 | 192 | Minute Entry for proceedings held before Judge Francisco A. Besosa: First day of Jury Trial as to Rafael Pina-Nieves (1) held on 12/13/2021. Witness; Todd Gaines. Evidence Admitted. 1 to 70. 16a, 18a, 18b, 19a, 20a, 21a, 21b, 115, 115a, 33a, 116, 24a, 24b, 119, 120, 49a and 121. **Further jury trial set for December 14, 2021 at 9:00 a.m.** (Court Reporter Amy Walker (AM), Cindy Lee Brown (PM).)Hearing set for 09:00.Hearing held at 09:30.Hearing ended at 05:00.Interpreter Sonia Crescioni, and Iris Ramirez. (om) (Main Document 192 replaced on 12/14/2021 to add note on page 2) (ab). (Entered: 12/13/2021) |
| 12/13/2021 | 193 | ORDER re 167 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/13/2021. (brc) (Entered: 12/13/2021) |
| 12/13/2021 | 194 | ORDER re 171 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/13/2021. (brc) (Entered: 12/13/2021) |
| 12/13/2021 | 195 | ORDER re 189 Motion under Rule 12 as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 12/13/2021. (brc) (Entered: 12/13/2021) |
| 12/14/2021 | 196 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Jury Trial as to Rafael Pina-Nieves (1) held on 12/14/2021. Testimony presented by Todd Gaines, and Stacey Furman. Evidence Admitted. Government's 122, 123, 124, 125, 126, 127, 128, 129, 130, 42a, 42b, 131, 132, 133, 134,135, 60a, 60b, 110, 136, 131a, 112, 110a, 112a, 111, and 111a.**Further jury trial set for December 15, 2021 at 9:00 a.m. in courtroom no. 2.** (Court Reporter Lisa O'Brien.)Hearing set for 09:00.Hearing held at 09:18.Hearing ended at 04:43.Interpreter Sonia Crescioni and Iris Ramirez. (om) (Entered: 12/14/2021) |
| 12/14/2021 | 197 | ***SELECTED PARTIES*** Jury Notes (Administrative requests) (om) (Entered: 12/14/2021) |
| 12/14/2021 | 198 | MOTION Requesting Transcripts by Rafael Pina-Nieves (1). Responses due by 12/28/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit 1)(Micheo-Marcial, Javier) (Entered: 12/14/2021) |
| 12/15/2021 | 199 | *RESTRICTED* Subpoena Issued as to Rafael Pina-Nieves (1). (gr) (Entered: 12/15/2021) |
| 12/15/2021 | 200 | TRANSCRIPT REQUEST by USA as to Rafael Pina-Nieves (1) for proceedings held on December 14, 2021 before Judge Francisco A. Besosa. (Montanez-Concepcion, Maria) (Entered: 12/15/2021) |
| 12/15/2021 | 201 | STIPULATION signed by the United States, attorneys for the defendant and the defendant as to Rafael Pina-Nieves (1) (om) (Entered: 12/15/2021) |
| 12/15/2021 | 202 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Third day of Jury Trial as to Rafael Pina-Nieves (1) held on 12/15/2021. Witnesses; Rey De Leon, Mayte Olivero, Ricardo Tricoche, Francisco Martinez, and Bryce Ziegler. Evidence Admitted. Governments' Exhibits 88b, 88c, 71, 71a, 72, 72a, 73, 73a, 106, 106a, 89, 89a, 90, 90a, |

| | | |
|---|---|---|
| | | 91, 91a, 92, 92a, and 88a. Defendant's Exhibit A. (Court Reporter Rachelle Robinson-Ware.)Hearing set for 09:00.Hearing held at 09:23.Hearing ended at 03:48.Interpreter Sonia Crescioni and Iris Ramirez. (om) (Entered: 12/15/2021) |
| 12/15/2021 | 203 | ORDER re 198 Motion Requesting Transcript as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/15/2021. (brc) (Entered: 12/15/2021) |
| 12/15/2021 | 204 | MOTION to Restrict Document by Rafael Pina-Nieves (1). Responses due by 12/29/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rebollo-Casalduc, Francisco) (Entered: 12/15/2021) |
| 12/15/2021 | 205 | MOTION in Limine *to Exclude Intercepted Call* by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 12/29/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rebollo-Casalduc, Francisco) Modified on 1/21/2022 as per docket 258(ab). (Entered: 12/15/2021) |
| 12/16/2021 | 206 | *RESTRICTED* Subpoena Issued as to Rafael Pina-Nieves (1). (gr) (Entered: 12/16/2021) |
| 12/16/2021 | 207 | ORDER re 200 Transcript Request as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/16/2021. (brc) (Entered: 12/16/2021) |
| 12/16/2021 | 208 | ORDER re 204 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/16/2021. (brc) (Entered: 12/16/2021) |
| 12/16/2021 | 237 | Minute Entry for proceedings held before Judge Francisco A. Besosa: 4th day of Jury Trial as to Rafael Pina-Nieves (1) held on 12/16/2021. The following sworn testimony presented on behalf of the United States. 1.Julio Melendez. 2.Ricardo Leal. 3.Jaamal King. 4.Melissa Duttenhoeffer. 5.Carlos Pea-Garcia. 6.Hector A. Garcia. Evidence Admitted. Governments Exhibits 137, 138, 139, 140, 98, 98a, 99, 97, 97a, 141, 95, 95a, and 96. **Further jury trial set for December 20, 2021 at 9:00 a.m.** (Court Reporter Amy Walker.)Hearing set for 09:00.Hearing held at 09:20.Hearing ended at 04:48.Interpreter Sonia Crescioni, and Iris Ramirez. (om) (Entered: 12/20/2021) |
| 12/17/2021 | 209 | Proposed Jury Instructions by Rafael Pina-Nieves (1) (Attachments: # 1 Exhibit 1) (Micheo-Marcial, Javier) (Entered: 12/17/2021) |
| 12/17/2021 | 210 | ORDER re 136 Motion Under Rule 16 as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 12/17/2021. (brc) (Entered: 12/17/2021) |
| 12/17/2021 | 211 | ORDER re 180 Motion Submitting as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 12/17/2021. (brc) (Entered: 12/17/2021) |
| 12/17/2021 | 212 | ORDER re 190 Motion Requesting Order as to Rafael Pina-Nieves (1). The ruling made in open court is that CPA Pena's motion was DENIED. Signed by Judge Francisco A. Besosa on 12/17/2021. (brc) (Entered: 12/17/2021) |
| 12/17/2021 | 213 | ORDER re 209 Proposed Jury Instructions as to Rafael Pina-Nieves (1): NOTED. Signed by Judge Francisco A. Besosa on 12/17/2021. (brc) (Entered: 12/17/2021) |
| 12/17/2021 | 214 | MOTION for Extension of Time until 5:00pm today to file Response in Opposition by USA as to Rafael Pina-Nieves (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/17/2021) |
| 12/17/2021 | 215 | ORDER re 214 Motion for Extension of Time as to Rafael Pina-Nieves (1): GRANTED. **Defendant may file a reply no later than 9:00 a.m. on Saturday, December 18, 2021.** No additional extensions will be allowed. Signed by Judge Francisco A. Besosa on 12/17/2021. (brc) (Entered: 12/17/2021) |

| 12/17/2021 | 216 | RESPONSE in Opposition *to Defendant's Motion In Limine at ECF No. 205* by USA as to Rafael Pina-Nieves (1) (Montanez-Concepcion, Maria) Modified on 12/17/2021 as per docket 219 order (ab). Modified on 1/21/2022 as per docket 258(ab). (Entered: 12/17/2021) |
|---|---|---|
| 12/17/2021 | 217 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/17/2021) |
| 12/17/2021 | 218 | MOTION Requesting Access to the Government's Response in Opposition to Mr. Pina-Nieves' Motion in Limine, MOTION for Extension of Time to File Response/Reply by Rafael Pina-Nieves (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 12/17/2021) |
| 12/17/2021 | 219 | ORDER: The Clerk will grant access to the defense of the Government's response. The request to extend the time to file the defendant's reply until 5:00 PM on December 18, 2021 is DENIED. See 218 Motion as to Rafael Pina-Nieves (1); denying 218 Motion for Extension of Time to File Response/Reply as to Rafael Pina-Nieves (1)Signed by Judge Francisco A. Besosa on 12/17/2021. (AA) (Entered: 12/17/2021) |
| 12/17/2021 | 220 | Proposed Jury Instructions by USA as to Rafael Pina-Nieves (1) (Montanez-Concepcion, Maria) (Entered: 12/17/2021) |
| 12/17/2021 | 221 | Third MOTION under Rule 12 by USA as to Rafael Pina-Nieves (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 12/17/2021) |
| 12/17/2021 | 222 | INFORMATIVE Motion by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Documents and Translations) (Ruiz-Santiago, Jose) Modified on 1/21/2022 as per docket 258(ab). (Entered: 12/17/2021) |
| 12/17/2021 | 223 | MOTION to Restrict Document *222* by USA as to Rafael Pina-Nieves (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Ruiz-Santiago, Jose) (Entered: 12/17/2021) |
| 12/17/2021 | 224 | Proposed Jury Instructions by USA as to Rafael Pina-Nieves (1) (Ruiz-Santiago, Jose) (Entered: 12/17/2021) |
| 12/18/2021 | 225 | REPLY TO RESPONSE to Motion by Rafael Pina-Nieves (1) re 205 MOTION in Limine *to Exclude Intercepted Call* filed by Rafael Pina-Nieves (Micheo-Marcial, Javier) Modified on 1/21/2022 as per docket 258 (ab). (Entered: 12/18/2021) |
| 12/18/2021 | 226 | MOTION Requesting Order by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) Modified on 1/21/2022 as per docket 258(ab). (Entered: 12/18/2021) |
| 12/18/2021 | 227 | MOTION to Restrict Document *Docket Numbers 225 and 226* by Rafael Pina-Nieves (1). Responses due by 1/3/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 12/18/2021) |
| 12/18/2021 | 228 | ORDER: 217 Motion to Restrict as to Rafael Pina-Nieves (1) is GRANTED.Signed by Judge Francisco A. Besosa on 12/18/2021. (AA) (Entered: 12/18/2021) |

| 12/18/2021 | 229 | ORDER: [223] Motion to Restrict as to Rafael Pina-Nieves (1) is GRANTED.Signed by Judge Francisco A. Besosa on 12/18/2021. (AA) (Entered: 12/18/2021) |
|---|---|---|
| 12/18/2021 | 230 | ORDER: [227] Motion to Restrict as to Rafael Pina-Nieves (1) is GRANTED.Signed by Judge Francisco A. Besosa on 12/18/2021. (AA) (Entered: 12/18/2021) |
| 12/18/2021 | 231 | ORDER: [221] Motion under Rule 12 as to Rafael Pina-Nieves (1) is NOTED.Signed by Judge Francisco A. Besosa on 12/18/2021. (AA) (Entered: 12/18/2021) |
| 12/18/2021 | 232 | ORDER: [222] Informative Motion as to Rafael Pina-Nieves (1) is NOTED.Signed by Judge Francisco A. Besosa on 12/18/2021. (AA) (Entered: 12/18/2021) |
| 12/18/2021 | 233 | ORDER: [220] Proposed Jury Instructions filed by USA are NOTED. Signed by Judge Francisco A. Besosa on 12/18/2021.(AA) (Entered: 12/18/2021) |
| 12/18/2021 | [234] | OPINION AND ORDER: The defendant's motion in limine is DENIED. (Docket No. 205.)Signed by Judge Francisco A. Besosa on 12/18/2021. (AA) Modified on 12/20/2021 to add text: "Opinion and" (ab). Modified on 1/21/2022 as per docket 258(ab). (Entered: 12/18/2021) |
| 12/18/2021 | [235] | Transcript of Jury Trial - Day 1 - EXCERPT, Testimony of Todd Alexander Gaines, as to Rafael Pina-Nieves (1) held on 12/13/2021, before Judge Francisco A. Besosa. Court Reporter Cindy Lee Brown, Telephone number (787) 772-3478. <span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at www.prd.uscourts.gov.</span> Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/18/2022. (clb) Modified on 1/21/2022 as per docket 258(ab). (Entered: 12/18/2021) |
| 12/19/2021 | [236] | Transcript of an excerpt of Jury Trial as to Rafael Pina-Nieves (1) held on 12/14/2021, before Judge Francisco A. Besosa. Court Reporter/Transcriber Lisa O'Brien, Telephone number 708-284-0021. <span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov.</span> Redaction Request due 1/10/2022. Redacted Transcript Deadline set for 1/19/2022. Release of Transcript Restriction set for 3/21/2022. (lo) (Entered: 12/19/2021) |
| 12/20/2021 | [238] | *RESTRICTED* Subpoena Issued. (gr) (Entered: 12/20/2021) |
| 12/20/2021 | [242] | Minute Entry for proceedings held before Judge Francisco A. Besosa:Fifth day of Jury Trial as to Rafael Pina-Nieves (1) held on 12/20/2021. Testimony by 1. Tania Perez-Gutierrez. 2.Edwin Hernandez. 3.Sterling Juarez. 4.William Lugo-Rodriguez. 5.Jose Rosario. Evidence Admitted. Governments' Exhibits 74, 74a, 75, 75a, 76, 76a, 77, 77a, 78, 78a, 79, 79a, 80, 80a, 81, 81a, 82, 82a, 83, 83a, 84, 84a, 85, 85a, 86a, 104, 105, 142, 143, 143a, 144, 145, 146, 147, 147a, 148, 149, 149a, 150, 151, and 151a. Defendants Exhibit B. (Court Reporter Amy Walker.)Hearing set for 09:00.Hearing held at 09:23.Hearing ended at 05:18.Interpreter Sonia Crescioni, and Iris Ramirez. (om) (Entered: 12/22/2021) |
| 12/20/2021 | [245] | ***SELECTED PARTIES***Jury Notes (Administrative request) as to Rafael Pina-Nieves (1). (om) (Entered: 12/23/2021) |
| 12/21/2021 | [239] | *RESTRICTED* Subpoenas Issued. (gr) (Entered: 12/21/2021) |
| 12/21/2021 | [240] | MOTION in Limine by Rafael Pina-Nieves (1). Responses due by 1/4/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 12/21/2021) |

| | | |
|---|---|---|
| 12/21/2021 | 243 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Sixth day of Jury Trial as to Rafael Pina-Nieves (1) held on 12/21/2021. Testimony by Jose Rosario. 2. Jordan Millman, and Sandra Rodriguez. Evidence Admitted. Governments' Exhibits 152, 152a, 153, 154, 155, 155a, 156, 156a, 157, 157a,158, 158a, 159, and 159a. Defendant's Exhibits D, D-1, G, G-1, H, H-1, I, I-1, J, J-1, K, L, M,N, N-1, and O. (Court Reporter Rachelle Robinson-Ware.)Hearing set for 09:00.Hearing held at 09:23.Hearing ended at 04:04.Interpreter Sonia Crescioni, and Leilanie Solis. (om) (Entered: 12/22/2021) |
| 12/21/2021 | 248 | Minute Entry for proceedings held before Judge Francisco A. Besosa:In Chambers Charge Conference as to Rafael Pina-Nieves (1) held on 12/21/2021. Present AUSA Maria Montanez, AUSA Jose A. Ruiz, Maria Dominguez, Esq, and Javier Micheo-Marcial, Esq. Hearing set for 04:30.Hearing held at 04:30.Hearing ended at 05:00. (om) (Entered: 12/23/2021) |
| 12/22/2021 | 241 | Transcript of an Excerpt of Jury Trial, Testimony of Stacy Furman, as to Rafael Pina-Nieves (1) held on 12/14/2021, before Judge Francisco A. Besosa. Court Reporter/Transcriber Lisa O'Brien, Telephone number 708-284-0021. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at www.prd.uscourts.gov. Redaction Request due 1/12/2022. Redacted Transcript Deadline set for 1/24/2022. Release of Transcript Restriction set for 3/22/2022. (lo) Modified on 12/23/2021 to remove duplicated wording (mg). Modified on 1/21/2022 as per docket 258 (ab). (Entered: 12/22/2021) |
| 12/22/2021 | 244 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Seventh day of Jury Trial as to Rafael Pina-Nieves (1) held on 12/22/2021. Jury Instructions and Deliberations. Defendant found guilty as to counts 1, and 2. The defendant will remain under bail conditions, under Home Detention and EMD. **Sentencing Hearing set for 4/1/2022 09:00 AM in Courtroom 2 before Judge Francisco A. Besosa.** (Court Reporter Amy Walker (AM), Robin Dispenzieri (PM).)Hearing set for 09:00.Hearing held at 09:16.Hearing ended at 05:00.Interpreter Sonia Crescioni, and Iris Ramirez. (om) (Entered: 12/22/2021) |
| 12/22/2021 | 246 | JURY VERDICT as to Rafael Pina-Nieves (1) Guilty on Counts 1, and 2. (om) (Additional attachment(s) added on 12/23/2021: # 1 NPV Verdict Form) (mcm). (Entered: 12/23/2021) |
| 12/22/2021 | 247 | Jury Note # 1 as to Rafael Pina-Nieves (1). (om) (Additional attachment(s) added on 12/23/2021: # 1 NPV Jury Note #1) (mcm). (Entered: 12/23/2021) |
| 12/22/2021 | 250 | Final Jury Instructions as to Rafael Pina-Nieves (1). (om) (Entered: 12/23/2021) |
| 12/23/2021 | 249 | MOTION Requesting Order *Compelling the Government to File the Power Point Presentation Used During its Closing Argument* by Rafael Pina-Nieves (1). Responses due by 1/10/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 12/23/2021) |
| 12/24/2021 | 251 | RESPONSE to Motion filed by USA as to Rafael Pina-Nieves (1) re 249 MOTION Requesting Order *Compelling the Government to File the Power Point Presentation Used During its Closing Argument* filed by Rafael Pina-Nieves (Attachments: # 1 Appendix PowerPoint presentation (pdf))(Ruiz-Santiago, Jose) (Entered: 12/24/2021) |
| 01/02/2022 | 252 | ORDER re 249 Motion Requesting Order as to Rafael Pina-Nieves (1): MOOT. The government has filed the power point presentation requested. See Docket No. 251. Signed by Judge Francisco A. Besosa on 01/02/2022. (brc) (Entered: 01/02/2022) |
| 01/04/2022 | 253 | **CASE PARTICIPANTS**ORDER as to Rafael Pina-Nieves (1). Signed by Judge |

| | | |
|---|---|---|
| | | Francisco A. Besosa on 01/04/2022. (brc) (Entered: 01/04/2022) |
| 01/09/2022 | 254 | MOTION Requesting Transcripts by Rafael Pina-Nieves (1). Responses due by 1/24/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit 1)(Micheo-Marcial, Javier) (Entered: 01/09/2022) |
| 01/10/2022 | 255 | ORDER re 254 Motion Requesting Transcript as to Rafael Pina-Nieves (1): GRANTED, upon payment of the reporter's fees. Signed by Judge Francisco A. Besosa on 01/10/2022. (brc) (Entered: 01/10/2022) |
| 01/18/2022 | 256 | MOTION in Compliance *with Order* by USA as to Rafael Pina-Nieves (1). Responses due by 2/1/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 01/18/2022) |
| 01/19/2022 | 257 | MOTION in Compliance by Rafael Pina-Nieves (1). Responses due by 2/2/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 01/19/2022) |
| 01/20/2022 | 258 | ORDER re 256 Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. The Clerk will remove the restrictions on docket entries 65, 117, 168, 172, 175, 178, 182, 187, 205, 216, 222, 225, 226, 234, 235 and 241. Signed by Senior Judge Francisco A. Besosa on 01/20/2022. (brc) (Entered: 01/20/2022) |
| 01/20/2022 | 259 | ORDER re 257 Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. The request to maintain the restriction on docket numbers 65, 117, 168, 172, 175, 178, 182 and 187 is DENIED. See Order at Docket No. 258. Signed by Senior Judge Francisco A. Besosa on 01/20/2022. (brc) (Entered: 01/20/2022) |
| 01/22/2022 | 260 | ***SELECTED PARTIES***Transcript of Excerpt Jury trial Proceedings (Jury Verdict) as to Rafael Pina-Nieves (1) held on 12.22.2021, before Judge Besosa. Court Reporter is Robin Dispenzieri, Email: rdispenzieri@gmail.com. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 2/14/2022. Redacted Transcript Deadline set for 2/22/2022. (rmd) Modified on 1/24/2022 to remove release date. (be). (Entered: 01/22/2022) |
| 02/05/2022 | 262 | ***SELECTED PARTIES***Transcript of Proceedings as to Rafael Pina-Nieves (1) held on December 15, 2021 - Trial Day 3, before Judge Francisco A. Besosa. Court Reporter/Transcriber Rachelle Robinson-Ware, Telephone number 778-772-3476. Tape Number: NA. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 2/28/2022. Redacted Transcript Deadline set for 3/8/2022. (rms) (Entered: 02/05/2022) |
| 02/05/2022 | 263 | ***SELECTED PARTIES***Transcript of Proceedings as to Rafael Pina-Nieves (1) held on December 21, 2021 - Trial Day 6, before Judge Francisco Besosa. Court Reporter/Transcriber Rachelle Robinson-Ware, Telephone number 778-772-3476. Tape Number: NA. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 2/28/2022. Redacted Transcript Deadline set for 3/8/2022. (rms) (Entered: 02/05/2022) |
| 02/11/2022 | 264 | ***SEALED***Transcript of Jury Voir Dire as to Rafael Pina-Nieves (1) held on December 13, 2021, before Honorable United States District Court Judge Francisco A. |

| | | |
|---|---|---|
| | | Besosa. Court Reporter/Transcriber Amy Walker, Telephone number prcsr123@gmail.com. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 3/4/2022. Redacted Transcript Deadline set for 3/14/2022. (aw) (Entered: 02/11/2022) |
| 02/11/2022 | 265 | ***SELECTED PARTIES***Transcript of Jury Trial as to Rafael Pina-Nieves (1) held on December 16, 2021, before Honorable United States District Court Judge Francisco A. Besosa. Court Reporter/Transcriber Amy Walker, Telephone number prcsr123@gmail.com. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 3/4/2022. Redacted Transcript Deadline set for 3/14/2022. (aw) (Entered: 02/11/2022) |
| 02/11/2022 | 266 | ***SELECTED PARTIES***Transcript of Jury Trial as to Rafael Pina-Nieves (1) held on December 20, 2021, before Honorable United States District Court Judge Francisco A. Besosa. Court Reporter/Transcriber Amy Walker, Telephone number prcsr123@gmail.com. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 3/4/2022. Redacted Transcript Deadline set for 3/14/2022. (aw) (Entered: 02/11/2022) |
| 02/11/2022 | 267 | ***SELECTED PARTIES***Transcript of Jury Trial - Morning Session as to Rafael Pina-Nieves (1) held on December 22, 2021, before Honorable United States District Court Judge Francisco A. Besosa. Court Reporter/Transcriber Amy Walker, Telephone number prcsr123@gmail.com. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 3/4/2022. Redacted Transcript Deadline set for 3/14/2022. (aw) (Entered: 02/11/2022) |
| 02/25/2022 | 268 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR as to Rafael Pina-Nieves (1). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Rafael Pina-Nieves. (Aponte, Malissa) (Entered: 02/25/2022) |
| 03/07/2022 | 269 | ***SELECTED PARTIES***Transcript of Jury Trial - P.M. Excerpt #2, as to Rafael Pina-Nieves (1) held on 12/13/2021, before Judge Francisco A. Besosa. Court Reporter Cindy Lee Brown, Telephone number (787) 772-3478. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at The policy is located at www.prd.uscourts.gov. Redaction Request due 3/28/2022. Redacted Transcript Deadline set for 4/7/2022. Release of Transcript Restriction set for 6/6/2022. (clb) (Entered: 03/07/2022) |
| 03/14/2022 | 270 | MOTION for Leave to File Excess Pages by Rafael Pina-Nieves (1). Responses due by 3/28/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 03/14/2022) |
| 03/14/2022 | 271 | MOTION for Bond *Pending Appeal* by Rafael Pina-Nieves (1). Responses due by 3/28/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to |

| | | service done electronically. (Micheo-Marcial, Javier) (Entered: 03/14/2022) |
|---|---|---|
| 03/15/2022 | 272 | ORDER re 271 Motion for Bond as to Rafael Pina-Nieves (1). **The government will respond to this motion no later than March 28, 2022.** Signed by Senior Judge Francisco A. Besosa on 03/15/2022. (brc) (Entered: 03/15/2022) |
| 03/15/2022 | 273 | ORDER re 270 Motion for Leave to File Excess Pages as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 03/15/2022. (brc) (Entered: 03/15/2022) |
| 03/17/2022 | 274 | Government's and Defendant's EXHIBIT LIST in the jury trial in this case held from case December 13 to December 22, 2021. (om) (Entered: 03/17/2022) |
| 03/18/2022 | 275 | ORDER as to Rafael Pina-Nieves (1): **Sentencing Hearing reset for April 7, 2022 at 1:30 PM in Old San Juan Courthouse.** Signed by Senior Judge Francisco A. Besosa on 3/18/2022.(om) (Entered: 03/18/2022) |
| 03/24/2022 | 276 | TRANSCRIPT REQUEST by USA as to Rafael Pina-Nieves (1) for proceedings held on 12/13/2021; 12/20/2021; 12/22/2021 before Judge Honorable Franscisco A. Besosa. (Montanez-Concepcion, Maria) (Entered: 03/24/2022) |
| 03/24/2022 | 277 | TRANSCRIPT REQUEST by USA as to Rafael Pina-Nieves (1) for proceedings held on 12/22/2021 before Judge Honorable Franscisco A. Besosa. (Montanez-Concepcion, Maria) (Entered: 03/24/2022) |
| 03/24/2022 | 278 | TRANSCRIPT REQUEST by USA as to Rafael Pina-Nieves (1) for proceedings held on 12/13/2021 before Judge Honorable Franscisco A. Besosa. (Montanez-Concepcion, Maria) (Entered: 03/24/2022) |
| 03/24/2022 | 279 | TRANSCRIPT REQUEST by USA as to Rafael Pina-Nieves (1) for proceedings held on 12/15/2021; 12/21/2021 before Judge Honorable Franscisco A. Besosa. (Montanez-Concepcion, Maria) (Entered: 03/24/2022) |
| 03/25/2022 | 280 | ORDER re 276 Transcript Request as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 03/25/2022. (brc) (Entered: 03/25/2022) |
| 03/25/2022 | 281 | ORDER re 277 Transcript Request as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 03/25/2022. (brc) (Entered: 03/25/2022) |
| 03/25/2022 | 282 | ORDER re 278 Transcript Request as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 03/25/2022. (brc) (Entered: 03/25/2022) |
| 03/25/2022 | 283 | ORDER re 279 Transcript Request as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 03/25/2022. (brc) (Entered: 03/25/2022) |
| 03/25/2022 | 284 | ORDER as to Rafael Pina-Nieves (1). **Sentencing Hearing reset for 4/18/2022 at 1:30 PM in Old San Juan Courthouse.** Signed by Senior Judge Francisco A. Besosa on 3/25/2022.(om) (Entered: 03/25/2022) |
| 03/28/2022 | 285 | RESPONSE in Opposition *to Defendant's Motion for Bond Pending Appeal* by USA as to Rafael Pina-Nieves (1) re 271 MOTION for Bond *Pending Appeal* filed by Rafael Pina-Nieves (Montanez-Concepcion, Maria) (Entered: 03/28/2022) |
| 03/29/2022 | 286 | NOTICE *OF 18 U.S.C. § 3553(a) SENTENCING FACTOR: 2019 ANNUAL REPORT OF MR. SOLDOUT, INC.* by Rafael Pina-Nieves (1) (Attachments: # 1 Appendix)(Ruiz-Santiago, Jose) (Entered: 03/29/2022) |
| 03/30/2022 | 287 | RESPONSE in Opposition *to Government's Notice of Sentencing Factor* by Rafael Pina-Nieves (1) re 286 Notice (Other) filed by USA (Attachments: # 1 Exhibit Statement Under Penalty of Perjury)(Dominguez-Victoriano, Maria) (Entered: 03/30/2022) |

| | | |
|---|---|---|
| 03/30/2022 | 288 | MOTION to Restrict Document *and File Exhibits as Selected Parties' Documents* by Rafael Pina-Nieves (1). Responses due by 4/13/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 03/30/2022) |
| 03/30/2022 | 289 | ***SELECTED PARTIES*** MOTION Submitting *Exhibits 1 - 14 to D.E. 287* by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 4/13/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Exhibits to Response)(Dominguez-Victoriano, Maria) (Entered: 03/30/2022) |
| 03/31/2022 | 290 | ORDER re 288 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 03/31/2022. (brc) (Entered: 03/31/2022) |
| 03/31/2022 | 291 | ORDER re 289 Motion Submitting as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 03/31/2022. (brc) (Entered: 03/31/2022) |
| 03/31/2022 | 292 | NOTICE *OF 18 U.S.C. § 3553(a) SENTENCING FACTOR: 2020 INCOME REPORTED TO HACIENDA AND MOTION TO RESTRICT* by Rafael Pina-Nieves (1) (Ruiz-Santiago, Jose) (Entered: 03/31/2022) |
| 03/31/2022 | 293 | ***SELECTED PARTIES*** Supplemental Motion re: 292 Notice (Other) filed by USA by USA, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 4/18/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Appendix, # 2 Appendix)(Ruiz-Santiago, Jose) (Entered: 03/31/2022) |
| 04/01/2022 | 294 | ORDER re 292 Notice (Other) as to Rafael Pina-Nieves (1): NOTED and GRANTED. The government may file the supplement restricted to the parties and the probation officer. The government may also reply to defendant's objection to the motion previously filed by the government. Signed by Senior Judge Francisco A. Besosa on 04/01/2022. (brc) (Entered: 04/01/2022) |
| 04/01/2022 | 295 | ***SELECTED PARTIES*** NOTICE of Disclosure of Amended PSR as to Rafael Pina-Nieves (1). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the amended presentence report for the defendant of record. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Rafael Pina-Nieves (Aponte, Malissa) (Entered: 04/01/2022) |
| 04/01/2022 | 296 | ORDER re 286 Notice (Other) as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 04/01/2022. (brc) (Entered: 04/01/2022) |
| 04/01/2022 | 297 | *RESTRICTED* Subpoena Issued. (gr) (Entered: 04/01/2022) |
| 04/01/2022 | 298 | RESPONSE in Opposition *to Government's Supplement to Notice* by Rafael Pina-Nieves (1) re 292 Notice (Other) filed by USA (Dominguez-Victoriano, Maria) (Entered: 04/01/2022) |
| 04/01/2022 | 299 | ***SELECTED PARTIES*** MOTION Submitting *Defendant's 2019 PR Tax Return* by Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 4/18/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Pina 2019 Tax Return)(Dominguez-Victoriano, Maria) (Entered: 04/01/2022) |
| 04/01/2022 | 300 | MOTION to Restrict Document by Rafael Pina-Nieves (1). Responses due by 4/18/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 04/01/2022) |

| 04/04/2022 | 301 | NOTICE OF ATTORNEY APPEARANCE: Gregory Bennet Conner appearing for USA. (Conner, Gregory) (Entered: 04/04/2022) |
|---|---|---|
| 04/04/2022 | 302 | ORDER re 300 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 04/04/2022. (brc) (Entered: 04/04/2022) |
| 04/04/2022 | 303 | ORDER re 299 Motion Submitting as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 04/04/2022. (brc) (Entered: 04/04/2022) |
| 04/07/2022 | 304 | ORDER re 287 Response in Opposition as to Rafael Pina-Nieves (1). **The government may reply to this response no later than April 18, 2022.** Signed by Senior Judge Francisco A. Besosa on 04/07/2022. (brc) (Entered: 04/07/2022) |
| 04/07/2022 | 305 | ORDER re 298 Response in Opposition as to Rafael Pina-Nieves (1). **The government may reply to this response no later than April 18, 2022.** Signed by Senior Judge Francisco A. Besosa on 04/07/2022. (brc) (Entered: 04/07/2022) |
| 04/12/2022 | 306 | MOTION for Leave to File Excess Pages by USA as to Rafael Pina-Nieves (1). Responses due by 4/26/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Conner, Gregory) (Entered: 04/12/2022) |
| 04/12/2022 | 307 | SENTENCING MEMORANDUM by USA as to Rafael Pina-Nieves (1) (Conner, Gregory) (Entered: 04/12/2022) |
| 04/13/2022 | 308 | ORDER as to Rafael Pina-Nieves (1): **Sentencing Hearing reset for 5/16/2022 at 1:30 PM in Old San Juan Courthouse.** Signed by Senior Judge Francisco A. Besosa on 4/13/2022.(om) (Entered: 04/13/2022) |
| 04/17/2022 | 309 | ORDER re 306 Motion for Leave to File Excess Pages as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 04/17/2022. (brc) (Entered: 04/17/2022) |
| 04/20/2022 | 310 | MOTION to Continue by Rafael Pina-Nieves (1). Responses due by 5/4/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 04/20/2022) |
| 04/20/2022 | 311 | ORDER granting 310 Motion to Continue as to Rafael Pina-Nieves (1). **Sentencing Hearing reset for 5/20/2022 at 1:30 PM in Old San Juan Courthouse.** Signed by Senior Judge Francisco A. Besosa on 4/20/2022. (om) (Entered: 04/20/2022) |
| 05/06/2022 | 312 | ORDER as to Rafael Pina-Nieves (1): **Sentencing Hearing reset for 5/24/2022 09:00 AM in Old San Juan Courtroom before Senior Judge Francisco A. Besosa.** Signed by Senior Judge Francisco A. Besosa on 5/6/2022.(om) (Entered: 05/06/2022) |
| 05/09/2022 | 313 | MOTION to Modify Conditions of Bail Release *(Temporarily)* by Rafael Pina-Nieves (1). Responses due by 5/23/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 05/09/2022) |
| 05/09/2022 | 314 | ORDER re 313 Motion to Modify Conditions of Bail Release as to Rafael Pina-Nieves (1): DENIED without prejudice as premature. Once the Court and the probation officer are informed of the place of the birthday celebration and the times defendant Pina will be outside his residence, the motion may be refiled. Signed by Senior Judge Francisco A. Besosa on 05/09/2022. (brc) (Entered: 05/09/2022) |
| 05/10/2022 | 315 | MOTION to Restrict Document by Rafael Pina-Nieves (1). Responses due by 5/24/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 05/10/2022) |
| 05/10/2022 | 316 | **CASE PARTICIPANTS**Amended MOTION to Modify Conditions of Bail Release by Rafael Pina-Nieves (1). Responses due by 5/24/2022. NOTE: Pursuant to FRCP 6(a) |

029

| | | |
|---|---|---|
| | | an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 05/10/2022) |
| 05/11/2022 | 317 | ORDER re 315 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 05/11/2022. (brc) (Entered: 05/11/2022) |
| 05/11/2022 | 318 | ORDER re 316 Motion to Modify Conditions of Bail Release as to Rafael Pina-Nieves (1). **The government and the probation officer will respond to this motion no later than May 13, 2022.** Signed by Senior Judge Francisco A. Besosa on 05/11/2022. (brc) (Entered: 05/11/2022) |
| 05/12/2022 | 319 | MOTION in Compliance with Court Order in Docket No. 318 by US Probation Office as to Rafael Pina-Nieves (1). Responses due by 5/26/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Feliciano, Yaritza) (Entered: 05/12/2022) |
| 05/13/2022 | 320 | Informative Motion to Correct Inadvertent Typographical Error by US Probation Office as to Rafael Pina-Nieves (1). Responses due by 5/27/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Feliciano, Yaritza) (Entered: 05/13/2022) |
| 05/13/2022 | 321 | ORDER re 319 Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 05/13/2022. (brc) (Entered: 05/13/2022) |
| 05/13/2022 | 322 | ORDER re 320 Informative Motion as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 05/13/2022. (brc) (Entered: 05/13/2022) |
| 05/13/2022 | 323 | MOTION to Restrict Document by USA as to Rafael Pina-Nieves (1). Responses due by 5/27/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 05/13/2022) |
| 05/13/2022 | 324 | ***SELECTED PARTIES*** MOTION in Compliance by USA, US Probation Office, Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1). Responses due by 5/27/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 05/13/2022) |
| 05/16/2022 | 325 | ORDER re 323 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 05/16/2022. (brc) (Entered: 05/16/2022) |
| 05/16/2022 | 326 | ORDER re 324 Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 05/16/2022. (brc) (Entered: 05/16/2022) |
| 05/16/2022 | 327 | ORDER re 316 Motion to Modify Conditions of Bail Release as to Rafael Pina-Nieves (1): GRANTED IN PART. The celebration of his daughter's first birthday party may be held only from 11:00 a.m. to 4:00 p.m. Pina's supervision conditions are modified only so that he may attend the celebration during those hours. Signed by Senior Judge Francisco A. Besosa on 05/16/2022. (brc) (Entered: 05/16/2022) |
| 05/17/2022 | 328 | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR as to Rafael Pina-Nieves (1). The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Rafael Pina-Nieves (Aponte, Malissa) (Entered: 05/17/2022) |
| 05/20/2022 | 329 | SENTENCING MEMORANDUM by Rafael Pina-Nieves (1) (Franco-Dominguez, Manuel) (Entered: 05/20/2022) |
| 05/24/2022 | 330 | MOTION Requesting Transcripts by Rafael Pina-Nieves (1). Responses due by 6/7/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit)(Micheo-Marcial, Javier) (Entered: 05/24/2022) |

| 05/24/2022 | [331](#) | Minute Entry for proceedings held before Senior Judge Francisco A. Besosa: Sentencing held on 5/24/2022 for Rafael Pina-Nieves (1). Impr of 41 months as to each count 1 and 2 to be served concurrently with each other. SRT of 3 years as to each count 1 and 2 to be served concurrently with each other. SMA of $200.00. Fine: $150,000.00. Forfeiture of firearms and ammunitions imposed. The defendant shall surrender to the United States Marshal for this District, today, May 24, 2022 before 3:00 p.m. (Court Reporter Rachelle Robinson-Ware.)Hearing set for 09:00.Hearing held at 09:55.Hearing ended at 11:32.Interpreter Sonia Crescioni and Iris Ramirez. (om) (Entered: 05/24/2022) |
| --- | --- | --- |
| 05/24/2022 | [332](#) | OPINION AND ORDER re [271](#) Motion for Bond as to Rafael Pina-Nieves (1). Rafael Pina-Nieves' motion for bail pending appeal is DENIED. Signed by Senior Judge Francisco A. Besosa on 05/24/2022. (brc) (Entered: 05/24/2022) |
| 05/24/2022 | 333 | ORDER re [330](#) Motion Requesting Transcript as to Rafael Pina-Nieves (1): GRANTED. The transcript of the sentencing hearing will be provided to defendant Pina-Nieves upon payment of the reporter's fees. Signed by Senior Judge Francisco A. Besosa on 05/24/2022. (brc) (Entered: 05/24/2022) |
| 05/24/2022 | [334](#) | JUDGMENT as to Rafael Pina-Nieves (1). Impr of 41 months as to each count 1 and 2 to be served concurrently with each other. SRT of 3 years as to each count 1 and 2 to be served concurrently with each other. SMA of $200.00. Fine of $150,000.00. Forfeiture of firearms and ammunitions ordered. Signed by Senior Judge Francisco A. Besosa on 5/24/2022.(om) (Entered: 05/24/2022) |
| 05/24/2022 | [335](#) | NOTICE OF APPEAL by Rafael Pina-Nieves (1) as to [334](#) Judgment, Filing fee $505, receipt number APRDC-7768459.<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** (Micheo-Marcial, Javier) (Entered: 05/24/2022) |
| 05/24/2022 | [336](#) | ***SELECTED PARTIES*** Statement of Reasons as to Rafael Pina-Nieves (1). Signed by Senior Judge Francisco A. Besosa on 5/24/2022.(om) (Entered: 05/25/2022) |
| 05/26/2022 | [337](#) | Certified and Transmitted Record on Appeal as to Rafael Pina-Nieves (1) to US Court of Appeals re [335](#) Notice of Appeal - Final Judgment [Docket Entries 334 & 335] (mcm) (Entered: 05/26/2022) |
| 05/27/2022 | 338 | USCA Case Number 22-1421 for [335](#) Notice of Appeal - Final Judgment, filed by Rafael Pina-Nieves (1). (mcm) (Entered: 05/27/2022) |
| 05/27/2022 | [363](#) | ***SELECTED PARTIES***Transcript of Sentencing Hearing as to Rafael Pina-Nieves (1) held on 5/24/2022, before Judge Francisco A. Besosa. Court Reporter/Transcriber Rachelle Robinson. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. The policy is located at www.prd.uscourts.gov. Redaction Request due 6/17/2022. Redacted Transcript Deadline set for 6/27/2022. (be) (Entered: 02/03/2023) |
| 06/16/2022 | [339](#) | Certified Copy of Order from USCA as to Rafael Pina-Nieves (1) entered on 6/16/2022; This matter is before the court on a motion for bail pending appeal by defendant-appellant Rafael Pina-Nieves. The government has filed an opposition. The district court previously denied bail on the ground that the appeal does not raise a "substantial question" within the meaning of 18 U.S.C. § 3143(b)(1)(B); however, the district court did not address whether "by clear and convincing evidence [defendant] is not likely to flee or pose a danger to the safety of any other person or the community" under 18 U.S.C. § 3143(b)(1)(A). This |

**031**

| | | |
|---|---|---|
| | | court's consideration of the bail request would be aided by further development of those issues. Accordingly, the matter of bail is remanded to the district court so that the district court may enter a supplemental bail ruling addressing the matters of flight risk and dangerousness after conducting those further proceedings the court deems necessary. The supplemental bail ruling should be entered as soon as practicable. Within five days of entry of the district court's supplemental ruling, defendant should file a memorandum of 15 or fewer pages addressing the district court's supplemental bail ruling and the matters of flight risk and danger. Within five days of service of defendant's memorandum, the government may file a response of 15 or fewer pages. (mcm) (Entered: 06/16/2022) |
| 06/16/2022 | 340 | ORDER: No later than June 24, 2022, the parties will file simultaneous briefs on the issue of whether Defendant Pina is likely to flee or pose a danger to the community. No responses will be allowed. Signed by Senior Judge Francisco A. Besosa on 6/16/2022. (AA) (Entered: 06/16/2022) |
| 06/24/2022 | 341 | MEMORANDUM by Rafael Pina-Nieves (1) (Franco-Dominguez, Manuel) (Entered: 06/24/2022) |
| 06/24/2022 | 342 | MOTION in Compliance *with Court Order (Docket 340)* by USA as to Rafael Pina-Nieves (1). Responses due by 7/8/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Appendix Attachment 1, # 2 Appendix Attachment 2)(Ruiz-Santiago, Jose) (Entered: 06/24/2022) |
| 06/24/2022 | 343 | ORDER re 342 Motion in Compliance as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 06/24/2022. (brc) (Entered: 06/24/2022) |
| 06/27/2022 | 344 | MOTION to Restrict Document by Rafael Pina-Nieves (1). Responses due by 7/11/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 06/27/2022) |
| 06/27/2022 | 345 | **CASE PARTICIPANTS**Emergency MOTION Requesting Order *to the United States Marshal Service* by Rafael Pina-Nieves (1). Responses due by 7/11/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 06/27/2022) |
| 06/28/2022 | 346 | ORDER: The Government will respond to defendant Rafael Pina-Nieves's Emergency Motion, Docket No. 345 , no later than July 1, 2022. (1) Signed by Senior Judge Francisco A. Besosa on 06/28/2022.(AA) Modified on 6/28/2022 to correct typos (ab). (Entered: 06/28/2022) |
| 06/30/2022 | 347 | ORDER re 344 Motion to Restrict as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 06/30/2022. (brc) (Entered: 06/30/2022) |
| 07/01/2022 | 348 | RESPONSE to Motion filed by USA as to Rafael Pina-Nieves (1) re 345 Emergency MOTION Requesting Order *to the United States Marshal Service* filed by Rafael Pina-Nieves (Ruiz-Santiago, Jose) (Entered: 07/01/2022) |
| 07/01/2022 | 349 | ORDER re 345 Motion Requesting Order as to Rafael Pina-Nieves (1): DENIED. In any event, this motion may be MOOT. Defendant Pina may already have been transferred out of Puerto Rico to the institution where he will be housed. Signed by Senior Judge Francisco A. Besosa on 07/01/2022. (brc) (Entered: 07/01/2022) |
| 07/05/2022 | 350 | OPINION AND ORDER re 339 USCA Order as to Rafael Pina-Nieves (1). The Court is not convinced by clear and convincing evidence that Pina is either likely to flee or pose a danger to the safety of others. Accordingly, the Court reaffirms its order requiring Pina's detention pending appeal. Signed by Senior Judge Francisco A. Besosa on 07/05/2022. (brc) (Entered: 07/05/2022) |

| 07/05/2022 | 351 | MOTION to Clarify by USA as to Rafael Pina-Nieves (1). Responses due by 7/19/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Conner, Gregory) (Entered: 07/05/2022) |
|---|---|---|
| 07/05/2022 | 352 | ORDER: To amend the Opinion and Order as counsel for the government suggests would result in a double negative, something grammatically incorrect. The Opinion and Order is clear that the Court has held that defendant Pina IS likely to flee and DOES pose a danger to the safety of others. See Docket No. 351, Motion to Clarify as to Rafael Pina-Nieves (1) Signed by Senior Judge Francisco A. Besosa on 7/5/2022. (AA) (Entered: 07/05/2022) |
| 07/06/2022 | 353 | Transmitted Supplemental Record on Appeal as to Rafael Pina-Nieves (1) re 335 Notice of Appeal - Final Judgment [Docket Entries 350 & 352] (mcm) (Entered: 07/06/2022) |
| 07/06/2022 | 354 | AMENDED OPINION AND ORDER as to Rafael Pina-Nieves (1) re: 339 USCA Order. Signed by Senior Judge Francisco A. Besosa on 7/6/2022.(om) (Entered: 07/06/2022) |
| 07/07/2022 | 355 | Transmitted Supplemental Record on Appeal as to Rafael Pina-Nieves (1) re 335 Notice of Appeal - Final Judgment [Docket Entry 354] (mcm) (Entered: 07/07/2022) |
| 07/19/2022 | 356 | Certified Copy of Order from USCA as to Rafael Pina-Nieves (1) entered on 7/18/2022; This matter is before the court on a motion for bail pending appeal by defendant-appellant Rafael Pina-Nieves. Accordingly, the motion for bail pending appeal is DENIED. Any party wishing to move to expedite consideration of the appeal should do so as soon as practicable. (mcm) (Entered: 07/19/2022) |
| 09/06/2022 | 357 | MOTION Requesting Relief by US Probation Office as to Rafael Pina-Nieves. Responses due by 9/20/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Feliciano, Yaritza) (Entered: 09/06/2022) |
| 09/06/2022 | 358 | ORDER re 357 Motion Requesting Order as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 09/06/2022. (brc) (Entered: 09/06/2022) |
| 01/31/2023 | 359 | Printed Opinion from USCA as to Rafael Pina-Nieves (1) entered on 1/30/2023 Re: 335 Notice of Appeal - Final Judgment, filed by Rafael Pina-Nieves. (mcm) (Entered: 01/31/2023) |
| 01/31/2023 | 360 | JUDGMENT of USCA as to Rafael Pina-Nieves (1) re 335 Notice of Appeal - Final Judgment; This cause came on to be heard on appeal from the United States District Court for the District of Puerto Rico and was argued by counsel. Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: Rafael Pina-Nieves' 18 U.S.C. § 922(g)(1) conviction is AFFIRMED and the 18 U.S.C. § 922(o) conviction is REVERSED. (mcm) (Entered: 01/31/2023) |
| 02/02/2023 | 361 | TRANSCRIPT REQUEST by USA as to Rafael Pina-Nieves (1) for proceedings held on 05/24/2022 before Judge Francisco A. Besosa. (Montanez-Concepcion, Maria) (Entered: 02/02/2023) |
| 02/02/2023 | 362 | ORDER re 361 Transcript Request as to Rafael Pina-Nieves (1): GRANTED. Signed by Senior Judge Francisco A. Besosa on 02/02/2023. (brc) (Entered: 02/02/2023) |
| 02/27/2023 | 364 | Certified Copy of Order from USCA as to Rafael Pina-Nieves (1) entered on 2/24/2023; Rafael Pina-Nieves's petition for panel rehearing is DENIED. (mcm) (Entered: 02/27/2023) |
| 02/27/2023 | 365 | Certified Copy of Order from USCA as to Rafael Pina-Nieves (1) entered on 2/24/2023; The petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing en banc be DENIED. (mcm) (Entered: 02/27/2023) |

| 03/06/2023 | 366 | MOTION Requesting Order *for Resentencing Hearing* by Rafael Pina-Nieves (1). Responses due by 3/20/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Dominguez-Victoriano, Maria) (Entered: 03/06/2023) |
|---|---|---|
| 03/06/2023 | 367 | ORDER re 366 Motion Requesting Order as to Rafael Pina-Nieves (1): GRANTED. **The probation officer will prepare an amended pre-sentence investigation report no later than March 20, 2023. Once the PSR has been disclosed, defendant and the government may file motions objecting to it, if appropriate, no later than April 3, 2023.** Signed by Senior Judge Francisco A. Besosa on 03/06/2023. (brc) (Entered: 03/06/2023) |
| 03/07/2023 | 368 | MANDATE of USCA as to Rafael Pina-Nieves re 335 Notice of Appeal - Final Judgment; AFFIRMED/REVERSED. RE: 360 JUDGMENT of USCA. (mcm) (Entered: 03/07/2023) |
| 03/08/2023 | 369 | NOTICE OF ATTORNEY APPEARANCE: Mariana E. Bauza appearing for USA. (Bauza, Mariana) (Entered: 03/08/2023) |
| 03/15/2023 | 370 | MOTION to Stay *Order (DE 367)* by USA as to Rafael Pina-Nieves (1). Responses due by 3/29/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Addendum)(Bauza, Mariana) (Entered: 03/15/2023) |
| 03/16/2023 | 371 | ORDER re 370 Motion to Stay as to Rafael Pina-Nieves (1). **Defendant Pina-Nieves will respond to this motion no later than March 29, 2023.** Signed by Senior Judge Francisco A. Besosa on 03/16/2023. (brc) (Entered: 03/16/2023) |
| 03/16/2023 | 372 | RESPONSE to Motion by Rafael Pina-Nieves (1) re 370 MOTION to Stay *Order (DE 367)* filed by USA (Dominguez-Victoriano, Maria) (Entered: 03/16/2023) |
| 03/16/2023 | 373 | ORDER re 370 Motion to Stay as to Rafael Pina-Nieves (1): DENIED. Signed by Senior Judge Francisco A. Besosa on 03/16/2023. (brc) (Entered: 03/16/2023) |
| 03/17/2023 | 374 | INFORMATIVE Motion regarding Appellate Court grant of Motion to Withdraw by USA as to Rafael Pina-Nieves (1). Responses due by 3/31/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Attachment)(Bauza, Mariana) (Entered: 03/17/2023) |
| 03/17/2023 | 375 | ORDER re 374 Informative Motion as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 03/17/2023. (brc) (Entered: 03/17/2023) |
| 03/23/2023 | 376 | ***SELECTED PARTIES*** NOTICE of Disclosure of Amended PSR as to Rafael Pina-Nieves (1). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the amended presentence report for the defendant of record. Upon request from Defense, post Court of Appeals opinion, the Court ordered PSR be amended (DE# 367). PSR reflects changes on Face Sheet, Offense Level Computation and PART D sections, and paragraphs 6 and 20 added. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Rafael Pina-Nieves (Aponte, Malissa) (Entered: 03/23/2023) |
| 03/24/2023 | 377 | ORDER re 376 Notice of Disclosure of Amended PSR as to Rafael Pina-Nieves (1). **The government and defendant Pina-Nieves may object to this amended presentence investigation report no later than April 10, 2023.** Signed by Senior Judge Francisco A. Besosa on 03/24/2023. (brc) (Entered: 03/24/2023) |

| 03/24/2023 | 378 | INFORMATIVE Motion *Regarding Amended PSR*, MOTION Requesting Order *Amended Judgment* by USA as to Rafael Pina-Nieves (1). Responses due by 4/10/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Montanez-Concepcion, Maria) (Entered: 03/24/2023) |
| 03/27/2023 | 379 | RESPONSE to Motion by Rafael Pina-Nieves (1) re 378 INFORMATIVE Motion *Regarding Amended PSR* MOTION Requesting Order *Amended Judgment* filed by USA (Micheo-Marcial, Javier) (Entered: 03/27/2023) |
| 03/27/2023 | 380 | ORDER re 378 Informative Motion as to Rafael Pina-Nieves (1): NOTED. Signed by Senior Judge Francisco A. Besosa on 03/27/2023. (brc) (Entered: 03/27/2023) |
| 03/27/2023 | 381 | ORDER re 379 Response to Motion as to Rafael Pina-Nieves (1). **The government will reply to this response no later than April 3, 2023.** Signed by Senior Judge Francisco A. Besosa on 03/27/2023. (brc) (Entered: 03/27/2023) |
| 03/28/2023 | 382 | NOTICE OF ATTORNEY APPEARANCE: Edwin Prado-Galarza appearing for Rafael Pina-Nieves (1) (Prado-Galarza, Edwin) (Entered: 03/28/2023) |
| 03/28/2023 | 383 | REPLY TO Motion *in compliance* filed by USA as to Rafael Pina-Nieves (1) re 378 INFORMATIVE Motion *Regarding Amended PSR* MOTION Requesting Order *Amended Judgment* filed by USA (Bauza, Mariana) (Entered: 03/28/2023) |
| 03/29/2023 | 384 | MOTION for Leave to File *Surreply* by Rafael Pina-Nieves (1). Responses due by 4/12/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Micheo-Marcial, Javier) (Entered: 03/29/2023) |
| 03/29/2023 | 385 | ORDER re 384 Motion for Leave to File as to Rafael Pina-Nieves (1): GRANTED. **The sur-reply will be filed no later than April 5, 2023.** See Local Rule 147(c). Signed by Senior Judge Francisco A. Besosa on 03/29/2023. (brc) (Entered: 03/29/2023) |
| 04/05/2023 | 386 | SURREPLY TO Motion by Rafael Pina-Nieves (1) Re: 378 INFORMATIVE Motion *Regarding Amended PSR* MOTION Requesting Order *Amended Judgment* filed by USA (Dominguez-Victoriano, Maria) (Entered: 04/05/2023) |
| 04/10/2023 | 387 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Rafael Pina-Nieves (1) as to Rafael Pina-Nieves (1) (Dominguez-Victoriano, Maria) (Entered: 04/10/2023) |
| 04/14/2023 | 388 | ***SELECTED PARTIES*** NOTICE of Filing of Second Addendum to the PSR as to Rafael Pina-Nieves (1). The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Rafael Pina-Nieves (Aponte, Malissa) (Entered: 04/14/2023) |
| 04/17/2023 | 389 | ORDER re 366 Motion Requesting Order as to Rafael Pina-Nieves (1): DENIED; re 378 Informative Motion and Motion Requesting Order as to Rafael Pina-Nieves (1): NOTED and DENIED. The judgment will be amended vacating defendant's conviction for Count Two, the machine gun count charged, and the $100 Special Monetary Assessment for that count shall be refunded to defendant. The 41-month sentence and the 3-year supervised release term imposed for Count One remain as imposed. The PSR will be amended to include defendant's activities while incarcerated. Signed by Senior Judge Francisco A. Besosa on 04/17/2023. (brc) (Entered: 04/17/2023) |
| 04/17/2023 | 390 | ORDER re 378 Informative Motion and Motion Requesting Order as to Rafael Pina-Nieves (1): MOOT. See Order entered at Docket No. 389. Signed by Senior Judge Francisco A. Besosa on 04/17/2023. (brc) (Entered: 04/17/2023) |
| 04/17/2023 | 391 | AMENDED JUDGMENT as to Rafael Pina-Nieves (1). Count 1, Impr of 41 months. SRT of 3 years. SMA of $100.00. Fine of $150,000.00. Forfeiture of firearms and ammunitions |

| | | |
|---|---|---|
| | | ordered. Count 2, Reversed as per USCA Judgment, ECF No. 360. Signed by Senior Judge Francisco A. Besosa on 4/17/2023.(om) (Entered: 04/17/2023) |
| 04/17/2023 | [392](#) | ***NOT FOR PUBLIC DISCLOSURE***Reason for Amendment - Sheet 8 of Amended Judgment as to Rafael Pina-Nieves (1). Signed by Senior Judge Francisco A. Besosa on 4/17/2023.(om) (Entered: 04/17/2023) |
| 04/18/2023 | [393](#) | ***FILED IN ERROR - Wrong Event. Counsel to re-file using correct event.*** NOTICE *OF APPEAL* by Rafael Pina-Nieves (1) re [391](#) Amended Judgment, (Dominguez-Victoriano, Maria) Modified on 4/19/2023 (mcm). (Entered: 04/18/2023) |
| 04/19/2023 | [394](#) | NOTICE OF APPEAL by Rafael Pina-Nieves (1) as to [391](#) Amended Judgment, Filing fee $505, receipt number APRDC-8181328.<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at <u>http://pacer.psc.uscourts.gov/cmecf/</u>. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at <u>http://www.ca1.uscourts.gov/cmecf</u>** (Dominguez-Victoriano, Maria) (Entered: 04/19/2023) |
| 04/20/2023 | [395](#) | ***SELECTED PARTIES*** NOTICE of Court-ordered changes in PSR as to Rafael Pina-Nieves (1). The changes ordered by the Court in the presentence investigation report have been effected by USA, US Probation Office, Rafael Pina-Nieves (Aponte, Malissa) (Entered: 04/20/2023) |
| 04/28/2023 | 396 | Certified and Transmitted Record on Appeal as to Rafael Pina-Nieves (1) to US Court of Appeals re [394](#) Notice of Appeal - Final Judgment [Docket Entries 391 & 394] (mcm) (Entered: 04/28/2023) |
| 05/01/2023 | 397 | USCA Case Number 23-1396 for [394](#) Notice of Appeal - Final Judgment, filed by Rafael Pina-Nieves (1). (mcm) (Entered: 05/01/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/12/2023 16:50:49 | | |
| **PACER Login:** | ganatucaso | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:20-cr-00258-FAB |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | **CRIMINAL CASE NO:** 20-258 (FAB) |
| v. | |
| **RAFAEL PINA-NIEVES**, | |
| Defendant. | |

## RAFAEL PINA-NIEVES' SENTENCING MEMORANDUM[1]

### I.     INTRODUCTION

Defendant Rafael Pina-Nieves hereby files this Sentencing Memorandum in support of his request for the Court to exercise its sentencing discretion and impose a sentence sufficient, but not greater than necessary, to achieve the purposes of 18 U.S.C. § 3553(a). Mr. Pina-Nieves respectfully suggests that a non-custodial sentence of probation and/or home incarceration is appropriate under the facts and circumstances of this case.

On August 13, 2020, Mr. Pina-Nieves was charged in a two-count Indictment. Count 1 charged the defendant with unlawful possession of a Glock pistol, Model 19, and a Smith & Wesson, Model SD40, and 526 total rounds of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because the Glock pistol was modified to fire automatically, Mr. Pina-Nieves was charged in Count Two of the Indictment with unlawful possession of automatic weapon, in violation of 18 U.S.C. §§922(o) and 924(a)(2). Mr. Pina-Nieves pled not guilty to all charges and exercised his constitutional right to a trial by jury. On December 22, 2021, a jury found Mr. Pina-Nieves guilty as to both counts of the Indictment.

---

[1] Nothing in this memorandum should be construed as constituting a statement by the defendant, Rafael Pina-Nieves. This memorandum contains arguments by counsel based on the evidence presented at trial and the contents of the Presentence Investigation Report.

037

For the offenses of conviction, the Amended Pre-Sentence Investigation Report ("PSR") yielded a total offense level of 20, pursuant to USSG §2K2.1(a)(4)(B)(II)(ii)(I). Because Mr. Pina-Nieves has a Criminal History Category ("CHC") of 1, the United States Sentencing Guidelines Manual ("USSG") provide for an imprisonment range of 33 to 41 months. Nevertheless, based on the arguments that will be more fully developed below, a non-custodial sentence of probation and/or home incarceration is sufficient but not greater than necessary to achieve the federal statutory sentencing purposes.

## II.   A NON-CUSTODIAL SENTENCE IS A JUST AND "SUFFICIENT BUT NOT GREATER THAN NECESSARY" SENTENCE

18 U.S.C. § 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." This so-called "parsimony provision" is not merely one of many factors to weigh at sentencing but places a cap above which the Court is *prohibited* from sentencing-even when a greater sentence is recommended by the sentencing guidelines. *See United States v. Denardi,* 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part). In turn, § 3553(a)(2) provides that a sentence should be sufficient but not greater than necessary to:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

038

Put simply, when imposing a sentence, the courts are to ultimately consider the totality of the circumstances. *See United States v. Arroyo-Maldonado*, 791 F.3d 193, 198-200 (1st Cir. 2015) (stating that the district court exercises broad discretion in weighing the different sentencing factors during sentencing, to which the court of appeals remains deferential, as long as the sentence is substantively reasonable in light of the totality of the circumstances).

18 U.S.C. § 3553(a) also directs the Court to consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

### A. The history and characteristics of Rafael Pina-Nieves support the imposition of a non-custodial sentence of probation and/or home incarceration.

The PSR accurately reports that Mr. Pina-Nieves was born on July 4, 1978, in Rio Piedras, Puerto Rico.  His father, Rafael Pina-Gomez, deceased, was an executive in the music industry. His mother, Analda Nieves-Cintron, is retired from the telephone company and resides in Bayamón. Mr. Pina-Nieves has an older brother, Victor Manuel Pina-Nieves, who is 44 years old, and also resides in Bayamon and works as an independent road manager for music artists. In addition, Mr. Pina-Nieves also has a paternal sister, Maria Fernanda Pina, who is 27 years old, resides in Florida, and works in the marketing industry.

3

039

Mr. Pina-Nieves' parents divorced when he was 12 years old. This experience was difficult for the youngster who was very attached to his father, but he continued to maintain consistent contact with him despite the fact that they did not live together. However, Mr. Pina-Nieves would not be able to enjoy the company of his father for long, as he died unexpectedly at the age of 42 of a stroke. The defendant was very much affected by the loss of his father, a man he loved and admired, and continues to grieve his father to this day.

When Mr. Pina-Nieves was still a teenager, he moved to Isla Verde to live on his own. He remained a person deeply committed to his family, values that he continues to instill in his children to this day.  Mr. Pina-Nieves lives with his fiancé, Natalia Alexandra Gutierrez, who is 35 years old. She is a highly successful reggaeton music artist in her own right, better known by her stage name of Natti Nattasha. The couple is devoted to their daughter, Vida Isabelle, who is 12 months old.  Mr. Pina-Nieves also has three teenage children who reside with him when he is in Puerto Rico at their home in Ciudad Jardin in Gurabo—Mia, Rafael, and Antonio. They have a very close-knit and loving family unit.  His children enjoy a special relationship with their father and have thrived with the affection received from their father, the love that permeates their home, and their relationship with their baby sister, Vida Isabel. In fact, Mr. Pina-Nieves purchased villas for his teenage children's mothers at the Ciudad Jardin complex so that they could remain close to him, but still have a close relationship with their mothers. The family enjoys boating and other water activities and they play basketball and exercise together. The life that Mr. Pina-Nieves lives is uncharacteristic of someone deeply entrenched in the music business.  His personal life, activities and outings are centered around his children, his fiancé, and other family members.

The PSR notes an interview with Ms. Gutierrez, the defendant's fiancée, on February 19, 2022. Her statements to the Probation Officer are consistent with Mr. Pina-Nieves' strong devotion to his children.   According to the PSR Ms. Gutierrez stated that "she has never met someone who loves [his] children the way he does".  PSR at 10.  She observed that Mr. Pina-Nieves is usually with his children and "really takes care of his children and family.  He does so much that he does not publish in social media." PSR at 11.  Ms. Gutierrez also acknowledged Mr. Pina-Nieves' generosity with others, stating that he is "[a]lways thinking about other people.  He helps other people grow.  He deserves so many good things. I am very proud of him…"  *Id.*

The Probation Officer interviewed Wanda Monge, the mother of one of Mr. Pina-Nieves' children, Antonio (14 years old). Despite the fact that her relationship with the defendant has been over for many years, Ms. Monge spoke highly of Mr. Pina-Nieves, describing him as an "excellent and responsible" father. *Id.*  Ms. Monge concedes that Antonio has a closer bond with his father than with her, and she is concerned about how the absence of Mr. Pina-Nieves from his life will affect him.  These statements were echoed by Eileen Michell Pagan, the mother of two of Mr. Pina-Nieves' children, Mia (17 years old) and Rafael (16 years old).  Ms. Pagan indicated that Mr. Pina-Nieves is adored by his children and that they are very close to him, in particular Rafael who is always with his father. She indicated that both she and Ms. Monge are coordinating psychological counseling for the children in order to help them cope with this situation. (*See* PSR at 12.)

Mr. Pina-Nieves' children are very concerned about their father and the imposition of a sentence of imprisonment in this case. Susana, Mr. Pina-Nieves' aunt and right hand, also shares concerns regarding the impact the separation from their father will have on Mr. Pina-Nieves'

children.  *Id.* Researchers and scholars have found strong evidence that the absence of a father from the life of his children negatively affects the social-emotional development of the children. The adverse effect may be more pronounced if the absence occurs during early childhood than during middle childhood and may be more pronounced for boys than for girls. *See* Sara McLanahan[2], Laura Tach[3], and Daniel Schneider[4], *The Casual Effects of Father Absence*, Annual Review of Sociology Vol. 39: 399-427 (July 2013). Effects on a child's social-emotional development have been shown to persist into adolescence.  Strong evidence suggests that a father's absence increases risky behavior, such as smoking and early childbearing, as well as negative mental health effects. *See id*. As such, by sentencing Mr. Pina-Nieves to a non-custodial sentence, this Court would not only serve the purposes of federal sentencing laws but will also reduce (in a very real sense) any negative impact that Mr. Pina-Nieves' absence will have on his children's social-emotional development. A non-custodial sentence of probation and/or home incarceration would limit the adverse impact of this process on Mr. Pina-Nieves' children and avoid their trauma from having to live without their father due to his incarceration during their formative years. Surely, this is disproportionate when considered in light of the offense conduct.

**B.  Mr. Pina-Nieves' extensive employment record and entrepreneurial success support a non-custodial sentence.**

Mr. Pina-Nieves attended Miguel De Cervantes High School in Bayamon and graduated in 1996.  Since having obtained his high school diploma he has continued to expand his knowledge

---

[2] Member of the Office of Population Research, Princeton University at Princeton, New Jersey.

[3] Member of the Department of Policy Analysis and Management, Cornell University at Ithaca, New York.

[4] Member of the Department of Sociology and Robert Wood Johnson Scholars in Health Policy Research Program, University of California at Berkley, California.

042

in the music industry, in areas such as computer software, sound engineering, and managing strategies. Mr. Pina-Nieves is licensed as a promoter and has always excelled in the music industry. He has been CEO and President of Pina Records since May 24, 2000.  The business was originally owned by Mr. Pina-Nieves' father, Rafael Pina-Gomez. Upon his death on May 28, 2000, Mr. Pina-Nieves had no choice but to assume ownership and control of the family business at an early age. Although he had worked alongside his father since the age of 16, and Mr. Pina-Nieves boldly persuaded his father to focus his attention on reggaeton artists, in addition to the merengue artists they historically represented, the task of controlling his father's record company seemed daunting at the time. Nevertheless, Mr. Pina-Nieves' strategic decision to focus his attention on reggaeton artists was valuable for the company, as Pina Records capitalized on the growth of this now-global musical genre, thought by many to be one of the preeminent music genres in the world. Today, Mr. Pina-Nieves' company directly employs approximately 50 employees and indirectly employs approximately 100 employees.

Mr. Pina-Nieves has a strict work ethic and challenges himself continually with new goals. His overwhelming business success is evidence of his dedication to his business and the artists he represents. Ms. Gutierrez advised the Probation Officer that she admires the defendant's work ethic and commitment to his plans, and the faith that he puts into his projects. (*See* PSR at 11.)

Mr. Pina-Nieves' family members also describe him as hardworking and committed. His aunt, Susana, reflects on the immense responsibility that Mr. Pina-Nieves had to assume at the age of 20 when his father died, stepping into the role as owner of the music business.  His tenacity and commitment resulted in the substantial growth of the business. (*See id.*)

It is worthy of note that in addition to assuming the responsibility of stewarding Pina Records at the tender age of 21 when his father died, Mr. Pina-Nieves also assumed the responsibility for providing for his younger paternal sister, Maria Fernanda, who was approximately 6 years old when their father died. PSR at 13. Maria Fernanda was interviewed by the Probation Officer. She described Mr. Pina-Nieves more like a father figure and someone she could always rely on. Her admiration of Mr. Pina-Nieves stems from his ability to keep her father's legacy alive in the business, and the sacrifices he made to dedicate himself to the business and the way it grew under his stewardship. Due to Mr. Pina-Nieves' emotional and financial support she was able to complete her studies. He continues to support her financially to this day. *Id.*

Mr. Pina-Nieves has received unrelenting support from his family and friends during this process. Raymond Ayala (a/k/a Daddy Yankee) and his wife, Mireddys Gonzalez, expressed support for Mr. Pina-Nieves in their interviews with the Probation Officer. Mr. Ayala described Mr. Pina-Nieves as a great friend and a fighter of life. He admires Mr. Pina-Nieves' dedication as a father, family man, friend, and contributor to the community. He has known Mr. Pina-Nieves for close to 30 years. (*See* PSR at 13.) His wife, Ms. Gonzalez, described Mr. Pina-Nieves as "a humanitarian, sincere, giving, super hardworking and an excellent father." *Id.* She also acknowledged Mr. Pina-Nieves' altruism, noting that he donates gifts to children in the central part of the island during the Christmas holidays. *Id.*

Most research conducted on the disconcerting issue of recidivism supports the notion that offenders who have stable employment after release from prison tend to have lower rates of

recidivism.[5] Mr. Pina-Nieves' strong family ties and his stable career puts him a low risk of recidivism.

### C. Mr. Pina-Nieves' history of altruism warrants consideration and supports the imposition of a non-custodial sentence of probation and/or home incarceration.

Mr. Pina-Nieves has always done his part to assist the community in Puerto Rico and elsewhere. As noted in the PSR, Mr. Pina-Nieves donated ice to the elderly after Hurricane Maria in 2017. After the earthquakes that primarily affected the southern part of Puerto Rico in December 2019 and January 2020, he purchased 200 generators and personally donated them to needy families in the most vulnerable areas. On another occasion, while Mr. Pina-Nieves was driving in the highway, he observed a woman on the shoulder of the road whose car was on fire. Mr. Pina-Nieves posted the incident on his social media platforms with an urgent plea for help. That same day, Mr. Ayala and Jose Luis Morera Luna (a/k/a Wisin) joined Mr. Pina-Nieves in purchasing the woman a new car. Mr. Pina-Nieves also regularly does his part to support small businesses by using his social media platforms to promote these businesses free of charge.

His generosity also extends to those individuals he interacts with in his business. Ms. Gutierrez expressed to the Probation Officer that Mr. Pina-Nieves "has helped many people grow in their careers and when they have been down on their luck… For those who may be into drug use, [Mr. Pina-Nieves] will get them the help they need, and this is not part of his job responsibility."   PSR at 11.  As a performer herself, Ms. Gutierrez reflected on how unusual this

---

[5] Ripoli, Stephen J.; Kim, Johnny S.; Bender, Kimberly (2010). "Is employment associated with reduced recidivism?: The complex relationship between employment and crime". *International Journal of Offender Therapy and Comparative Criminology*. 54 (5): 706–20.

045

is in the music industry, stating that "in the music business, most people tend to turn their backs on those individuals, opting to no longer work with them." *Id.*

### D. A non-custodial sentence of probation and/or home incarceration reflects the seriousness of the offense, promotes respect for the law, provides just punishment, deters criminal conduct, and protects the public.

18 U.S.C. §3553(a) also requires the Court to impose a sentence that "reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

As a threshold matter, it bears mentioning that this is not a mine-run case of firearms possession. This is a case of constructive, as opposed to actual, firearms possession. Despite Mr. Pina-Nieves' intention to preserve his appellate rights, if we were to assume for the sake of argument that the United States properly proved its case at trial, the evidence at trial reflected that the weapons in question were found inside a passcode-protected safe inside a home that belonged to Mr. Pina-Nieves but where Mr. Pina-Nieves did not reside. This case is not the typical case of illegal weapons possession that is seen in the District of Puerto Rico, where offenders are generally tried and convicted for actual possession of firearms, these firearms often being used in furtherance of drug trafficking or other violent crimes. Here, there was never an allegation, much less proof, that Mr. Pina-Nieves ever touched, much less handled or fired, any of the firearms at issue. The firearms were found in a home in Puerto Rico when Mr. Pina-Nieves was in the British Virgin Islands protecting his family and children from the COVID-19 pandemic. The weapons were not accessible to Mr. Pina-Nieves and there is an absolute absence of evidence that Mr. Pina-Nieves

ever handled, or intended to handle, the firearms at issue. This factor warrants serious consideration and supports the imposition of a downward variance sentence.

"[W]hatever the judge's thoughts as to the deterrent value of a jail sentence, he must in every case reexamine and measure that view against the relevant facts and other important goals such as the offender's rehabilitation." *United States v. Foss*, 501 F.2d 522, 528 (1st Cir. 1974). "Deterrence, incapacitation, and rehabilitation are prospective and societal - each looks forward and asks: What amount and kind of punishment will help make society safe. In contrast, retribution imposes punishment based upon moral culpability and asks: What penalty is needed to restore the offender to moral standing within the community?" *United States v. Cole,* 662 F. Supp. 2d 632, 637, (N.D. Ohio 2008). Surely, however, the Court can agree that, in light of the totality of the circumstances of the offense, and not just the fact that a jury found Mr. Pina-Nieves guilty as charged in the indictment, a non-custodial sentence is sufficient for a non-violent offender whose conduct strays from the heartland of firearms possession cases.

In other words, a sentence of incarceration would not aid in deterring further criminal conduct. There is no evidence that a greater sentence serves to deter criminal conduct. Although, admittedly, a criminal justice system with an efficient adjudicatory and penal mechanism deters criminal conduct, the correlation between increased punishment and less crime is inexistent. Empirical data supports a contrary conclusion. "Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence." Michael Tonry, *Purposes and Functions of Sentencing,* 34 Crime and Justice: A Review of Research 28-29 (2006). In one prominent study of specific deterrence, which involved federal white-collar offenders, arguably the most rational and educated offenders, in the pre-

047

guideline era, no difference was found, even between probation and imprisonment. *See* David

Weisburd et al., *Specific Deterrence in a Sample of Offenders Convicted of White Collar Crimes,*

33 Criminology 587 (1995); *see also* Andrew von Hirsch, et. al., *Criminal Deterrence and*

*Sentence Severity: An Analysis of Recent Research* (1999). The von Hirsch analysis, commissioned

by the British Home Office, examined penalties in the United States and in several European

countries. It concluded that the "correlations between sentencing severity and crime rates... were

not sufficient to achieve statistical significance," and that "the studies reviewed do not provide a

basis for inferring that increasing the severity of sentences generally is capable of enhancing

deterrent effects."

In what is perhaps a counterintuitive proposition, criminals are not cognizant of the

consequences of their crimes or the sentences to which they may be subjected. *Tonry, supra*, at

28-29. "There is generally no significant association between perceptions of punishment levels

and actual levels... implying that increases in punishment levels do not routinely reduce crime

through general deterrence mechanisms." Gary Kleck, et al., The Missing Link in General

Deterrence Theory, 43 Criminology 623 (2005).

Mr. Pina-Nieves is an extraordinary man, devoted to his family and children, with a

generous spirit and a kind heart. His gratitude for life has been undiminished by his unfortunate

conviction in this case.  He is not an angry or bitter man.  The law, just as life itself and the varied

elements of nature that surround us every day, invites balance.  The statutory mandate for Federal

Judges is to strike that balance by imposing a fair sentence that is not harsher than necessary to

achieve the sentencing objectives of Section 3553. Fairness requires an assessment of the

defendant not in the vacuum of his criminal convictions, but in the entirety of the man that he is and the totality of the life that he has lived.

We urge the Honorable Court that in striking that balance it considers the many positive aspects of the defendant's personal and professional life and, upon doing so, impose a sentence of probation.

**E.  The United States' request for an upward Variance is inappropriate and unsupported by the facts and circumstances of this case.**

The irony of the United States' request for an upward variance sentence should not be lost on the Court. On one hand, the Government urges the Court to "not give the impression that well-off defendants can buy their way out of the consequences for their behavior," implicitly referring to Mr. Pina-Nieves' wealth. Docket No. 307 at 5. On the other, the Government urges the Court to throw the book at Mr. Pina-Nieves where the facts and circumstances of the offense in no way support an upward variance, simply because Mr. Pina-Nieves is a "big fish" with name recognition.[6] In other words, the United States urges the Court to not let Mr. Pina-Nieves' wealth absolve him but pleads the Court to make an example out of Mr. Pina-Nieves precisely because he is a public figure. The Court should not follow the United States' request.

1.  ***The facts of this case do not support the imposition of a sentence above the applicable guideline range.***

a.  <u>Mr. Pina-Nieves' criminal history score adequately reflects his past conduct.</u>

---

[6] We would be remiss if we did not note the United States' disingenuous filings suggesting that Mr. Pina-Nieves was a tax evader in the hopes of securing an upward variance in this case. (*See* Docket Nos. 286 and 292.) Since the filing a response by Mr. Pina-Nieves conclusively countering the United States' allegations of tax evasion, the United States has been conspicuously silent. In fact, those allegations were completely absent from their sentencing memorandum. It is clear, therefore, that the United States will go to any lengths to attempt to make an example of Mr. Pina-Nieves, even when it is obvious that this is not the case on which to do so.

049

_____

In its sentencing memo, the Government urges the Court to consider Mr. Pina-Nieves' past conviction as an aggravating circumstance in this case. The United States relies on *United States v. Flores-Machicote*, 706 F.3d 16 (1st Cir. 2013) for the proposition that the Court may consider that a criminal history score underrepresents the gravity of a defendant's past conduct. (*See* Docket No. 307 at 6.)  However, the defendant in *Flores-Machicote* had a lengthy criminal history coupled with prevalent leniency by the local courts. The First Circuit explained as follows:

> [The Court] noted that the defendant's felony conviction for simple possession of heroin and cocaine had been reduced from a charge of possession with intent to distribute; three other arrests for controlled substance violations had resulted in no punishment at all; and a prior conviction for illegal appropriation of a vehicle had resulted in only a six-month suspended sentence. In light of the conduct in which the defendant had engaged and how he fared before the local courts, we think that the district judge had some basis for referring to the earlier sentences as "slap[s] on the wrist."[2] We also think that the judge reasonably could have concluded that one of the defendant's past arrests for distribution of controlled substances likely "[fell] through the cracks" when the local court found no probable cause to proceed with the underlying charge. Having reached these conclusions, it was within the district judge's discretion to find that the defendant's criminal history score did not adequately represent either the seriousness of his past criminal behavior or the likelihood of his recidivism.

*Flores-Machicote* at 21–22. The United States makes no effort to explain how Mr. Pina-Nieves, convicted of a single count of bank fraud, has a criminal history that is akin to that of *Flores-Machicote* or how his criminal history is underrepresented in the PSR.

"It is settled beyond hope of contradiction 'that 'when a sentencing court relies on a factor already accounted for by the sentencing guidelines to impose a variant sentence, [it] must indicate what makes that factor worthy of extra weight.'" *United States v. Rivera-Berrios*, 968 F.3d 130, 136 (1st Cir. 2020)(Citations omitted). Mr. Pina-Nieves' criminal history is not a factor that is

worthy of extra weight. Mr. Pina-Nieves' criminal history is a factor that is already contemplated in his sentencing guidelines computation, as well as in the elements of the offense for which he was convicted in this case, felon in possession of a firearm. The Government is thus inducing the Court to error when it requests that the Court view Mr. Pina-Nieves' criminal history as an aggravating factor. In his prior case, the Hon. Daniel R. Dominguez exercised his sentencing discretion and imposed a sentence that was approximately three months lower than what the parties had agreed-upon. This is a far cry from constituting a history of lenience towards Mr. Pina-Nieves that results in an underrepresented CHC. The United States' arguments to those effects are baseless and, frankly, disingenuous. Mr. Pina-Nieves' CHC is properly calculated, accurately reflects his prior conduct, and does not warrant an upward variance in this case.

> b. The facts and circumstances of this case do not warrant an upward variance.

"The sentencing guidelines are meant to cover the mine-run of particular crimes." *United States v. Rivera-Berrios*, 968 F.3d 130, 137 (1st Cir. 2020)(citing *Spears v. United States*, 555 U.S. 261, 264, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) (per curiam) and USSG ch. 1, pt. A (1)(4)(b)). Although, obviously, the Court may vary from the prescribed guidelines range, "the section 3553(a) factors must be assessed in case-specific terms," *United States v. Ortiz-Rodriguez*, 789 F.3d 15, 19–20 (1st Cir. 2015)(quoting Flores-*Machicote,* 706 F.3d at 23). The Court may not abdicate its duty to impose a sentence based on "individual factors related to the offender and the offense." *United States v. Rivera-Gonzalez*, 776 F.3d 45, 50 (1st Cir. 2015).

The Government urges the Court to consider the amount the amount of ammunition found in Mr. Pina-Nieves' home on April 1, the fact that there were two weapons found with the ammunition, and the fact that one of the weapons was modified to fire automatically and impose

an upward variance sentence because of the inherent danger posed by the possession of large amounts of ammunition, multiple weapons, and machine guns. When viewed in light of the evidence presented at trial and the offenses charged, however, it strains credulity to argue that Mr. Pina-Nieves' possession of these items posed a danger to the community.

As touched-upon above, this is a case constructive, as opposed to actual, firearms possession. More specifically, this is a case of constructive possession of firearms and ammunition on April 1, 2020. The evidence at trial reflected that the weapons in question were found inside a passcode-protected safe inside a home that belonged to Mr. Pina-Nieves but where Mr. Pina-Nieves did not reside. There was absolutely no evidence produced at trial, or any inference that could be drawn from the evidence actually presented, that Mr. Pina-Nieves intended to actually possess the firearms and ammunition found in the home on April 1, 2020. If Mr. Pina-Nieves actually possessed these items, perhaps a credible argument could be made that the offense posed a danger to the community that warrants a variance sentence. That is not the case here.

First, the government takes exception with the amount of ammunition found at the home in question. However, the government concedes that the vast majority of this ammunition pertained to weapons once lawfully owned by Mr. Pina-Nieves, but not found at the home. Thus, the vast majority of the ammunition found could not even be fired by the weapons occupied at the home and the Government has brought forth no evidence that the ammunition that actually could be fired by the two weapons found at the house is unusually large or fall outside ordinary quantity for a machinegun possession case, or even an ordinary gun possession case. The Government, obviously, does not recognize these facts, as intellectual honesty would require, insofar as it undercuts their request for an upward variance.

16

052

Second, the United States alleges that the Court should consider the presence of two weapons at the home as an aggravating factor. Nevertheless, the Government has never alleged, much less proven, that Mr. Pina-Nieves ever touched, handled, or fired any of the firearms at issue. Thus, the mere presence of these weapons in a home that Mr. Pina-Nieves arguably had control over is not a factor that warrants particular consideration, insofar as this type of firearms possession does not represent a particular danger to the community that is not already addressed in the guideline computations[7].

Finally, the government advances a tedious argument regarding the particular dangers of modified Glocks. However, the dangerous nature of these weapons is a factor that is already contemplated in the guidelines calculation and were "worked into the mix when the Sentencing Commission set the base offense level. *Rivera-Berrios*, 968 F.3d at 136-37. Most importantly, nothing in the facts of this case suggest that Mr. Pina-Nieves ever had actual possession of these weapons, which is the only type of possession that can truly pose a danger to the community, as no credible argument can be made that a weapon can be utilized by an individual who only possesses it constructively.

In sum, the Government is urging the Court to sentence Mr. Pina-Nieves as if he was a gun-toting thug fresh off a shootout when he was found with an automatic weapon in his possession. However, as the Court is aware, the reality is far different. There is no evidence that Mr. Pina-Nieves had any intention of going to the Caguas Real residence on April 1, 2020, the

---

[7] The United States also alleges that "it is more likely than not that there were additional firearms" in the room where the weapons were found. The Government once again forgets that it charged Mr. Pina-Nieves with possessing firearms on April 1, 2020. On that date, only two weapons were found in the Caguas Real residence. The United States' baseless speculation as to whether additional weapons were ever stored there cannot serve as a basis for increasing Mr. Pina-Nieves' sentence.

date on which he was charged with possessing the firearms and ammunition in question. Similarly, there is no evidence that Mr. Pina-Nieves had ever actually possessed the weapons found. Thus, this is not a run-of-the-mill weapons possession case. This is a case of tenuous constructive possession that, when evaluated against the totality of the circumstances, does not warrant an upward variance and, instead, warrants a downward variance.

> **2.   The Government is inducing the Court to error by urging it to rely on *Kimbrough* and impose an upward variance sentence on Mr. Pina-Nieves.**

In a last-ditch attempt to secure a variance in this case, the United States urges the Court to articulate a policy disagreement with the sentencing guidelines in this case. However, the policy disagreement that the Court would presumably articulate, that these guidelines do not properly reflect the dangerousness of automatic weapons in general and their impact on the community in Puerto Rico, was disregarded by the First Circuit as a proper aggravating factor to consider at sentencing in *United States v. Carrasquillo-Sanchez*[8], *United States v. Garcia-Perez*[9], and, most recently, in *United States v. Flores-Gonzalez*[10] where the Court expressly held that "a sentence that varies from a commission-proposed range based solely on a community characteristic of the crime's locale does not reflect any disagreement with the commission's policy-based reasons for setting the range itself." *Flores-Gonzalez* at 22.

---

[8] 9 F.4th 56 (1st Cir. 2021).

[9] 9 F.4th 48, 50 (1st Cir. 2021).

[10] Case No. 19-2204 (May 16, 2022).

Simply stated, the Government is urging the Court to assume a posture that has been rejected by the First Circuit as supportive of an upward variance. In other words, the United States is inducing the Court to error. The Court should therefore reject the arguments made by the Government and instead sentence Mr. Pina-Nieves in conformity with the arguments raised in this memorandum.

## III.    CONCLUSION

The provisions of 18 U.S.C. § 3553 support the imposition of a just and reasonable sentence that considers the circumstances of this case and personal circumstances of the defendant. Mr. Pina-Nieves has so much to offer Puerto Rico during these trying times.  His commitment to his family and children, his social conscience and altruism, are reflections of his moral standards, loyalty, and gratitude.  Considering all these factors, we urge the Honorable Court to impose a sentence of probation, which is sufficient, but not greater than necessary, and would permit the defendant to achieve his full potential, continue to serve his community, and continue to raise his children.

**WHEREFORE**, Defendant Mr. Pina-Nieves respectfully requests the Court sentence him to a sentence of probation in accordance with the arguments made in the instant memorandum.

**RESPECTFULLY SUBMITTED**.

**WE HEREBY CERTIFY**: That today we have electronically filed the foregoing document with the Clerk of the Court for the District of Puerto Rico, using the CM/ECF system which will send a copy and notification of filing to all counsel of record.

In San Juan, Puerto Rico on this 19th day of May 2022.

055

By: *s/ Maria A. Dominguez*
Maria A. Dominguez
USDC-PR No. 210908
maria.dominguez@dmralaw.com

*s/ Javier Micheo Marcial*
Javier Micheo Marcial
USDC-PR No. 305310
javier.micheo@dmralaw.com

**LAW OFFICES OF
FRANCISCO REBOLLO-
CASALDUC**
P.O. Box 195571
San Juan, Puerto Rico, 00919
Tel. 787-765-0505

*s/Francisco Rebollo-Casalduc*
Francisco Rebollo-Casalduc
USDC-PR No. 205603
rebollolaw@gmail.com

*s/ Manuel Franco*
Manuel Franco
USDC-PR No. 302406
manuel.franco@dmralaw.com

**DMRA Law LLC**
Centro Internacional de Mercadeo
100 Carretera 165
Torre 1, Suite 402
Guaynabo, PR 00968
787-331-9970

056

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
 2

      THE UNITED STATES OF AMERICA, )  Criminal Case No. 20-258
 3                                   )
                                     )
 4                 vs.               )
                                     )
 5         RAFAEL PINA-NIEVES        )
                                     )
 6                 Defendant.        )
                                     )
 7    _____

 8                    TRANSCRIPT OF SENTENCING
           THE HONORABLE JUDGE FRANCISCO A. BESOSA PRESIDING
 9       JOSE V. TOLEDO U.S. COURTHOUSE, SAN JUAN, PUERTO RICO
                      TUESDAY, MAY 24, 2022
10

11    _____

                       A P P E A R A N C E S
12
      For the United States:
13
           JOSE A. RUIZ-SANTIAGO, AUSA
14         UNITED STATES ATTORNEY'S OFFICE
           TORRE CHARDON, SUITE 1201
15         350 CARLOS CHARDON AVENUE
           SAN JUAN, PR 00918
16

17         MARIA L. MONTANEZ-CONCEPCION, AUSA
           UNITED STATES ATTORNEYS OFFICE
18         DISTRICT OF PUERTO RICO
           TORRE CHARDON SUITE 1201
19         350 CHARDON AVE
           SAN JUAN, PR 00918
20

21         GREGORY BENNET CONNER, AUSA
           UNITED STATES ATTORNEY'S OFFICE
22         TORRE CHARDON, SUITE 1201
           350 CARLOS CHARDON AVENUE
23         SAN JUAN, PR 00918

24

25
```

```
1
   FOR DEFENDANT:
2
3       FRANCISCO REBOLLO-CASALDUC, ESQ.
        Francisco Rebollo Casalduc Law Office
4       PO Box 195571
        San Juan, PR 00919
5
6       MARIA A. DOMINGUEZ-VICTORIANO, ESQ.
        DMRA Law LLC
7       Centro Internacional de Mercadeo
        100 Carr 165 - Suite 102
8       Guaynabo, PR 00968
9
        JAVIER MICHEO-MARCIAL, ESQ.
10      DMRA Law LLC
        100 Road 165
11      Guaynabo, PR 00968
12
   USPO:         Malissa Aponte
13 INTERPRETER:  Sonia Crescioni and Iris Ramirez
   CLERK:        Omar Flaquer
14
   Proceedings taken by Certified Court Reporter and transcribed
15 using Computer-Aided Transcription
16
17
18
19
20
21
22
23
24
25
```

1

2                    (Tuesday, May 24, 2022, 9:55 a.m.)

3                              *  *  *  *  *

4          THE COURT:  Please call the next case on the calendar.

5          THE CLERK:  Yes, Judge.  Criminal Case 20-258.  United

6     States of America vs. Rafael Pina-Nieves.  Case is called for

7     sentence.  On behalf of the Government, Assistant United

8     States Attorneys Jose Ruiz, Maria Montanez, and Gregory

9     Bennett Connor.  On behalf of the defendant, retained counsel

10    Francisco Rebollo, Javier Micheo, and Maria Dominguez.  The

11    defendant is present, and he will be assisted by a certified

12    court interpreter.

13         THE COURT:  Ms. Dominguez, would you and Mr. Pina

14    approach the podium?

15         MS. DOMINGUEZ:  Yes, sir.

16         THE COURT:  First of all, I want to thank you and the

17    Government for your very thorough and well-written sentencing

18    memoranda.

19         MS. DOMINGUEZ:  Thank you, Your Honor.

20         THE COURT:  Is there anything you would like to say on

21    behalf of Mr. Pina or highlight from your sentencing

22    memorandum --

23         MS. DOMINGUEZ:  Yes, sir.

24         THE COURT:  -- before I pronounce sentence?

25         MS. DOMINGUEZ:  Yes, Your Honor.  May I remove my mask?

1    THE COURT:  Yes, you may.

2    Mr. Pina, have you been vaccinated?

3    THE DEFENDANT:  (Through interpreter) Yes.

4    THE COURT:  You may remove your mask.

5    MS. DOMINGUEZ:  May I proceed, Your Honor?

6    THE COURT:  Yes, you may.

7    MS. DOMINGUEZ:  Good morning, Your Honor.  I stand here

8    with my client, Rafael Pina Nieves.  I would like to, first of

9    all, highlight for the Court that Mr. Pina is accompanied in

10   court today by his fiancee, Natalia Gutiérrez, his children,

11   and many family members and friends.

12   I would ask if you could please stand up so that the

13   Court can take notice of those who are here on behalf of

14   Mr. Pina.

15   Thank you.

16   THE COURT:  Thank you.

17   MS. DOMINGUEZ:  Your Honor, it has been said before,

18   there is no more difficult task for a District Court Judge

19   than the imposition of sentence.  Beyond the technical

20   knowledge of the law and the United States Sentencing

21   Guidelines, the calculation of sentences, the consideration of

22   meritorious variances, a District Court Judge has the

23   responsibility of determining a sentence that is just and a

24   sentence that is proportional to the crime and to the

25   defendant and that complies with the statutory sentencing

1    factors that are the law of the land.

2         Our system of justice places great responsibility on

3    sentencing courts, and the current state of federal sentencing

4    law affords wide discretion to sentencing judges.  And that is

5    not gratuitous, Your Honor.  It is because every defendant who

6    comes before the Court is unique in his own way, and

7    sentencing courts require latitude in order to be able to

8    craft sentences and sentencing determinations that are

9    appropriate to the particular circumstances of a case and of

10   the personal circumstances and characteristics of the

11   defendant.

12        These individualized sentencing determinations are at the

13   heart of a federal sentencing regime and foreclose a formulaic

14   approach.  They require the exercise of reasoned judgment by

15   the Court.

16        In this case, Your Honor, both the Government and the

17   defense have submitted sentencing briefs that fully outline

18   their respective postures regarding applicable sentencing

19   principles and recommendations regarding the appropriateness

20   of the sentence to be imposed on Mr. Pina-Nieves.

21        Of course, it is for the Court, in its judicious exercise

22   of discretion, to decide what is a fair sentence for Mr.

23   Pina-Nieves.

24        But we know that the sentencing mandate is that the

25   sentence imposed must not be more severe than necessary to

1    comply with Congress's sentencing objectives.

2          In our sentencing submission, the defense responded to

3    the Government's arguments that suggested that the imposition

4    of a sentence beyond the range provided by the guidelines was

5    warranted.

6          Again, Your Honor, I don't want to be redundant.  I don't

7    want to be verbose, and I'm not going to repeat the arguments

8    that are already included in our sentencing memo.  Without

9    doing this, Judge, I will, however, say that we believe that

10   there is no justification for a finding that Mr. Pina-Nieves's

11   criminal history category was underrepresented, nor that the

12   criminal history of our client bears any reasonable relation

13   nor is comparable to the criminal history of the defendant in

14   the case cited for that proposition by the Government:  *United*

15   *States vs. Flores-Machicote*, 706 F.3d 16 (First Circuit,

16   2013), where the defendant had various narcotics-related

17   offenses that had resulted in no punishment.

18         In addition, Your Honor, we believe that under the facts

19   of this case, the imposition of a sentence outside the

20   sentencing guideline range is likewise unwarranted.

21         United States sentencing guidelines already contemplates

22   a typical case of possession.  A typical case of gun

23   possession, possession by a convicted felon, includes both a

24   defendant that has at least one prior criminal conviction --

25   that is our client -- although, in a typical case, there could

1  be more than one prior conviction; and physical possession of
2  the weapon; that is the heartland case.

3      The Government urges the Court to consider the amount of
4  ammunition found in the Caguas Real home on April the 1st and
5  the fact that there were two weapons found, one of which was
6  modified to fire automatically.

7      But, Your Honor, we must remember that the weapons and
8  ammunition in this case were not found in the physical
9  possession of our client.  On April 1st, the sole date charged
10 in the indictment for possession of those weapons by Mr. Pina,
11 Mr. Pina was not even in Puerto Rico.

12     The evidence presented at trial was unable to establish
13 that he ever physically possessed even one of those guns, nor
14 that there was any evidence suggesting that Mr. Pina was aware
15 that one of those firearms were modified with a chip to fire
16 as an automatic weapon.

17     Neither Mr. Pina's DNA nor fingerprints were present on
18 those weapons.  The evidence at trial reflected that the
19 weapons and ammunitions were found inside a passcode-protected
20 safe inside a home that belonged to Mr. Pina but where he did
21 not reside.

22     There was no evidence produced at trial, nor any
23 inference that could be drawn from any evidence that was
24 presented that my client intended to actually possess the
25 firearms and ammunition found in that home on April 1st, nor

1    that he had ever physically possessed or used these firearms.

2        Despite the large amount of ammunition seized during the

3    search warrant, the Court is aware that the vast majority did

4    not fit the two weapons inside the safe.  In fact, Mr. Pina's

5    fingerprints were only found on one old box of bullets,

6    although not on any individual bullet itself, that was

7    compatible with a rifle that he had previously owned.

8        In candor, there were 173 bullets that were compatible

9    with those two handguns found in the safe.  Thirty-five of

10    these were compatible with the 9mm that was modified Glock,

11    less than one box, and approximately three boxes of ammunition

12    for the other handgun.

13        When viewed in light of the evidence presented at trial

14    and the offenses charged, however, these facts do not suggest

15    that my client's constructive possession of these items posed

16    a danger to the community.

17        Finally, the dangerous nature of modified Glocks is a

18    factor already contemplated in the guideline calculation and

19    were worked into the mix when the Sentencing Commission set

20    the base offense level.  For that we cite to the case of

21    *Rivera-Berrios*, 968 F.3d at 136 and 137.

22        We know that Your Honor has carefully reviewed these

23    submissions, as well as the presentence investigation report

24    prepared by the probation office in this case, which contains

25    a very thorough account of Mr. Pina's life and person.

1  Without reviewing, again, his entire personal trajectory, I
2  would, however, like to highlight certain aspects of his life,
3  which reveal his essence as a person.

4      At the young age of 21, Mr. Pina-Nieves lost the person
5  he loved more than anyone on this earth, his father, Rafael,
6  with whom he had worked since he was 19 years old.  On
7  May 24th, coincidentally, Your Honor, today is one of the
8  anniversaries of Mr. Pina's father's death.  His father
9  suffered a sudden stroke, from which he never recovered.  They
10 were inseparable; and beyond the father-son relationship, they
11 were best friends.  Mr. Pina felt lost and overwhelmed by the
12 responsibility assuming the stewardship of Pina Records and
13 continuing his father's legacy at the age of 21.

14     However, he did not cower from this challenge.  His
15 perseverance and his work ethic led the company to a path of
16 entrepreneurial success.  Today, that company, Pina Records,
17 directly employs approximately 50 employees and indirectly
18 employees about 100.  But beyond the demands of successfully
19 administering the company, Mr. Pina-Nieves also had to assume
20 responsibility for his younger paternal sister, María
21 Fernanda, who was only six years old when her father died.
22 María Fernanda describes her brother more like a father figure
23 and a constant presence in her life.  Due to her brother's
24 emotional and financial support, María Fernanda was able to
25 complete her studies.  To this day, they continue to be close,

1    and she is still reliant on his support.

2         Mr. Pina-Nieves has a social conscience beyond his family

3    members.  He has shared his financial success with others in

4    Puerto Rico that have encountered difficult situations,

5    including the trying events that have shaken Puerto Rico

6    during the passage of Hurricane Maria.  And these events, Your

7    Honor, are noted in the PSR, including his donation of 200

8    generators to needy families, ice to the members of the

9    community, and others that I'm sure the Court has reviewed.

10        The sense of commitment and love for his family members

11   has been most powerfully displayed in Mr. Pina's relationship

12   with his four children and his fiancee, Natalia.  They are

13   here today, although the baby was not brought to court, Your

14   Honor.

15        And although Mr. Pina is a public figure, he spends most

16   of his time with his family.  The children, these four

17   children are the essence of his life, and they deeply rely on

18   him for guidance and a sense of security, as well established

19   in the PSR.

20        In closing, Your Honor, we ask that imposing sentence on

21   Mr. Pina today, the Court consider the totality of who this

22   person is and the accomplishments that he has achieved, his

23   acts of kindness and his love and dedication to his family and

24   children, in fashioning a sentence that will allow him to

25   remain with his children without -- with any restriction this

1   Court deems appropriate.

2       Your Honor, I know that my client would like to address

3   the Court.  Before he does so, I would ask the Court's

4   indulgence, if the Court would allow me to call to the podium

5   Mr. Pina's aunt, Susana Pina, who would like to say just a

6   brief few words to the Court on behalf of the family.

7       THE COURT:  But -- of course, but what is your sentencing

8   recommendation?

9       MS. DOMINGUEZ:  As indicated in our PSR, Your Honor, we

10  are requesting that the Court fashion a sentence that does not

11  include incarceration to allow Mr. Pina-Nieves to remain with

12  his children and continue raising his children with any

13  conditions the Court deems appropriate.

14      THE COURT:  Would that include probation or any type of

15  restriction, such as home detention or home incarceration?

16      MS. DOMINGUEZ:  Yes, sir.

17      THE COURT:  Okay.  Before I hear from the Government, I

18  will hear from Mr. Pina's aunt.

19      MS. DOMINGUEZ:  Thank you, Your Honor.  Susana.  Your

20  Honor, with the Court's indulgence, Susana Pina will be

21  addressing the Court in Spanish, but I have the written

22  statement to give to the interpreter.

23      THE COURT:  Okay.  So what we will do, as we always do,

24  is have her read the entire statement in Spanish, and then it

25  would be given to the interpreter for translation.

067

1    MS. DOMINGUEZ:  Yes, sir.

2    THE COURT:  Ma'am, would you state your name, please?

3  What is your name?

4    MS. PINA-GOMEZ:  My name is Susana Pina-Gomez.

5    THE COURT:  Are you vaccinated, ma'am?

6    MS. PINA-GOMEZ:  Yes, Your Honor, the three doses.

7    THE COURT:  All right.  So you may remove your mask.

8    All right.  Ms. Pina, please go ahead.  Read your entire

9  statement in Spanish.

10    MS. PINA-GOMEZ:  As I said before, good morning to all,

11  especially Honorable Judge Francisco Besosa.

12    THE COURT:  Wait a minute -- wait a minute.  Ms. Pina,

13  are you reading?  I need you to read what you wrote.

14    MS. PINA-GOMEZ:  Okay.

15    THE COURT:  All right, go ahead.

16    MS. PINA-GOMEZ:  Okay.

17    MS. DOMINGUEZ:  Your Honor, may I approach the

18  interpreter?

19    THE COURT:  Yes, you may.

20    MS. PINA-GOMEZ:  (Through interpreter. )  As I said

21  before, good morning to all, especially Judge Francisco

22  Besosa.

23    Honorable Judge Besosa, I thank you for the opportunity

24  provided to me.  I am Mrs. Susana Pina, the aunt of Raphy

25  Pina, and I come in representation of his children and

1  relatives.

2      I would like to briefly express to you who is Raphy Pina,

3  the human being.  At his early age of 20 years of age, he lost

4  his hero, his father, Rafael Pina, one of the saddest and most

5  difficult times for him, who instilled the love in him towards

6  work, the sense of responsibility, and respect to others.

7      Raphy, with all of his pain, has the strongest assignment

8  to continue with the legacy that his father had left him.

9  Since he had to generate the income to support his little

10  sister of barely six years of age, and the widow, a great

11  responsibility he assumed with much love and effort.

12      Raphy is an excellent father, not only as a supplier, but

13  also as he covers all the needs of his children; and, in

14  addition to that, he provides for their education and allows

15  some time -- quality time with them.  He's always with them.

16  As a matter of fact, he bought them two houses in the same

17  development to be able to spend time together and always be

18  with them.

19      In addition to the support -- the child support he has

20  established for each one of his children, he also helps,

21  greatly, his former spouses.  He covers their school, medical

22  plan, vacation, pastimes, and clothing, with a purpose so that

23  the children do not lack anything in the end.

24      Raphy is a marvelous human being.  He always contributes

25  to the needs and the events that have affected Puerto Rico.

1  He does not need to be asked for it.  He's willing to help.
2  He does many charity work anonymously.  Raphy invests his
3  capital in Puerto Rico to help in financial development of the
4  island, generating employment, and creating productions with
5  artists at a high level, which, in turn, provide taxes to
6  Puerto Rico, as it was in 2019, the concerts that he produced
7  for the artist, Daddy Yankee, generating the visits of
8  hundreds and hundreds of tourists to participate in such a
9  great event where he moved the economy at the level of hotels,
10  restaurants, tourist areas; and for said production, the
11  Puerto Rico Choliseo was able to financially subsist the
12  problems in the pandemic.
13      At this time, he is developing one of the greatest tours,
14  at an international level, in the history of a artist of an
15  urban genre in Puerto Rico.  I am referring to the farewell
16  from the stage of Daddy Yankee, who will represent -- which
17  will represent a great contribution to tourism and the
18  economy.
19      Raphy does not represent a danger to our society.  He's
20  not a criminal or a drug dealer, and much less a tax evader,
21  as it has been attempted to be portrayed.  He's a successful
22  young producer who has worked very hard to make his dreams
23  come true, fighting for the well-being of his family.  And he
24  has four big reasons in his life:  His children, his spouse,
25  his family, his artists, his employees, and his businesses.

1    I would like to conclude with a petition for you, Your

2  Honorable Judge, that has been made by your -- by their

3  children -- his children:  Mia, Antonio, and Rafael.  They

4  thank you dearly for having allowed them to enjoy his father

5  during Christmas.  Thank you for accepting changing the date

6  for his father to be able to attend Antonio's graduation, that

7  you allowed them the opportunity to continue to spend time

8  with their father that they need so much, and be able to spend

9  a happy Father's Day with him.

10    These and many other reasons are those why we ask you to

11  grant the petition of freedom under probation that has been

12  asked by the attorneys while he's in the appeal process.

13    May God illuminate you and bless you with many, many

14  blessings.

15    Thank you.

16    THE COURT:  Government.  Mr. Ruiz.

17    MR. RUIZ:  Yes, Your Honor.  May I remove my mask, Your

18  Honor?

19    THE COURT:  Yes, you may.

20    MR. RUIZ:  May we have the Elmo on, Your Honor?

21    THE COURT:  Please put the Elmo on.

22    MR. RUIZ:  Your Honor, I want to start by -- the

23  presentence report, we don't have any objections to the

24  presentence report.  We were -- we noticed that something was

25  not in the presentence report that I think is important to

1   highlight, and it's been mentioned today here, the concerts
2   that Mr. Pina produced in December -- in December 2019 with
3   Daddy Yankee at the Choliseo, and I think they -- they touch
4   upon this case in a sense.

5       *Primera Hora* reported on December 7 -- on December 8,
6   actually, 2019, that Mr. Pina's office in Caguas -- if you
7   look at the presentence report, Your Honor, Mr. Pina disclosed
8   to the probation officer that that location was his office,
9   but there's no information in the presentence report that that
10  office was shot, tiroteada, on December 7, 2019.  There's
11  nothing in the presentence report as to that.  And I don't
12  blame the probation officer.  They are not -- they don't have
13  to ask questions as to what other people shot at, but also
14  here we had information about the concerts at the Choliseo
15  that were ongoing during that time.

16      There was a Friday that Daddy Yankee gave a concert and
17  Saturday and so forth.  And that the Choliseo was also shot
18  at, at 4:00 a.m. in the morning.

19      So why is this relevant?  Because everything that has
20  been said about Mr. Pina that he produced this --

21      THE COURT:  Please address the Court.

22      MR. RUIZ:  That he produces music -- yes, I will -- that
23  he produces music, and that's his business, but obviously,
24  somebody is sending a message with this conduct to his office
25  and the place of the concert, and I don't think the bullets at

1   the Choliseo were part of the show.

2      Why is that important?  Because this occurs on December

3   of 2019, December 7, two months before the recording that we

4   have in this case.

5      Can we switch to the PowerPoint now, please, Mr. Flaquer?

6      Two months before the recording, which is on February the

7   6th.  Now, before I go to February the 6th -- well, let's go

8   to February the 6th.

9      (Recording played.)

10    MR. RUIZ:  There he says that in Caguas Real, this

11   is -- he has everything, has his money, his pistolas -- which,

12   I know the official transcript says gun -- guns, but it's

13   pistolas, pistols, in the plural, so at least two; rifles, in

14   the plural, that means at least two; and bullets -- and

15   something that I noticed in this case, is that the bullets

16   have been taken very lightly in this case, very lightly.  All

17   the focus is on the pistols; and the pistols -- there's just

18   two pistols, two guns.  And that's why I believe that the

19   guidelines are inadequate in this case.  And I will go more

20   into that.

21      But the defense, in their motion, and today, told you

22   that there was a significant number of bullets that pertained

23   to his firearms that he used to have before.  Do you remember

24   the defense's theory in this case, Your Honor, was that the

25   recording was on February the 6th, but that on April the 1st,

those weapons that were found there were not his?  They were

somebody else's weapons that they must have placed them in the

vault.  But now, suddenly, the defense is saying, well, the

bullets, some of the bullets are his.  We have that here at

the sentencing hearing.

Now, in the sentencing memo for the defendant, the

defense is asking you to disregard the importance of all these

bullets together.  It's not 10, 20, 100 bullets.  It's

526 bullets of 10 different calibers.  Seven of those calibers

could fit his ten prior weapons, but there were three calibers

that didn't.

So the defense is telling you, don't give any importance

to those bullets, to the 357-caliber rounds, the -- also no

importance to the 380, .45-caliber; no importance to the

7.62-millimeter rounds for -- that fit a prior rifle that he

used to have; and no importance to the -- to a five -- let me

see if this will turn on now -- 5.7-millimeter round; and then

no importance to the calibers for weapons that he never

possessed before, including a shotgun, rounds for another

rifle.  And then I go back to the rifles, plural, two.  Why is

the "plural" important?  Because the guidelines give you an

enhancement when there's three or more firearms.  And in this

case, the date of the search, there were only two.

But the fact that he said "rifles," is that relevant

conduct?  Oh, yes, it is.  But you know what effect it has on

1    the guidelines in this case, Your Honor?  Zero effect.  That's

2    why the guidelines are inadequate to determine the seriousness

3    of the offense.  He was possessing less weapons on April the

4    1st than he was possessing on February the 6th.

5        So this is the evidence that you would have to forget

6    about:  The ammunition, the number of ammunition, and the

7    different number of calibers; and the sentencing guidelines

8    don't say anything as to -- they don't consider it.  You can

9    have a million bullets.  Nothing.  And I believe, in this

10    case, and given the recent opinion regarding the issue of

11    using societal factors in the community, you can't do that

12    by -- by your own for a variance, we're saying, Your Honor,

13    this evidence of the ammunition is evidence pertaining

14    specifically to the defendant, not to the society, not to the

15    community; the number of rounds, and it's not taken into

16    consideration properly in the guidelines, and we're not asking

17    Your Honor to sentence him to the statutory maximum 10 years,

18    9 years, 8 years, 7 years.

19        If you look at the sentencing recommendation of the

20    probation office, it's 33 to 41 months, right?  What are we

21    asking?  A range of 46 to 50 months.  In terms of guidelines,

22    it's, like, a two-level increase.  It's not a dramatic

23    increase.  And that latest opinion from Flores-Gonzalez tells

24    that the more dramatic the increase, the greater the

25    justification.  We are not asking for a dramatic increase at

1    all, but it amounts to a two-level increase.

2         Now, on February the 6th -- let me see if this will work.

3    There you go.

4         On February -- this is a case that I agree, it's out of

5    the heartland.  It's not your typical felon-in-possession

6    case.  You know why?  Because there's overwhelming evidence of

7    guilt.

8         You have, first, the defendant saying, of all the places

9    where he has his weapons, he says in the recording exactly

10   where he has his weapons.  And the agents, what did they do?

11   They searched that location, and they found money, which he

12   stated so, guns, and the word again "pistols," they found two.

13   They didn't find rifles, but they found ammunitions to fit two

14   different rifles and bullets.

15        See, the defendant -- it was important for the defendant,

16   his bullets.  He mentioned it on February the 6th.  So the

17   agents, on April the 1st, 2020, conducted a search warrant and

18   found the evidence that is in this case:  The two pistols, the

19   bullets, one of the cases had his fingerprint.

20        So you have, in the case, him saying that he has bullets

21   and weapons in a place, and the agents seizing them; but

22   that's not all that you have.  What else do you have, Your

23   Honor?  You have a motion filed by the defense attorneys in

24   this case, two days before trial, where the defense attorney

25   said, "Just the fact that the Government learned that the

1  defendant was resigned to the fact that he would have to spend
2  time in prison is a tremendous advantage to have in plea
3  negotiations."
4       What's missing in this case, Your Honor?  You know what's
5  missing in this case?  Acceptance and repentance.  Because
6  everything else is here.  The evidence is here.  Defendant's
7  recognition of the ownership and possession, because this is
8  not -- this is not him saying, Oh, I have fulano's bullets and
9  firearms are at the house.  No, no, no.  "My pistols, my guns,
10  my money" in his residence.  And they were discussing that
11  day, Your Honor, moving the contents of the vault, which
12  included the firearms, to the residence in Ciudad Jardin where
13  he was living.  He was making acts of disposition of the
14  evidence.  And defense counsel makes a big deal that this is a
15  case of constructive possession.  There's no physical
16  possession.
17       How many cases do you have, Your Honor, where they find a
18  firearm in the trunk of a car?  And what kind of possession is
19  that?  Constructive possession.  That's the bread and butter
20  here, every day.  Here, you have him saying it, you have the
21  agents seizing the evidence, and you have the attorney saying
22  the best argument that defeats the probation request here.
23  Here now today, they're asking for probation, right?  But the
24  defense attorneys told you, in a motion, that he is resigned
25  to spend time in jail.  Why?  Because the defendant knows the

1  seriousness of the conduct here.  He knows he doesn't deserve

2  probation.  Even with all the good deeds that he's done, he

3  knows all his good deeds, and he knows, even with all that,

4  he's supposed to go to jail.

5  Now, this is -- Your Honor is going to impose the

6  sentence.  The range for the probation office is 33 to

7  41 months.  We believe that 46 to 50 is the appropriate range.

8  Slightly higher than the probation office.  Now, we say it's a

9  range.  You know why?  Because it depends on something that's

10  very important.  It's called repentance.  The probation office

11  interviewed the defendant, and he had a chance -- and I know

12  the defendant's rights.  He has a right, if he doesn't want to

13  speak to the probation office.  It's his entire right,

14  complete right.  If he doesn't want to make an allocution

15  here, he's in his complete right.  But in order for Your Honor

16  to know if this defendant is on his way to rehabilitation, you

17  need something to hat your hang -- to hang your hat on.

18  Imagine if the defendant would have said to the probation

19  officer:  Yes, I went to trial.  I was found convicted.  Those

20  were my weapons, you know, in my house.  I took

21  responsibility.  I really feel bad for the sorrow I have

22  caused my family and friends.  And I am repentant.

23  And then what would the probation officer have to do?

24  She would have to write that down in the -- and then, I could

25  say to you -- not the defense attorney -- I could say to you:

1  It seems like this defendant is on his way to rehabilitation,
2  because the sentence, in federal courts, has more than one
3  purpose.  It has punishment -- a punishment component, and it
4  has a rehabilitation component.  And when somebody is already
5  on his way to rehabilitation, the punishment doesn't have to
6  be that big, because we all want everybody to rehabilitate
7  themselves, but it's really hard -- I would say, Your Honor,
8  it's impossible for someone to rehabilitate himself from
9  conduct that the person doesn't recognize was wrong.
10      And it is so little -- so little.  You have him saying it
11 in the tape.  You have the weapons seized.  You have the
12 attorney saying he's resigned to go the jail.  The only thing
13 missing is, I'm sorry I did this, and I'm repentant.
14      Now, that's not here yet.  He has an allocution.  I don't
15 know what he's going to say, but as long as there's no
16 repentance in this case, then the Government has to go into
17 society-protection mode.  When somebody doesn't recognize his
18 offense, we have to assume, well, the person is not
19 susceptible to rehabilitation.  And that would dictate that we
20 recommend the higher end.
21      But if there would have been any indicia that he was
22 repentant and on his way to rehabilitation, Your Honor, I
23 would stand in front of you and say, "Your Honor, give him the
24 lower end of whatever guideline range applies here."  And
25 that's our sentencing position, Your Honor.

1    THE COURT:  I have a question for you, Mr. Ruiz.  You

2  emphasize the issue of repentance.  Had Mr. Pina shown

3  repentance during his interview with the probation officer,

4  would that generate a reduction in his offense level?

5    MR. RUIZ:  It would certainly generate a reduced sentence

6  recommendation from our office, Your Honor, yes.

7    THE COURT:  All right.  Thank you.

8    MS. DOMINGUEZ:  Your Honor, may I briefly respond?

9    THE COURT:  Yes, of course.

10   MS. DOMINGUEZ:  Thank you, Your Honor.

11   I think the answer, respectfully to the Court's question,

12  is that it would not, because I don't believe that, under the

13  law, he would be entitled to acceptance of responsibility

14  under the facts of this case.

15   Your Honor, again, the Court presided over this trial.

16  The Court doesn't need me nor Mr. Ruiz to tell the Court what

17  the facts of this case were, as determined at trial.  We have

18  never changed our theory.

19   THE COURT:  Well, you have to remind the Court of what

20  the facts of the case have been in his view.

21   MS. DOMINGUEZ:  Yes, sir.  We have never changed our

22  theories, by the way.  It has been the Government, in trial,

23  and in the briefing process, that has conceded that much of

24  the ammunition that was found in the safe corresponded to

25  weapons the defendant previously owned; and, in fact, there

1   was an exhibit to that effect that the Government introduced
2   at trial.
3       In any event, Your Honor, let me be very clear:  The
4   defendant has been instructed, during the PSR interview and in
5   his allocution here today, that he is not to discuss the facts
6   of this case.  And I don't believe that in order for him to
7   persuade this Court that he has pledged to be a law-abiding
8   citizen and that he is focused on his family, his children,
9   and his business, he needs to waive his appellate rights that
10  the law affords him.  So that is the reason, Judge, why he did
11  not discuss the facts of this case with the probation officer
12  and will not do so during his allocution, was on advice of
13  counsel.  So if there's anyone to blame for that, it is me,
14  Your Honor, not my client.
15      The Government urges this Court to consider the amount in
16  ammunition that was found in the home of Caguas Real on April
17  the 1st.  We know that there were all -- also two weapons
18  found, one of which was a modified Glock.  And the Government
19  suggests that this is a basis for an upward variance; but, in
20  fact, Your Honor, Mr. Ruiz recognized that this is a case
21  outside of the heartland, that it involves constructive
22  possession.
23      However, he attempts to, somehow, soften the impact of
24  the facts of this case where the weapons were found inside a
25  safe that was passcode protected in a house where my client

1  did not live, by saying, Well, there are other cases where
2  guns are found in a trunk, and that's constructive possession,
3  too.

4      I don't mean to be disingenuous with this Court, but the
5  facts of Mr. Pina's case are dramatically different than that.
6  Constructive possession is any type of possession where the
7  weapon is not physically in the control of the defendant, as
8  in the case.

9      In the case of a weapon in the trunk of a car which a
10  defendant is driving, clearly the connection is much, much
11  greater than that in Mr. Pina's case, because that weapon is
12  readily retrievable by the defendant and able even to be used
13  by easily moving to the -- the trunk of the vehicle.

14      In the cases cited by the Government in its brief, the
15  guns -- in *Machicote*, the gun was actually in the lap of the
16  defendant.  There was spent -- there was at least one spent
17  cartridge that was found.  There is no evidence that the
18  weapons that were found in that safe were ever even fired.

19      The evidence at trial reflected that Mr. Pina's DNA,
20  fingerprints were nowhere in or around those weapons or any
21  single bullet that was found in that safe.  Mr. Pina, there is
22  no evidence he actually physically possessed any of those
23  items, nor that he ever intended to do so.  And despite the
24  fact that we concede that there was a large amount of
25  ammunition found in that safe, the vast majority has already

1   been argued could not be fired by the weapons occupied at that
2   home, and the Government has brought forth no evidence to
3   suggest that the ammunition was unusually large for two
4   weapons found inside of that safe.
5       The typical box of ammunition contains approximately 50
6   bullets.  Here, the amount of ammunition that corresponded to
7   the modified Glock was less than one box, and the amount that
8   corresponded to other weapons in the safe was approximately
9   three and a half boxes.
10      THE COURT:  What was the caliber of the Glock pistol?
11      MS. DOMINGUEZ:  Nine millimeter, I believe, Your Honor.
12      THE COURT:  And the Smith & Wesson was a .40 caliber?
13      MS. DOMINGUEZ:  Correct, Your Honor.  Now, the last thing
14  I want to say about the Government's argument is that now the
15  Government would have this Court engage in rank speculation
16  regarding the types and number of weapons that may have been
17  present between February the 6th and April the 1st.  They
18  don't know that.
19      Now, they could have set up surveillance on the property,
20  on that house in Caguas Real.  They could have determined if
21  my client, Mr. Pina, went in and out of that house at any time
22  during that period of time, and they didn't do that.  Instead,
23  they come before the Court, and they induce the Court to
24  speculate and to assume those facts, obviously in the worst
25  possible light for my client.  There is no basis for that.

1  There is no basis for them to credibly or reasonably argue the

2  number of weapons and the type of weapons that may have been

3  present in that safe during a temporal scope in which the

4  Government did not conduct any surveillance and has no other

5  evidence to bring forth to the Court in that regard.

6      THE COURT:  Well, they didn't do any surveillance, but

7  they intercepted his phone call.

8      MS. DOMINGUEZ:  They did, Your Honor.  But in that phone

9  call, there is no way to be able to determine, with any degree

10 of precision, the number and amount of firearms that may have

11 been present on February the 6th, the 7th, the 8th, the 9th,

12 the 10th, all the way through April the 1st.

13     THE COURT:  Thank you.

14     MS. DOMINGUEZ:  Thank you, Your Honor.

15     MR. RUIZ:  Your Honor, briefly?

16     THE COURT:  Yes, very briefly.

17     MR. RUIZ:  Very briefly.  Your Honor, it is well-known

18 that preponderance of the evidence is the standard as to

19 sentencing issues here.  And the evidence is that the

20 defendant said, on February 16, pistolas, two; rifles, two.

21 By a preponderance of the evidence, he said rifles, and there

22 was ammunition for two separate rifles found.  By a

23 preponderance of the evidence, he was lucky that there were

24 not more than two weapons there -- it's by a preponderance of

25 the evidence.  What is there to counter it?  Nothing.  And

1   that is why the guidelines do not operate here to provide a

2   just and fair picture in addition to the number of bullets,

3   which the defense is really asking Your Honor to forget about

4   the bullet evidence here, 520 rounds.  So the fact -- it's

5   like -- it's a Cinderella argument.

6       So the fact that the weapons or those rounds were not

7   there, it means they turned into a pumpkin.  It doesn't count

8   for anything.  They're still bullets.  You can still kill a

9   human being with one of those.  So it's 520 bullets and two

10  rifles, and it's preponderance of the evidence, Your Honor.

11      Thank you.

12      THE COURT:  All right.  Thank you.

13      Mr. Pina, is there anything you would like to say?

14      MS. DOMINGUEZ:  Does the Court wish him to step at the

15  podium?

16      THE COURT:  Yes, please.

17      MS. DOMINGUEZ:  Okay.

18      THE COURT:  Mr. Pina, are you going to read something?

19      THE DEFENDANT:  (Indicating in the affirmative.)

20      THE COURT:  Do you have his statement?

21      THE INTERPRETER:  Yes, Your Honor.

22      THE COURT:  Please read your entire statement in Spanish.

23  Lea su, lo que usted escribio completamente en Espanol, por

24  favor.  Please.

25      THE DEFENDANT:  Honorable Judge, good morning.  Today I

1  face the most difficult situation a human being can face in
2  the course of his life, which is losing freedom; freedom that
3  has stopped here, and I intend to save.

4  My parents taught me to work since I was 14 years of age.
5  They showed me that if something did not come out well, to try
6  again; that if I made a mistake, to learn from the same and
7  use it as an experience in the future.

8  In the past, for a lapse in judgement, I was convicted,
9  and I assumed the consequences. As a result of that, I lost
10  my reputation both in the entertainment world, as well as in
11  my personal life. It took me eight years to get back up;
12  eight years that I suffered the worst punishment to taint my
13  father's legacy that on a day like today, when he unexpectedly
14  left for me exactly 22 years ago when he passed.

15  With many sacrifices, I have been able to become a
16  respected businessman in Puerto Rico, both in these very
17  massive events that I hold in the island, as well as for the
18  advertising that I do in Puerto Rico -- of Puerto Rico in the
19  social media. That popularity that I achieved through the
20  social media, I used it to help people in need. And today, I
21  have to, again, face justice for a weapons charge, which I
22  cannot go into details in light of the pending appeal
23  proceedings.

24  Now, what I can say is that since 2018, it was leaked to
25  the media, alleged investigations for alleged drug dealing and

1  money laundering.  None of that, that they were looking for
2  about me, was real.  And no evidence was ever presented of
3  those allegations in a court of law.  But, unfortunately, in a
4  world of perception, those insinuations materialized
5  themselves as the truth in the optics of many.  Again, hurting
6  me, once again, and hurting all of those years that it took me
7  to get up.
8       Adding to this, after producing a historical -- a
9  historic family event in the Colosseum of Puerto Rico together
10 with Daddy Yankee that generated more than 11 million for or
11 towards the depleted economy of Puerto Rico and generating
12 more than thousands of direct and indirect jobs, the
13 Government distorted my efforts, claiming that I never paid
14 taxes for those concerts.  The Government did so through a
15 public motion, which tainted my reputation.  And even though
16 my attorneys explained to this Honorable Court that before
17 collecting that money, I had paid my taxes in 2019, and not in
18 2020, the damage again was inflicted upon my reputation before
19 many.
20      Today, I have a tainted reputation of an alleged drug
21 dealer, money launderer, tax evader, cooperator, which I have
22 been branded with.
23      Today before you I would like to ask, very respectfully,
24 that I be allowed to return to my family that is waiting for
25 me, for his father to go back home with them; allow me to

1    continue to be a present father and continue guiding my

2    children in each one of their stages of growth, and most of

3    all -- most of all, have family warmth, which is my engine to

4    be able to continue to work and contribute to the well-being

5    of many families; allow me to see my daughter, to learn how to

6    walk by herself.

7        Thank you, Your Honor.  Thanks to you, Your Honor, I was

8    able to hold and celebrate her first year of age and attend

9    Antonio's eighth grade graduation.

10       A day such as today, 22 years ago, was the saddest day

11   and hardest day of my life, because it was the day when my

12   great dearest love passed away, my father.  Since I lost my

13   father, I have longed to erase that day, but I have understood

14   that God chose you, and also that today be my sentence for a

15   purpose.  History repeats itself, but today, May 24th, my

16   future and that of my family is in your hands.

17       Thank you.  I would also like to thank all of the people

18   that are seated back there.  Thank you for your support.  My

19   children, I love you up to the day when I stop breathing.  My

20   wife, my brothers and sisters, my mom, all my relatives,

21   thanks -- thank you for being here.

22       THE COURT:  Anything else, Ms. Dominguez or Mr. Ruiz?

23       MS. DOMINGUEZ:  No, Your Honor.

24       THE COURT:  Mr. Ruiz?

25       MR. RUIZ:  No, Your Honor.  Thank you.

1     THE COURT:  On December 22, 2021 -- Ms. Dominguez, would
2     you please approach?

3     MS. DOMINGUEZ:  Yes, sir.

4     THE COURT:  -- with Mr. Pina -- I mean, approach the
5     podium, please.

6     MS. DOMINGUEZ:  Oh, yes, sir.

7     THE COURT:  May I proceed, Ms. Dominguez?

8     MS. DOMINGUEZ:  Yes, sir.  Thank you.

9     THE COURT:  On December 22, 2021, the jury found
10    defendant, Rafael Antonio Pina-Nieves, guilty of counts 1 and
11    2 of the indictment in Criminal Case No. 20-258.  Count 1
12    charged that he violated Title 18 United States Code, Section
13    922(g)(1), being a Prohibited Person, a Convicted Felon, in
14    Possession of Firearms and Ammunition.  Count 2 charged that
15    he violated Title 18 United States Code, Section 922(o),
16    Possession of a Machine Gun.  Both counts are Class C
17    felonies.

18    The November 1, 2021, edition of the Sentencing
19    Guidelines Manual has been used to calculate the guideline
20    adjustments pursuant to the provisions of Guideline Section
21    1B1.11(a).  Counts 1 and 2 are grouped together for guideline
22    purposes pursuant to Sentencing Guidelines Section 3D1.2(d).

23    Based on the provisions of Guideline Section
24    2K2.1(a)(4)(B), a base offense level of 20 has been determined
25    because Mr. Pina's offense involved a firearm, a machine gun,

1    that is described in Title 26 United States Code, Section

2    5845(a), a Glock pistol, Model 19, Serial No. ZUT084, and

3    Mr. Pina was a convicted felon at the time he committed that

4    offense.  He also had, in his possession, a Smith & Wesson

5    semiautomatic pistol, Model SD40 .40-caliber, Serial

6    No. FYK5571.

7        Because Mr. Pina has not accepted responsibility for his

8    offense, his total offense level is 20.

9        Because Mr. Pina has been previously convicted by this

10   Court of violating Title 18 United States Code, Section 1344,

11   Conspiracy to Commit Bank Fraud, in Criminal Case No. 12-215,

12   one criminal history point resulted, which places him in

13   Criminal History Category I.

14       Based on a total offense level of 20 and a Criminal

15   History Category of I, the guideline imprisonment range for

16   Mr. Pina's offense is from 33 to 41 months.

17       There's a fine range of 15,000 to $150,000, plus a

18   supervised release term of not less than one year and not more

19   than three years.

20       The probation officer has correctly adjusted the

21   guideline computations, and the presentence investigation

22   report satisfactorily reflects the components of Mr. Pina's

23   offenses by considering their nature and circumstances.  The

24   Court has also considered the sentencing factors set forth in

25   Title 18 United States Code, Section 3553(a), the amended

090

1   presentence investigation report, the sentencing memoranda

2   filed by -- on behalf of Mr. Pina and by the Government,

3   Mr. Pina's aunt's statements today, arguments by counsel for

4   Mr. Pina and the Government, and Mr. Pina's allocution.

5       The sentencing guidelines, however, do not take into

6   account the amount of ammunition possessed by a defendant

7   charged with possession of a firearm, whether or not it is a

8   machine gun.  Indeed, the First Circuit Court of Appeals has

9   repeatedly held that large amounts of ammunition may warrant a

10  variant sentence above the guidelines because it is a

11  consideration not adequately accounted for in the guidelines

12  and because the ammunition contributes to the lethalness of

13  the firearm.

14      As the Court of Appeals stated in *United States vs.*

15  *Morales-Negron*, substantial amounts of ammunition and multi

16  high-capacity magazines involved in the offense justified an

17  upward variance.

18      Also, *United States vs. Gonzalez-Flores* in which the

19  Court of Appeals held that the district court was entitled to

20  base an upward variance on the especially destructive nature

21  of the firearm, here one modified with an external chip, and

22  the amount of ammunition the defendant possessed where those

23  considerations were not adequately accounted for in the

24  guidelines.

25      And in the *United States vs. Bruno-Campos*, the Court of

1    Appeals held that the sentencing court made pellucid its

2    concerns about the seriousness of such firepower and

3    substantial quantities of ammunition, and those well-founded

4    concerns suffice to remove this case from the heartland of

5    relevant guidelines.

6        Additionally, the Court is taking into consideration the

7    serious and acute problem of gun violence in Puerto Rico, as

8    the First Circuit Court of Appeals has acknowledged it may do.

9    The statistics bear this out.  Higher sentences for

10   gun-related offenses do have a deterrent effect.  Increased

11   sentences for gun-related offenses decrease certain gun

12   violence.

13       Mr. Pina is 43 years old.  He has four dependents and a

14   high school education.  He has gainful employment as the owner

15   of World Music Latino, Corp., doing business as Pina Records,

16   and has no history of using controlled substances.

17       Mr. Pina possessed a Smith & Wesson Model SD40,

18   .40-caliber pistol, Serial No. FYK5571; a Glock pistol, Model

19   19, 9mm caliber, Serial No. ZUT084, altered to shoot

20   automatically as a machine gun; and a total of 526 rounds of

21   live ammunition of different calibers, including 148 rounds of

22   .40-caliber handgun ammunition which fit the Smith & Wesson

23   pistol; 123 rounds of .357-caliber handgun ammunition, three

24   rounds of .45-caliber handgun ammunition, 170 rounds of

25   .25-caliber handgun ammunition, 25 rounds of 9mm-caliber

1    handgun ammunition which fit the Glock pistol, a 12-gauge

2    shotgun shell, three rounds of 5.7-caliber handgun ammunition

3    created for a military-style pistol, 35 rounds of 7.62 AK-47

4    rifle ammunition which can also be used in light machine guns;

5    and, with a proper magazine, in AR-15 assault rifles; and 18

6    rounds of 7.92-caliber rifle ammunition known as the German

7    Mauser bullet first used in the German military Mauser

8    bolt-action rifle and which can now be used in other modern

9    German military rifles.

10        In the *Bruno-Campos* case previously mentioned, the Court

11   of Appeals held that the seriousness of firepower and

12   substantial amounts of ammunition sufficed to move the case

13   from the heartland of the relevant guidelines.  The rifle

14   bullets possessed by Mr. Pina surely meet the serious

15   firepower that the Court of Appeals mentioned in *Bruno-Campos*.

16        A modern machine gun can fire more than a thousand rounds

17   a minute, which allows a shooter to kill dozens of people

18   within a matter of seconds.  Short of bombs, missiles, and

19   biochemical agents, we can conceive of few weapons that are

20   more dangerous than machine guns.  A machine gun is unusual,

21   and outside of few government-related uses, machine guns exist

22   largely on the black market, precisely where Mr. Pina

23   purchased his weapons.

24        Evidence demonstrates -- demonstrated that the firearms

25   he possessed were sold by manufacturers and dealers and then

1  to customers; the Glock in Ohio in 2016, and the Smith &
2  Wesson in 2017 in Tennessee.  So, Mr. Pina purchased these
3  weapons years after his previous conviction, knowing full well
4  that he could not possess firearms after that conviction.
5      Recall that evidence was presented that Mr. Pina
6  purchased his firearms without registering them, as is
7  required with the police, as he himself colloquially said:
8  "They were purchased by cuenta loca."
9      In short, machine guns are highly dangerous and unusual
10. weapons that are not typically possessed by law-abiding
11. citizens for lawful purposes.
12      This is not Mr. Pina's first federal conviction.  On
13  May 13, 2014, Mr. Pina pled guilty to bank fraud in Criminal
14  Case No. 12-215.  He facilitated a fraudulent real estate
15  transaction with a calculated loss of $1,350,000.
16      Mr. Pina could have faced a term of imprisonment of 27 to
17  33 months.  He received a lenient sentence far below this
18  guideline range.  Even the plea agreement in which he entered
19  with the Government was lenient.  The parties stipulated to a
20  total loss of $30,000, which significantly reduced the
21  sentencing guideline.  The plea agreement set forth a
22  guideline range of 8 to 14 months of imprisonment.  Mr. Pina
23  and the Government jointly recommended an even more lenient
24  sentence of four months of imprisonment and four months of
25  home detention, not home incarceration.  The Court imposed a

1    sentence of time served, a total of four days, followed by a
2    supervised release term of two years.  Subsequently after a
3    little more than 13 months, he was granted early supervision
4    termination.

5    Had the Court, in Case No. 12-215, sentenced him, in
6    accordance with the plea agreement, a split sentence of four
7    months incarceration and four months of home detention, he
8    would have received two criminal history points in this case,
9    which would have placed him in Criminal History Category II,
10   not I, and his sentencing guideline range would have been 37
11   to 46 months rather than 33 to 41 months.

12   By receiving the lenient sentence that he did, Mr. Pina
13   had an extraordinary opportunity to lead a law-abiding life.
14   In his allocution in that case, Mr. Pina and his attorney, the
15   same attorney who represents him in this case, stated
16   unequivocally that Mr. Pina had learned his lesson, that there
17   would not be a next time, and that the Court would not see him
18   again.  Those statements may have been true at the time they
19   were made, but they lost their truth when Mr. Pina purchased
20   his weapons illegally.

21   He squandered this opportunity.  After serving an
22   imprisonment of four days and knowing full well he could never
23   possess firearms or ammunitions after that conviction, he
24   failed to abide by the law, and did just that.

25   This Court may consider whether a defendant's criminal

1  history score substantially underrepresents the gravity of his
2  past conduct.

3      In short, there is nothing wrong with the Court factoring
4  a generous prior sentence into the equation.

5      In his home in Caguas Real, of which he had control,
6  Mr. Pina possessed rifles and pistols and admitted that he did
7  so.  Two handguns were found, one of which was a machine gun,
8  and 526 rounds of ammunition of different calibers.  Mr. Pina,
9  during an intercepted telephone conversation, admitted that he
10  also had rifles in that house.  Although no rifles were found,
11  ammunition for handguns and powerful military rifles was
12  found.  Mr. Pina's disregard of the law is not acceptable.

13      Today, Mr. Pina has requested a sentence of probation or
14  of restriction of home detention or home incarceration.  The
15  Government has requested an upper variant sentence of 46 to
16  50 months of imprisonment.  Neitner recommendation is accepted
17  by the Court.

18      After reviewing the 3553(a) factors, the presentence
19  investigation report, the memoranda filed by the Government
20  and on behalf of Mr. Pina, Mr. Pina's aunt's statement, and
21  Mr. Pina's allocution, the Court finds that a sentence at the
22  high end of the guideline range reflects the seriousness of
23  Mr. Pina's offenses, promotes respect for the law, protects
24  the public from additional crimes by Mr. Pina, and addresses
25  the issues of deterrence and punishment.

1    Accordingly, it's the judgement of the Court that Rafael

2    Antonio Pina-Nieves is fined in the amount of $150,000 to be

3    paid forthwith, and is committed to the custody of the Bureau

4    of Prisons to be imprisoned for a term of 41 months as to

5    Count 1 and 41 months as to Count 2 to be served concurrently

6    with each other for a total imprisonment term of 41 months.

7    Upon release from confinement, Mr. Pina shall be placed

8    on supervised release for a term of three years as to each

9    count to run concurrently with each other for a total

10   supervised release term of three years to be served under the

11   following terms and conditions:

12   He shall observe the standard conditions of supervised

13   release recommended by the United States Sentencing Commission

14   and adopted by this Court.

15   He shall not possess firearms, destructive devices, or

16   other dangerous weapons.

17   He shall perform 200 hours of unpaid community service

18   work during his supervision period at a private, nonprofit, or

19   public facility to be selected and under the arrangements that

20   the probation officer may determine.

21   He shall provide the probation officer access to any

22   financial information upon request.

23   He shall cooperate in the collection of a DNA sample, as

24   directed by the probation officer, pursuant to the revised DNA

25   collection requirements and Title 18 United States Code,

1    Section 3563(a)(9).

2         He shall submit himself and his property, house,

3    residence, vehicles, papers and effects, computers, and other

4    electronic communication or data storage devices or media to a

5    search at any time, with or without a warrant, by the

6    probation officer and, if necessary, with the assistance of

7    any other law enforcement officer, but only when the probation

8    officer is discharging his functions and with reasonable

9    suspicion of unlawful conduct or of a violation of a condition

10   of supervised release.

11        The probation officer may seize any electronic

12   communication or electronic device or medium which will be

13   subject to additional forensic investigation for analysis.

14   Failure to submit to a search or permit a seizure may be

15   grounds for revocation of supervised release.

16        Mr. Pina shall warn any other resident or occupant that

17   his premises and residences may be subject to searches

18   pursuant to this condition.

19        Pursuant to the provisions of Title 18 United States

20   Code, Section 3563(a)(5), the Court waives the requirement of

21   mandatory drug testing in the absence of any evidence of

22   current drug use and the low risk of future use of controlled

23   substances.

24        A special monetary assessment in the amount of $100 per

25   count is imposed as required by law for a total of $200.

1    Pursuant to Title 18 United States Code, Section 924(d)
2    and 28 United States Code, Section 2461(c), Mr. Pina shall
3    forfeit, to the United States, any firearm and ammunition
4    involved in the commission of his offenses, including but not
5    limited to one Glock pistol, Model 19, 9mm-caliber, Serial No.
6    ZUT084; one Smith & Wesson Model SD40 pistol, .40-caliber,
7    Serial No. FYK5571; the five hundred and -- 526 rounds of live
8    ammunition of the different calibers already mentioned, and
9    any magazines also seized.
10    Mr. Pina, you have a right to appeal because you were
11    found guilty after a plea of not guilty.  Any notice of appeal
12    must be filed in this court within 14 days of when the
13    judgment will be entered.  You have a right to apply for leave
14    to appeal as an indigent if you are unable to pay the cost of
15    an appeal.
16    Were you to be represented by court-appointed counsel, he
17    or she would continue to represent you through any appeal
18    unless a substitute counsel is later appointed.
19    You will be given credit towards your sentence for any
20    days spent in federal custody in connection with the offenses
21    for which sentence has been imposed.
22    Ms. Dominguez, anything else?
23    MS. DOMINGUEZ:  Your Honor, with the Court's indulgence I
24    would like to address two matters.
25    THE COURT:  Certainly.

1     MS. DOMINGUEZ:  First of all, I would ask that the

2    defendant be given the opportunity to personally surrender to

3    the institution where he will be designated.  And I wanted to

4    ask this Honorable Court to recommend the federal institution

5    of Pensacola.

6     THE COURT:  I don't know if he would qualify for

7    Pensacola, because this is considered a violent crime.

8     MS. DOMINGUEZ:  I believe, Judge, based on my due

9    diligence, that he would qualify.

10    THE COURT:  All right.  Well, if he qualifies for

11    Pensacola, I will recommend that.  If not, any other

12    institution in the State of Florida?

13    MS. DOMINGUEZ:  Coleman, Your Honor.

14    THE COURT:  I'm sorry?

15    MS. DOMINGUEZ:  Coleman.

16    THE COURT:  Coleman or FCI Miami, whichever.

17    Anything else?

18    MS. DOMINGUEZ:  Yes, Your Honor.  I would also, again,

19    reiterate our request that Mr. Pina-Nieves be allowed to

20    voluntarily surrender to the institution of his choice.

21    Mr. Micheo and I make a commitment to this Court that we will

22    personally accompany him to the institution.  I believe that

23    this Court has already pronounced that it does not consider

24    Mr. Pina a flight risk.  If the Court would like me to

25    supplement the record with respect to that, I'm happy to do

1    that.

2          And the second matter, Judge, that I wanted to bring to

3    the Court's attention is that on March the 14, 2022, at Docket

4    Entry 271, Mr. Pina filed a motion for release on bond pending

5    appeal, which is pending resolution by this Honorable Court.

6          THE COURT:  I have an opinion on that.

7          MS. DOMINGUEZ:  Yes, sir.

8          THE COURT:  Which will be entered right after the

9    sentence, and the request for bail pending appeal is denied.

10         MS. DOMINGUEZ:  Yes, sir.

11         THE COURT:  Anything else?

12         MS. DOMINGUEZ:  May our client remain on the same

13   conditions of bond?

14         THE COURT:  Well, let me see what the Government says

15   about voluntary surrender.

16         MR. RUIZ:  Your Honor, based on the circumstances of this

17   case, the criminal history of the defendant, the amount of

18   firearms and ammunition found, as Your Honor has stated, all

19   the circumstances of the case, I believe the defendant should

20   be committed to custody of the Bureau of Prisons right now.

21         THE COURT:  I'm sorry?

22         MR. RUIZ:  The defendant should be committed to the

23   custody of the Bureau of Prisons today, Your Honor.

24         THE COURT:  Okay.

25         MS. DOMINGUEZ:  Would the Court allow me to be heard on

1    that?

2         THE COURT:  Of course.

3         MS. DOMINGUEZ:  Your Honor, for several years now,

4    Mr. Pina has been aware that he was being investigated by

5    federal law enforcement, including for possession of firearms

6    by a convicted felon, and he never fled.

7         When Mr. Pina was indicted, in fact, he was outside of

8    Puerto Rico.  He voluntarily surrendered to the authorities in

9    Puerto Rico and did not flee.  He was permitted to remain in

10   the free community on bond, and even allowed to use his phone

11   during the pendency of the case.  He always returned.  He

12   always met his court appointments, and he -- he was ready to

13   confront his case.

14        During the trial of this case, he never missed a court

15   appearance.  After his conviction, when the Court gave him the

16   opportunity to remain on -- on home arrest, he has complied

17   scrupulously with all of his conditions of release.  He did

18   not flee.  He did not try to flee.  And he is exactly today

19   where he is supposed to be.

20        The Honorable Court noted, after the trial, that it did

21   not consider that Mr. Pina was a risk of flight.  We

22   wholeheartedly agree with that Court pronouncement, and we

23   don't believe that, despite the conviction of Mr. Pina-Nieves

24   today and the 41-month prison sentence imposed by this Court,

25   that he has clearly been aware is -- was a possibility, and

1    even a greater sentence, he is still here.  He is not going

2    anywhere.  First, due to his principles, and secondly because

3    he is not a person that runs from adversity.

4        In addition, Your Honor, the thought that Mr. Pina-Nieves

5    would become an international fugitive to avoid a jail

6    sentence of 41 months is neither reasonable nor

7    irreproachable.

8        Everything that this man loves is on this island:  His

9    wife, his children, his family, his business, all of his

10   assets, his homes; everything is found in Puerto Rico.

11        We ask the Court to allow Mr. Pina-Nieves to surrender

12   directly to the institution to which he is designated.  This

13   will avoid the need for him to endure the very difficult

14   transport process in place by the United States Marshal

15   Service, which will include several stops along the way, under

16   very challenging restrictions in compliance with the COVID

17   protocol.

18        As this Court may be aware, my client is a diabetic; and

19   in the recent past, his diabetes has become wildly, wildly

20   erratic.  He's having a very difficult time controlling that,

21   and this is a condition that would not fare well with the

22   demands of the transport protocol.  Under the facts of this

23   case, with a defendant who has never missed a step with

24   respect to his behavior and the conditions of release, I

25   believe it is wholly unwarranted to expose my client to this

1    risk.

2    Again, Your Honor, Mr. Micheo and I commit ourselves with

3    this Court that we will personally deliver the defendant to

4    his designated institution of choice.

5    THE COURT:  Mr. Ruiz, anything?

6    MR. RUIZ:  Very briefly, Your Honor.

7    Your Honor, you have tried and seen lots of cases of

8    felon in possession with machine guns.  And they never get

9    this; that once convicted, they voluntary surrender, felons in

10   possession, that would be out of the heartland.  And that's

11   why we object, Your Honor.  He should be treated like

12   everybody else.

13   THE COURT:  Okay.

14   MS. DOMINGUEZ:  Does the Court wish me to respond?

15   THE COURT:  Of course.

16   MS. DOMINGUEZ:  Your Honor, I believe that Mr. Ruiz has

17   not specifically made reference to any case.  I know cases

18   where felons in possession, under facts that do not suggest

19   their dangerousness, have been allowed to voluntarily

20   surrender, particularly in COVID protocol.  I know of

21   defendants in narcotics cases that have been allowed to

22   voluntarily surrender where there is no indication they are a

23   risk of flight during -- during this extraordinary COVID

24   pandemic where this process of being transported by the Bureau

25   of Prisons, particularly before a designation is had and a

1    defendant could go to multiple locations, is completely

2    unnecessary, Your Honor.

3        THE COURT:  Well, I'm going to allow Mr. Pina to

4    surrender voluntarily today to the United States Marshal

5    before 3:00 in the afternoon.

6        That will be it.

7                    (Proceeding concluded.)

8                      *  *  *  *  *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                    C-E-R-T-I-F-I-C-A-T-E

2           I, RACHELLE M. ROBINSON-WARE, do hereby certify

3    that the above and foregoing, consisting of the preceding 50

4    pages, constitutes a true and accurate transcript of my

5    stenographic notes and is a full, true and complete transcript

6    of the proceedings to the best of my ability.

7           Dated this 27th day of May, 2022.

8


10                              /s/Rachelle M. Robinson-Ware
11                              RACHELLE M. ROBINSON-WARE, RMR
                                Official Court Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | **CRIMINAL CASE NO:** 20-258 (FAB) |
| v. | |
| **RAFAEL PINA-NIEVES**, | |
| Defendant. | |

**DEFENDANT'S MOTION REQUESTING THAT THE COURT SCHEDULE A
RESENTENCING HEARING VIA VIDEO TELECONFERENCE
AND THAT AN AMENDED PSR BE ORDERED**

COMES NOW the defendant, Rafael Pina-Nieves, and files this motion requesting that his case be set for a resentencing hearing via video teleconference and that an Amended Presentence Investigation Report be ordered.   In support of this request, the defendant respectfully states as follows:

1.  On August 13, 2020, the defendant was the subject of a two-count indictment charging him with Possession of firearms and ammunition by a convicted felon, in violation of Title 18, *United States Code*, Section 922(g)(1) (Count One), and Possession of a Machinegun, in violation of Title 18, *United States Code*, Section 922(o) (Count Two). (Docket 1)

2.  The defendant elected to go to trial, and on December 22, 2021, was found guilty of both counts of the indictment.  (Docket 244, 246)

3.  On May 24, 2022, the defendant was sentenced to 41 months of imprisonment as to Counts One and Two, to be served concurrently with each other, and a term of Supervised Release of three years as to each count, also to be served concurrently with each other. (Docket 331, 334)

107

4. The sentence imposed by the Court represented the high-end of the sentencing range at offense level 20, but the Court declined to impose an upward variant sentence as had been requested by the government.[1]

5. The defendant filed a timely Notice of Appeal of the Judgment entered in the case with the United States Court of Appeals for the First Circuit, Case Number 22-1421. (Docket 335)

6. On January 30, 2023, the First Circuit issued its opinion and issued a judgment confirming the conviction as to Count One (18 U.S.C. § 922(g)(1)), and reversing the conviction on Count Two (18 U.S.C. § 922(o).  (Docket 360)

7. On February 10, 2023, the defendant filed a Petition for Rehearing and Rehearing *En Banc* ("Petition") with the First Circuit.

8. On February 24, 2023, the Petition was denied.

9. A mandate was issued on March 6, 2023.

10. In light of the acquittal of the defendant on Count Two of the indictment, the defendant respectfully requests that the Honorable Court order that an Amended Presentence Investigation Report be prepared and that a resentencing hearing be scheduled.[2]

11. Given the fact that the defendant is currently housed in North Carolina and returning him to the Puerto Rico will involve various stops along the way, under onerous

---

[1]  The government had requested that the defendant be sentence at a range of 46 to 50 months of imprisonment.

[2]  Counts One and Two are interdependent counts because they were grouped together.  PSR para. 23, p. 7; see *United States v. Miller*, 594 F.3d 172, 189 (3d Cir. 2010) (A *de novo* sentencing hearing is appropriate when at least one interdependent count of conviction is vacated); *United States v. Quintieri*, 306 F.3d 1217 (2d Cir. 2002)("When resentencing results from a vacatur of a conviction, we in effect adhere to the de novo default rule…because multiple convictions are "inextricably linked" in calculating the sentencing range under the guidelines."); and *United States v. Genao-Sanchez*, 525 F.3d 67, 72 (1st Cir. 2008)(It was error to fail to resentence the defendant on the sole remaining count of conviction).

COVID-related restrictions, the defendant respectfully requests that the Court permit his resentencing to take place via video teleconferencing. The fragmented transportation procedure employed by USMS is unduly harsh for inmates who suffer from chronic conditions.

12. As the Court is aware, the defendant suffers from diabetes, which has recently been wildly erratic.   During his transportation to North Carolina when he was originally designated, Mr. Pina-Nieves underwent difficult conditions of confinement which gravely impacted his diabetes and required medical attention.[3]

13. Video teleconferencing has been frequently employed since the advent of the COVID-19 Pandemic and provides defendants with an opportunity to meaningfully participate in their proceedings.  As the Court is aware, video teleconferencing has the same legal effect and formality of an in-person hearing.   We respectfully urge the Court to avoid the need to subject the defendant to the difficulties associated with his transfer to Puerto Rico by the USMS, given the availability of a hearing via video teleconference.

14. Mr. Pina-Nieves will consent to video re-sentencing and will knowingly waive any right to be physically present at the resentencing hearing.

**WHEREFORE**, Defendant Mr. Pina-Nieves respectfully requests that the Court grant this motion and schedule this case for a resentencing hearing via teleconference and order that an Amended Presentence Investigation Report be issued.

---

[3]  During his initial transportation to North Carolina, the defendant was denied medication and proper nourishment, resulting in dangerous spiking of his blood sugar levels.  He was also prevented from bathing and exercising basic hygiene.

109

*United States v. Rafael Pina-Nieves*
Case No. 20-00258 (FAB)
Defendant's Motion Requesting Resentencing Hearing
Page 4

---

**RESPECTFULLY SUBMITTED** on this 6th day of March 2023, in San Juan, Puerto

Rico.

**WE HEREBY CERTIFY**: That today we have electronically filed the foregoing

document with the Clerk of the Court for the District of Puerto Rico, using the CM/ECF system

which will send a copy and notification of filing to all counsel of record.

*s/ Maria A. Dominguez-Victoriano*
Maria A. Dominguez-Victoriano
USDC-PR No. 210908
DMR Law LLC
Counsel for the Defendant Rafael Pina-Nieves
Capital Center Building
239 Arterial Hostos
South Tower, Suite 1101
San Juan, PR 00918
maria.dominguez@dmralaw.com
Telephone: 787-332-9970

*s/Francisco Rebollo-Casalduc*
Francisco Rebollo-Casalduc
USDC-PR No. 205603
Law Offices of Francisco Rebollo-Casalduc
P.O. Box 195571
San Juan, Puerto Rico 00919
rebollolaw@gmail.com
Tel. 787-765-0505

110

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES,**

                                          **CRIMINAL NO. 20-258 (FAB)**

**vs.**

**RAFAEL PINA NIEVES,**
**Defendant.**

**MOTION TO STAY PROCEEDINGS PENDING**
**RESOLUTION OF MOTION TO CLARIFY**

      The United States of America moves this Court to stay its Order granting Rafael Pina Nieves a resentencing hearing and ordering a new pre-sentencing investigation report. (ECF No. 366-67). The Court entered its Order the same day Pina requested relief before the United States could respond. Today, the United States has requested that the First Circuit clarify whether its mandate requires a resentencing hearing when its decree was limited to reversing Pina's conviction on Count Two. *See* Addendum. And it has requested that the First Circuit clarify whether this Court complies with its mandate by simply issuing an amended judgment vacating the conviction and sentence for Count Two and refunding the SMA for that conviction. The United States thus requests that this Court stay proceedings pending clarification from the Court of Appeals.

      **WHEREFORE**, the United States respectfully requests that this Honorable Court stay its Order granting a resentencing hearing and ordering the preparation of an amended pre-sentence report pending clarification from the Court of Appeals.

111

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of March 2023.

W. Stephen Muldrow
United States Attorney

/s/ Mariana E. Bauzá-Almonte
Mariana E. Bauzá-Almonte – G00309
Assistant United States Attorney
Chief, Appellate Division
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was uploaded today March 15, 2023, into the Court's website using the CM/ECF system, which shall send notification to counsel of record.

/s/ Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

112

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

APPEAL NO. 22-1421

UNITED STATES OF AMERICA,
Appellee,

v.

RAFAEL PINA-NIEVES,
Defendant-Appellant.

_____

UNITED STATES' MOTION REQUESTING
CLARIFICATION AS TO MANDATE

_____

TO THE HONORABLE COURT:

The United States of America moves this Court to clarify whether its mandate requires a resentencing hearing when its decree was limited to reversing Rafael Pina-Nieves's conviction on Count Two.

Upon the issuance of this Court's mandate, Pina requested from the district court a new pre-sentence report and a resentencing hearing, which the district court granted the same day without providing the United States an opportunity to respond. (DE 366-67). In his motion, Pina did not explain why, not having challenged his sentence on appeal, this Court's mandate

113

entitles him to be resentenced on the remaining count of conviction when his guideline calculation remains the same. Indeed, the United States believes that, with most if not all of the underpinnings of Pina's unchallenged sentence now law of the case, this Court's decree to reverse Pina's conviction on Count Two can be effected with the entry of an amended judgment vacating his conviction on Count Two and the return, if paid, of the $100 SMA for that conviction. Accordingly, the United States seeks clarification as to the scope of this Court's mandate.

It is uncontroverted that on appeal Pina did not challenge his sentence. Pina did not, for example, argue that if he were partially successful, this Court should remand his case for resentencing on any surviving count. After all, Pina's sufficiency claim on Count One faltered in light of what the district court described as "a devastating piece of evidence"—the call where Pina stated, "I have money and I have all sorts of things in [the safe]; my guns, rifles, bullets." (DE 332 at 30). This Court agreed:

> We thus do not see how the transcript may be read other than to show that Pina-Nieves had "some stake in" the firearms and ammunition he called "my" guns and bullets as of February 6, 2020, see Ridolfi, 768 F.3d at 62, a date that Pina-Nieves does not dispute is "on or about April 1, 2020." Accordingly, the government has met its burden to show harmless error because the overwhelming nature of the evidence of Pina-Nieves's

constructive possession of weapons and ammunition "on or about April 1, 2020" makes it "highly probable" that the evidentiary errors did not affect the verdict of guilt on the § 922(g)(1) charge. <u>See Piper</u>, 298 F.3d at 56-58.

*United States v. Pina-Nieves*, 59 F.4th 9, 23-24 (1st Cir. 2023).

While Pina now asserts that "Counts One and Two are interdependent counts because they were grouped together" (DE 366 at 2 n.3), as support for the notion that a resentencing is required, his grouping argument fails to carry the day. Pina received no points for the grouping and his total offense level remains the same with the surviving felon-in-possession count.[1] Simply put, the grouping was without effect. So Pina's only argument in support of resentencing lacks merit and reflects an attempt to obtain a second bite at the apple.

In vacating Count Two, this Court having received no request, did not sua sponte remand the case for a resentencing hearing. This presents a stark contrast to *United States v. Genao-Sanchez*, 525 F.3d 67 (1st Cir. 2008), on which Pina relies. There, this Court's mandate explicitly called for a resentencing

---

[1] Pina does not dispute that one of the firearms was a machinegun, only his knowing possession. The guideline enhancement remains applicable as it has no scienter requirement. *See* USSG § 2K2.1.

115

and, with the vacated counts, the guideline range would *not* necessarily remain the same as to Count One. *Id.* at 70. To be sure, the Court in dicta mentioned that it deliberately omitted affirming the defendant's sentence. *Id.* But there, considering the remand for resentencing on the sole remaining count, it was patently obvious that the sentence on that count was being vacated. At a minimum then, remand is not required by this Court's mandate as Pina suggests by citing *Genao-Sanchez*.

In the absence of a directed remand and without an unbundling of the sentencing package, Pina makes no argument why the district court is obligated to resentence him. Similarly, he makes no argument as to why, if discretionary, the district court should resentence him.

As stated by this Court:

> Our circuit "generally requires that a district court conform with the remand order from an appellate court." United States v. Ticchiarelli, 171 F.3d 24, 31 (1st Cir. 1999). "A district court seeking to determine the scope of remand must therefore consider carefully 'both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" United States v. Dávila-Félix, 763 F.3d 105, 109 (1st Cir. 2014) (quoting United States v. Genao-Sanchez, 525 F.3d 67, 70 (1st Cir. 2008)).

*United States v. Santiago-Reyes*, 877 F.3d 447, 450 (1st Cir. 2017). Here, the record is silent as to the scope of the remand. The "letter" indicates that

116

Pina's conviction on Count Two must be reversed without dictating any further relief. And the "spirit" or purpose is unequivocal, Count Two must be vacated. A resentencing for Pina to now argue why his legitimate unappealed guideline sentence on Count One should be reduced as greater than necessary would be outside the scope, and to the extent discretionary, unwarranted.

Nothing in this record calls into question the reasonableness of Pina's sentence as to Count One, which included possession of the Smith & Wesson, the modified Glock pistol, and ammunition. (DE 1). Pina's success in challenging Count Two was not that the government did not prove the existence of the modified Glock pistol found in the safe in his Caguas home and in turn his constructive possession of the modified Glock. And it does nothing to undermine his constructive possession of the Smith & Wesson pistol. Instead, this Court found that the government failed to prove more than just that when "it failed to identify any evidence in the record that could support a finding beyond a reasonable doubt that he knew as of the relevant time that the modified Glock pistol found had been so modified." *Pina*, 59 F.4th at 17. (citing *United States v. Nieves-Castano*, 480 F.3d 597, 602 (1st Cir. 2007)). The short of it is that Pina's guideline sentencing range remains the

same, a base and total offense level of 20 because he was a convicted felon and one of the firearms was a machinegun. *See* USSG § 2K2.1.

At sentencing, in explaining its reasons for an upper-end-guideline sentence, the district court focused on the amount of ammunition (526 rounds), which is a consideration not accounted for by the guidelines; the especially disruptive nature of a gun modified to fire automatically; "the serious and acute problem of gun violence in Puerto Rico"; that "machine guns exist largely on the black market, precisely where Mr. Pina purchased his weapons," recalling they were "purchased by cuenta loca"; that the two weapons were manufactured and sold after Pina's prior federal felony conviction when he knew he could not possess firearms; and Pina's prior lenient sentence, which failed to deter him despite his statement that he had "learned his lesson" (DE 363 at 35-40). All of these considerations are valid for his remaining count of conviction and reflect that the sentence was not driven by his *knowing* possession of a machinegun. After the Court pronounced its sentence, Pina did not object to the district court's selection of an upper-end-of-the guideline term of imprisonment or challenge any aspect of his sentence on appeal.

Under the doctrine of law of the case, "when an issue is once litigated and decided, that should be the end of the matter," *United States v. United States Smelting Refining & Mining Co.*, 339 U.S. 186, 198 (1950), and "th[e] decision should continue to govern the same issues in subsequent stages in the same case," *Arizona v. California*, 460 U.S. 605, 618 (1983). When an issue is decided by a district court and the losing party does *not* challenge the decision on appeal, the decision of the district court becomes the law of the case. *See United States v. Matthews*, 643 F.3d 9, 12-13 (1st Cir. 2011) ("[T]he doctrine bars a party resurrecting issues that either were, or could have been, decided on an earlier appeal.").

"The black letter rule governing this point is that a legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date." *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). Like res judicata and collateral estoppel, law of the case is a principle of preclusion that "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues,'" *Christianson v. Colt*

119

*Industries Operating Corp.*, 486 U.S. 800, 816 (1988), interests that are particularly compelling in the context of post-conviction proceedings. *See also United States v. Connell*, 6 F.3d 27, 30 (1st Cir. 1993) (explaining that the doctrine "avoid[s] the wastefulness, delay, and overall wheel-spinning that attend piecemeal consideration of matters which might have been previously adjudicated" and that "litigants should not ordinarily be allowed to take serial bites at the appellate apple").

Cases where the appellate court remanded for resentencing are inapposite. *See e.g., United States v. Quinteri*, 306 F.3d 1217 (2d Cir. 2002) (reading the mandate as limited to an identified sentencing error and not a *de novo* sentencing hearing). But even then, this Court has held that "findings and conclusions that are not appealed and are not related to the issues on appeal are treated as settled, unless they fall within an exception to the law of the case doctrine." *United States v. Ticchiarelli*, 171 F.3d 24, 29 (1st Cir. 1999).

Pina has not identified any exception warranting setting aside the law of the case doctrine. And, considering no resentencing was ordered and Pina's failure to appeal his sentence on Count One, the government understands that the district court can effect this Court's mandate by simply

120

issuing an amended judgment vacating Pina's conviction on Count Two and affording Pina no further relief. *See United States v. Almonte-Nuñez*, 771 F.3d 84, 92 (1st Cir. 2014) (remanding for entry of modified sentence because the sentence exceeded the statutory maximum) (citing *United States v. Barnes*, 251 F.3d 251, 261 (1st Cir. 2001) (directing the district court on remand to reduce the term of supervised release, which "can, of course, be accomplished without either disturbing the remainder of the sentence or reconvening the disposition hearing")).

**WHEREFORE**, the United States respectfully requests that this Honorable Court clarify whether the district court complies with this Court's mandate simply by issuing an amended judgment vacating the conviction and sentence for Count Two and refunding the SMA for that conviction.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of March 2023.

W. Stephen Muldrow
United States Attorney

/s/ Mariana E. Bauzá-Almonte
Mariana E. Bauzá-Almonte – G00309
Assistant United States Attorney
Chief, Appellate Division

121

United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was uploaded today March 15, 2023, into the Court's website using the CM/ECF system, which shall send notification to counsel of record.

/s/ Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

122

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **CRIMINAL CASE NO:** 20-258 (FAB) |
| **RAFAEL PINA-NIEVES**, | |
| Defendant. | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## THE GOVERNMENT'S MOTION TO STAY PROCEEDINGS

COMES NOW the defendant, Rafael Pina-Nieves, and files this motion opposing the government's motion requesting a stay of the Court's order directing that an amended Presentence Investigation Report be prepared for Mr. Pina in anticipation of a resentencing in the case. (*See* Docket 370). In support of this request, the defendant respectfully states as follows:

1. As the Honorable Court is aware Mr. Pina-Nieves filed a timely Notice of Appeal of the Judgment entered in the case with the United States Court of Appeals for the First Circuit, Case Number 22-1421. (Docket 335)

2. On January 30, 2023, the First Circuit issued its opinion and issued a judgment confirming the conviction as to Count One (18 U.S.C. § 922(g)(1)) and reversing the conviction on Count Two (18 U.S.C. § 922(o)). (Docket 360)

3. On February 10, 2023, Mr. Pina-Nieves filed a Petition for Rehearing and Rehearing *En Banc*. The First Circuit denied Mr. Pina-Nieves' petition on February 24, 2023.

4. Thereafter, a mandate was issued by the First Circuit on March 6, 2023, concluding the appellate process.

5. On March 6, 2023, the defendant filed a motion requesting that an Amended Presentence Investigation Report be ordered and that the Court permit him to be

123

resentenced via video teleconference, in order to avoid subjecting him to the onerous conditions of in-custody transportation to Puerto Rico for a resentencing hearing. (Docket 366)

6. The Honorable Court granted the defendant's motion and requested that an Amended Presentence Investigation Report be prepared. (Docket 367)

7. On March 15, 2023, nine days after the issuance of the mandate and nine days after entry of the Court's order granting the resentencing request, the government filed a motion requesting clarification as to the mandate with the First Circuit. ("Government's Motion")(*See* First Circuit Case No. 22-1421- Document 00117986389)

8. On that same date, the government also filed a Motion to Stay Proceedings. (*See* Docket 370) The motion seeks to have the District Court hold these proceedings in abeyance pending a ruling from the First Circuit on its motion for clarification.

9. Beyond advising the Court that the motion for clarification was filed with the First Circuit, the government has not provided any justification for entitlement to a stay of these proceedings, nor articulated any prejudice that will inure to the government in the event the stay is denied. For the reasons discussed below, the Court should not stay the resentencing proceedings in this case.

10. Firstly, the request for Clarification filed before the First Circuit is much more than a call for guidance from the First Circuit on the nature of its mandate. The motion, misleadingly titled "Motion Requesting Clarification as to Mandate", is a pretext to advocate before the First Circuit that a resentencing hearing is not required in this case, and that the order of the District Court granting the request for a resentencing hearing constitutes legal error. A plain reading of the government's motion makes clear that

124

*United States v. Rafael Pina-Nieves*
Case No. 20-00258 (FAB)
Defendant's Motion in Opposition to a Stay
Page 3

the filing is, in a very real sense, an appeal from the District Court's order at Docket No. 367, which is at the very least procedurally premature. The motion is a disguised Petition for Writ of Mandamus couched as a Motion for Clarification.

11. Furthermore, the government's motion does not truly seek clarification, rather it entreats the First Circuit to modify the judgment by including language that is consistent with the position advocated by the government, that is, that a resentencing hearing is not required.

12. Second, the issuance of a Mandate by the Court of Appeals returned jurisdiction of the case to the District Court.  (*See* Docket 368)

13. Thus, if the government was of the opinion that a resentencing hearing was not legally required, the proper course of action would have been to file a motion for reconsideration of the order in the District Court. Instead, the government seeks to usurp the powers of the District Court by inviting the intervention of the Court of Appeals through the filing of a hybrid and pretextual pleading which questions the legal soundness of the Court's order.

14. Furthermore, the Court's decision to reschedule the case for a resentencing hearing and to order an amended Presentence Investigation Report is a prudent and sound approach, that follows established legal precedent in the First Circuit.

15. Specifically, the First Circuit has recognized that "an appellate ruling … reversing some, but not all, counts of an Indictment may implicate the trial judge's comprehensive, interdepending imposition of a penalty and thus require resentencing on all counts".  *United States v. Pimienta Redondo*, 874 F.2d 9, 16 (1st Cir. 1989).

16. The case of *United States v. Melvin,* 27 F.3d 710, 712 (1st Cir.1994) is also instructive. There, the First Circuit noted that legal precedent required resentencing in cases where some counts were reversed on appeal.  The Court's ordering of a new Presentence Investigation Report and a potential resentencing hearing, therefore, is undeniably consistent with the law in the First Circuit, regardless of whether or not the mandate explicitly calls for resentencing.[1]

17. The government, in contrast, by advocating in support of allowing the sentence imposed as to Count One to remain intact, proposes a superficial and stereotypical approach, which undermines the ample sentencing discretion afforded to the District Court and the discretionary nature of the Sentencing Guidelines (*See* Government's Motion at 3.)

18. The government attempts to derail a resentencing hearing by claiming that the guideline sentencing range will not be altered as to the surviving count (Government's Motion to Stay at 4-5). But this fact is not decisive. In the case of *United States v. Genao-Sanchez,* 525 F.3d 67, 70 (1st Cir. 2008), the First Circuit reasoned that a resentencing was justified even where the guideline sentencing range might or might not remain the same as originally calculated.  "With the grouped counts dropped out of the equation, the appellant's GSR will now depend on the district court's factfinding."  *Id.*

---

[1] The Second and Third Circuits also subscribes to the same legal principle.  The Second Circuit has ruled that when a conviction is vacated on direct appeal rather than on a habeas petition, the defendants are entitled to resentencing *de novo.  See United Sates v. Peña,* 58 F.4th 613, 618-19, relying on *United States v. Rigas,* 583 F.3d 108 (2d Cir. 2009); *see also United States v. Quintieri,* 306 F.3d 1217 (2d Cir. 2002)("When resentencing results from a vacatur of a conviction, we in effect adhere to the de novo default rule…because multiple convictions are "inextricably linked" in calculating the sentencing range under the guidelines.")   The Third Circuit has similarly reasoned that a *de novo* sentencing hearing is appropriate when at least one interdependent count of conviction is vacated. *See United States v. Miller*, 594 F.3d 172, 189 (3d Cir. 2010)

19. The government also suggests that a resentencing hearing is improper because Mr. Pina-Nieves "did not challenge his sentence". (Government's Motion at 2.) However, the cited case law supports the proposition that when counts carrying different guidelines are vacated, a resentencing is implicit even in the absence of an appeal challenging the sentence as if both counts were sufficiently proven. *Id.*

20. Finally, the government, in its Motion, attempts to impugn Pina-Nieves' suggestion that Counts One and Count Two are interdependent counts because they were grouped together for sentencing, but they offer no legal guidance to suggest otherwise.[2] This, too, is fatal to their argument, as it is well-settled law that issues not raised or "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990).

21. The overriding principle in this process is that the District Court has ample discretion to assess the facts of the case, in light of the First Circuit opinion, and to decide the sentence that the Court will impose, based on its evaluation of the applicable Section 3553 sentencing factors. Whether the guideline interpretation of the government is meritorious or not is a matter within the District Court's sound discretion.   It is for the District Court, not the government, to determine the appropriate sentence for Mr. Pina-Nieves.  In reaching this conclusion the Court is not curtailed by the the Sentencing Guidelines nor the existence of any minimum mandatory sentence. The Court is to be guided by its judicial conscience in fairly assessing the statutory sentencing factors and how they should be applied to the case.

---

[2] The government suggests that that fact that the defendant did not receive and points for grouping somehow derails the concept of "interdependence" but offers no legal authority for this proposition.

127

22. The Court operated within the comfortable boundaries the law provides sentencing courts in ordering the preparation of an amended Presentence Investigation Report and granting the request for a resentencing hearing. Accordingly, the Government's Motion to Stay should be denied.

**WHEREFORE**, Defendant Mr. Pina-Nieves respectfully requests that the Court deny the stay requested by the government for the reasons herein discussed.

**RESPECTFULLY SUBMITTED** on this 16th day of March 2023, in San Juan, Puerto Rico.

**WE HEREBY CERTIFY**: That today we have electronically filed the foregoing document with the Clerk of the Court for the District of Puerto Rico, using the CM/ECF system which will send a copy and notification of filing to all counsel of record.

**DMR Law LLC**
Counsel for the Defendant Rafael Pina-Nieves
Capital Center Bldg.
Suite 1101
San Juan, PR 00918
Tel. 787-331-9970

*s/ Maria A. Dominguez-Victoriano*
Maria A. Dominguez-Victoriano
USDC-PR No. 210908
maria.dominguez@dmralaw.com

*s/ Javier Micheo Marcial*
Javier Micheo Marcial
USDC-PR No. 305310
javier.micheo@dmralaw.com

*s/Francisco Rebollo-Casalduc*
Francisco Rebollo-Casalduc
USDC-PR No. 205603
Law Offices of Francisco Rebollo-Casalduc
P.O. Box 195571

128

*United States v. Rafael Pina-Nieves*
Case No. 20-00258 (FAB)
Defendant's Motion in Opposition to a Stay
Page 7

San Juan, Puerto Rico 00919
rebollolaw@gmail.com
Tel. 787-765-0505

129

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**RAFAEL A. PINA-NIEVES,**<br>**Defendant.** | **CRIMINAL NO. 20-258 (FAB)** |

**UNITED STATES INFORMATIVE MOTION AND**
**MOTION REQUESTING ORDER**

TO THE HONORABLE COURT:

The United States of America, for the reasons set forth below, very respectfully requests that the Court issue an amended judgment in this case, vacating the sentence and conviction for Count Two but leaving the 41-month sentence for Count One intact.

1. As ordered by this Honorable Court, an Amended Pre-Sentence Investigation Report (PSR) was filed on March 23, 2023. ECF No. 376.

2. No changes to the Base Offense Level (BOL), nor the Total Offense Level (TOL) originally calculated were made. As such, notwithstanding the fact that the Court of Appeals reversed the conviction as to Count Two of the Indictment, the BOL and TOL remained at 20. ECF No. 376.

3. The United States has no objections to the amended PSR filed yesterday.[1]

---

[1] We note however that as per the statute, the new maximum statutory sentence for a violation of 18 U.S.C. §922(g)(1) is 15 years. This new statutory maximum does not apply to Pina's conviction since at the time he committed the offense the maximum statutory was 10 years.

130

4. For the reasons argued in the addendum filed at ECF No. 370-1, the United States requests that the Court enter an amended judgment vacating the conviction and sentence for Count Two of the Indictment and refunding the Special Monetary Assessment for that conviction, leaving the 41-month guideline sentence and the supervised release term for Count One intact.

5. Finally, in his opposition to the government's motion for a stay, Pina indicated that the Court was acting within its discretion in granting his request for a resentencing hearing. (ECF No. 372 at 5-6). However, Pina did not argue that this Court was required to convene a resentencing hearing.  For the reasons previously stated a resentencing hearing is not necessary.

**WHEREFORE**, the United States respectfully prays this Court takes notice of this motion and for the aforementioned reasons enters an amended judgment vacating the conviction and sentence for Count Two and refunding the Special Monetary Assessment for that conviction.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of March 2023.

W. STEPHEN MULDROW
United States Attorney

s/María L. Montañez-Concepción
María L. Montañez-Concepción
Assistant United States Attorney
U.S.D.C. No. 228301
350 Chardon Avenue
Torre Chardon, Suite 1201
Hato Rey, Puerto Rico, 00918
Tel:  787-766-5656
Email: Maria.L.Montanez@usdoj.gov

131

s/Mariana E. Bauzá-Almonte
Mariana E. Bauzá-Almonte – G00309
Assistant United States Attorney
Chief, Appellate Division

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ María L. Montañez-Concepción
**María L. Montañez-Concepción**
Assistant United States Attorney

132

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **CRIMINAL CASE NO:** 20-258 (FAB) |
| **RAFAEL PINA-NIEVES**, | |
| Defendant. | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## THE GOVERNMENT'S INFORMATIVE MOTION

COMES NOW the defendant, Rafael Pina-Nieves, and files this motion opposing the government's Informative Motion requesting the Court "enter an amended judgment vacating the conviction and sentence for Count Two of the Indictment and refunding the Special Monetary Assessment for that conviction, leaving the 41-month guideline sentence and the supervised release term for Count One intact". Docket No. 378. In support of this request, the defendant respectfully states as follows:

1. As the great Yogi Berra once said, "it's like *déjà vu* all over again," Just as it did when it filed a disguised Petition for Writ of Mandamus couched as a Motion for Clarification with the First Circuit several days ago, the United States now files a so-called *Informative Motion* (Docket No. 378) which in reality is a filing that seeks reconsideration of the Court's order granting the defendant's request for a resentencing hearing. (*See* Docket No. 367.)[1]

2. The United States reasons that a sentencing hearing is not necessary here because the Second Amended Presentence Investigation Report recommends a Guideline

---

[1] Informative motions generally do not seek relief from the Court. As the name suggests, those filings generally appraise the Court of a particular fact of circumstance relevant to the case.

133

Sentencing Range that is identical to the range adopted by the Court at Mr. Pina-Nieves' sentencing hearing.[2] (*See* Docket No. 378 at ¶¶ 2, 5.) The United States, unsurprisingly, does not offer any legal authority in support of its position.

3. The most glaring portion of its motion, however, is where the Government argues that "Pina did not argue that this Court was required to convene a resentencing hearing" in his Opposition to the United States' Motion for Stay. (Docket No. 372.). Counsel for the United States must have not read Mr. Pina-Nieves' filing.

4. In the referenced filing, Mr. Pina-Nieves cited several binding decisions where the First Circuit has found resentencing necessary in cases such as this one. (*See id.* at ¶¶15,16,18.) The law in the First Circuit supports the defendant's requests for a resentencing hearing to be held in this case. *See generally United States v. Francois,* 715 F.3d 21, 33–34 (1st Cir.2013) (concluding that our vacating sentences on certain counts affected the judge's "sentencing architecture," requiring a complete resentencing on all counts); *United States v. García–Ortiz,* 657 F.3d 25, 31 (1st Cir.2011) ("When a defendant successfully challenges one of several interdependent sentences, the proper course often is to remand for resentencing on the other (non-vacated) counts."); and *United States v. Pimienta–Redondo,* 874 F.2d 9, 14 (1st Cir.1989) (en banc) ("[W]hen a defendant is found guilty on a multicount indictment ...[, and] the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand.").

---

[2] The Court should note that Defendant has already presented Informal Objections to the Second Amended Presentence Investigation Report and, if those objections are not adopted, will be filing Formal Objections with the Court in due course.

134

5. Here, in sentencing Mr. Pina-Nieves after trial, the Court grouped Counts One and Two and determined his Total Offense Level based on the grouped counts. The First Circuit has since then vacated Mr. Pina-Nieves' conviction on Count Two. Thus, the new Guideline Sentencing Range will depend on the Court's evaluation of the sole remaining count in light of all other factors presented to the Court by counsel for the Government and counsel for the defense and, even if the GSR were to ultimately remain the same, resentencing is required here insofar as "the dropped counts alter the dimensions of the sentencing 'package' . . . [and] determining [Mr. Pina-Nieves'] GSR will now depend on the district court's factfinding" *United States v. Genao-Sanchez*, 525 F.3d 67, 71 (1st Cir. 2008). Accordingly, resentencing is plainly necessary in this case and the United States' *Informative Motion* should be **DENIED**.

**WHEREFORE**, Defendant Mr. Pina-Nieves respectfully requests that the Court deny the relief requested by the government for the reasons herein discussed.

**RESPECTFULLY SUBMITTED** on this 27th day of March 2023, in San Juan, Puerto Rico.

**WE HEREBY CERTIFY**: That today we have electronically filed the foregoing document with the Clerk of the Court for the District of Puerto Rico, using the CM/ECF system which will send a copy and notification of filing to all counsel of record.

> **DMR Law LLC**
> Counsel for the Defendant Rafael Pina-Nieves
> Capital Center Bldg.
> Suite 1101
> San Juan, PR 00918
> Tel. 787-331-9970
>
> *s/ Maria A. Dominguez-Victoriano*
> Maria A. Dominguez-Victoriano
> USDC-PR No. 210908
> maria.dominguez@dmralaw.com

135

*s/ Javier Micheo Marcial*
Javier Micheo Marcial
USDC-PR No. 305310
javier.micheo@dmralaw.com

*s/Francisco Rebollo-Casalduc*
Francisco Rebollo-Casalduc
USDC-PR No. 205603
Law Offices of Francisco Rebollo-Casalduc
P.O. Box 195571
San Juan, Puerto Rico 00919
rebollolaw@gmail.com
Tel. 787-765-0505

136

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff,**<br><br>v.<br><br>RAFAEL A. PINA-NIEVES,<br>**Defendant.** | CRIMINAL NO. 20-258 (FAB) |

<u>UNITED STATES' REPLY IN COMPLIANCE WITH THE COURT'S ORDER</u>

TO THE HONORABLE COURT:

The United States of America replies to Rafael A. Pina-Nieves's response to its informative motion and its motion requesting an order.[1]

1. Pina's response leaves no doubt that the Court is "free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand." (DE 379 at 2 (quoting *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989) (en banc))). *Free* to stands in stark contrast to *has* to. And that is all the government requests in this case. With an unchanged guideline range on remand, the government believes that this Court may determine that its original plan of sentencing Pina to 41 months, the upper-end of the guidelines range, remains the desired result and that Pina's 41-month sentence was reasonable then and continues to be reasonable today. Such a determination requires no resentencing hearing.

2. Pina's reliance on cases that dictate a resentencing is necessary in "cases such as this one" is misplaced. None of the cases cited by Pina resulted in a situation like the one before the Court—the same guidelines range and no unbundling of a sentencing package. Noticeably,

---

[1] Pina's suggestion that the government did not properly title its motion (DE 379 at 1 n.1) is untethered from the facts. The government's motion was titled Informative Motion *and* Motion Requesting Order as it both informed the Court that it had no objections to the amended pre-sentence report and requested relief.

137

in some of the cases it was the government that sought resentencing on remand after counts were vacated and sentencing packages were unbundled. The defendants appealed their new sentences citing, inter alia, double jeopardy protections. Other times, it was the First Circuit that expressly remanded the matter for resentencing.

3. In *Pimienta-Redondo* (DE 372 at ¶ 15)*, the defendants were sentenced to consecutive terms of imprisonment on two counts. 874 F.2d at 11. When one of the counts was vacated in the first appeal, the district court resentenced them to the total term of imprisonment for the remaining count. *Id.* at 12. The First Circuit affirmed with analysis of equal force in this case: "The myriad of other factors underlying the original sentence in a multiple count case are not necessarily altered when a defendant successfully appeals his conviction on one count. After an appellate court unwraps the package and removes one or more charges from its confines, the sentencing judge, herself, is in the best position to assess the effect of the withdrawal and to redefine the package's size and shape (if, indeed, redefinition seems appropriate)." *Id*. at 14. So the First Circuit concluded that the district court was free to determine if it needed to redefine its sentencing package. *Id.*

4. In *United States v. Genao-Sanchez*, 525 F.3d 67 (1st Cir. 2008), the First Circuit's mandate explicitly called for a resentencing and, with the vacated counts, the guideline range would *not* necessarily remain the same as to Count One. *Id.* at 70.

5. *United States v. Francois*, 715 F.3d 21 (1st Cir. 2013), and *United States v. García-Ortiz*, 657 F.3d 25 (1st Cir. 2011), which Pina now brings forward (DE 379 at 2), do not support his position. In *Francois*, the First Circuit remanded for resentencing after vacating some of Francois's counts of convictions, "which were central to the district court's calculation of Francois's overall sentencing package," "undermine[d] the entire sentencing structure crafted by the district court." 715 F.3d at 33-34. Similarly inapplicable is *García-Ortiz*, where the First Circuit specifically remanded for resentencing after "thinking it likely that

the district court may wish to unbundle and reconstitute the sentencing package." *Id.* at 31. No such remand for resentencing was ordered here.

6. Lastly, Pina relies on *United States v. Melvin*, 27 F.3d 710 (1st Cir. 1994), for its discussion of "legal precedent requir[ing] resentencing in cases where some counts were reversed on appeal." (DE 372 at ¶ 16). But the opposite occurred there. After the defendants successfully challenged some of their counts of conviction and were facing retrial, they sought to leave intact a § 924(c) count they had not challenged on appeal given that the government had failed to request the jury to determine the firearms were machineguns and the district court had sentenced them to five, rather than 30 years. On their motion for clarification, the First Circuit left that conviction, and its sentence, intact. *Id.* at 713.

7. Ultimately, it is "deja vu all over again." The same defendant appears before the Court looking at a sentence within the same statutory and guideline parameters. He still stands convicted of possessing two weapons despite his status as a federally convicted felon, one of which was converted to fire automatically. The Court's determination that an upper-end guideline sentence was sufficient but not greater than necessary remains true today.

**WHEREFORE**, the United States respectfully prays this Court takes notice of its reply and reiterates its request that the Court enter an amended judgment vacating the conviction and sentence for Count Two, leaving the sentence for Count One intact.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28th day of March 2023.

W. STEPHEN MULDROW
United States Attorney

s/Mariana E. Bauzá-Almonte
Mariana E. Bauzá-Almonte – G00309
Assistant United States Attorney
Chief, Appellate Division
350 Chardon Avenue
Torre Chardon, Suite 1201
Hato Rey, Puerto Rico, 00918

139

Tel:  787-766-5656
Email: mariana.e.bauza@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/Mariana E. Bauzá-Almonte
Assistant United States Attorney

140

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL CASE NO**: 20-258 (FAB) |
| **Plaintiff,** | |
| **v.** | |
| **RAFAEL PINA-NIEVES,** | |
| **Defendant.** | |

<u>**DEFENDANT'S SUR-REPLY REGARDING
THE GOVERNMENT'S INFORMATIVE MOTION**</u>

COMES NOW the defendant, Rafael Pina-Nieves, and files this sur-reply opposing the government's Informative Motion requesting that the Court "enter an amended judgment vacating the conviction and sentence for Count Two of the Indictment . . . , leaving the 41-month guideline sentence and the supervised release term for Count One intact."  Docket No. 378.

As this Court is well-aware, the First Circuit Court of Appeals reversed one of the two convictions underlying Pina-Nieves's 41-month concurrent sentence for insufficient evidence.  More specifically, the Court held, "we do not see how a rational juror could make the requisite inference that Pina-Nieves knew that th[e weapon underlying the reversed count] had the characteristics of a machinegun other than by engaging in just the kind of speculation or inference-stacking that cannot suffice to support a conviction."  *United States v. Pina-Nieves*, 59 F.4th 9, 15 (1st Cir. 2023).  The government simply assumes, with little basis and without the benefit of renewed sentencing proceedings, that the First Circuit's finding of insufficient evidence will have no effect on this Court's consideration of the appropriate sentence pursuant to 18 U.S.C. 3553(a),

141

and that any arguments before the Court on either the validity of the amended PSR's guideline calculation or on whether the applicable § 3553 factors warrant a revised sentence (including one not at the highest point in a guideline) will also be meaningless to the Court.  But the government's assumptions are at odds with the "common sense" notion that such changed circumstances should be reviewed and carefully considered on remand.  *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989).  It is by no means a fixed given that the Court will sentence a defendant who has now been acquitted of knowingly possessing a machine gun to the exact same sentence as a defendant who was once convicted of that offense.  Such a result would in essence extinguish the significance of the acquittal – and render insignificant the fact that the weapon has been determined, authoritatively, by the Court of Appeals, to have been possessed by the defendant without his knowledge of the characteristics that made it a machine gun.  The government should not be able, absent a hearing, to simply impose its assumptions on the Court and render the vacating of a conviction meaningless for sentencing purposes.   Only the Court can make those determinations after having considered the Amended PSR, the position of the parties, and the defendant's allocution, particularly in a case such as this where judicial discretion is not curbed by a minimum mandatory sentence.  Accordingly, the Court should reject the government's proposal and schedule a resentencing hearing.

The Second Circuit has squarely held that where, as here, one of multiple convictions is reversed on appeal, the defendant is "entitled to be resentenced *de novo* at a plenary sentencing rehearing."  *United States v. Rigas*, 583 F.3d 108, 117 (2d Cir. 2009).  The district court does not have discretion on this point.  *See id.* (referring to caselaw as "creat[ing] a rule, not a guideline"). The Third Circuit is in accord.  *See United States v. Miller*, 594 F.3d 172, 181-82 (3d Cir. 2010) ("When a conviction on one or more interdependent counts is vacated on appeal, the resentencing

142

proceeding conducted on remand is de novo unless we specifically limit the district court's authority.").[1]  Notwithstanding the defense's prior citation to both *Rigas* and *Miller*, *see* Docket No. 372 at 4 n.1, the government fails to so much as mention either persuasive authority in its motion.

There are sound reasons underlying the Second and Third Circuits' treatment of this issue. Fed. R. Crim. P. 32 enumerates various specific tasks that the Court must complete at sentencing, including the following:

1. "provide the defendant's attorney an opportunity to speak on the defendant's behalf";

2. "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence";

3. "provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney";

4. "rule on [any disputed portion of the presentence report or other controverted matter] or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter at sentencing."

Fed. R. Crim. P. 32(i)(3)(B) and (4)(A); *see also United States v. Genao-Sanchez*, 525 F.3d 67, 71 (1st Cir. 2008) (opining that the defendant's "right of allocution must be held sacrosanct").  It would be impossible to comply with the foregoing requirements under the government's proposed

---

[1] Because Pina-Nieves's two convictions were grouped for guideline purposes, *see* Sent. Tr. 33, "they result[ed] in an aggregate sentence, not sentences which may be treated discretely."  *Miller*, 594 F.3d at 181 (citation omitted).  The government cites no authority for its suggestion that the grouping of counts only renders them interdependent when such grouping increases the guideline sentence.  In fact, the Second Circuit has said that *de novo* resentencing is required even where "the portion of the conviction that was overturned [i]s unlikely to alter the ultimate sentence in any significant way."  *Rigas*, 583 F.3d at 116.  As detailed *infra*, the issue is whether eliminating one or more interdependent counts affects the sentencing package to be considered by the Court pursuant to 18 U.S.C. § 3553(a), not merely whether it affects the guideline range.

143

procedure.  The same is true of the statutory command to "state in open court the reasons for [the] imposition of [a] particular sentence."  18 U.S.C. § 3553(c).

Aside from these foundational issues of procedure, there are also substantive reasons to hold a resentencing under these circumstances.  Contrary to the government's suggestion, this is true irrespective of whether this Court will find that the First Circuit's ruling alters the guideline calculation.  The caselaw is clear that the guideline range is a mere starting point.  "[O]nce the GSR is properly calculated, sentencing becomes a judgment call for the court," which may be "based on a complex of factors whose interplay and precise weight cannot even be precisely described."  *United States v. Innarelli*, 524 F.3d 286, 292 (1st Cir. 2008) (citation omitted), *superseded on other grounds*.  Section 3553(a) requires the Court to consider a multitude of factors, including "the nature and circumstances of the offense," and the various purposes underlying criminal sentencing.

It is plain that, whatever significance the Court may ultimately decide to ascribe to the change, the balance of § 3553(a) factors has been altered by the First Circuit's finding that the government failed to prove Pina-Nieves's knowledge of the fact that one of the weapons was a machine gun.  In sentencing Pina-Nieves, the Court referenced the presence of a machine gun many times.  At one point, the Court stated:

> A modern machine gun can fire more than a thousand rounds a minute, which allows a shooter to kill dozens of people within a matter of seconds.  Short of bombs, missiles, and biochemical agents, we can conceive of few weapons that are more dangerous than machine guns.  A machine gun is unusual, and outside of few government-related uses, machine guns exist largely on the black market, precisely where Mr. Pina purchased his weapons.

Sent. Tr. 37.  It later summarized, "In short, machine guns are highly dangerous and unusual weapons that are not typically possessed by law-abiding citizens for lawful purposes."  *Id.* at 38.

144

In light of the foregoing, it strains credulity to simply assume, without the need for further proceedings, that the Court will not find the First Circuit's evaluation of the evidence (or lack thereof) that Pina-Nieves knew he was in possession of such a dangerous weapon pertinent to its wide-ranging, fact-intensive sentencing inquiry.

The government reply does not address any of the foregoing procedural and substantive issues.  Instead, it relies exclusively on a reading of First Circuit law that permits, but according to the government (to be clear, the defense disputes the government's reading for reasons set forth below) does not require, resentencing after a conviction is vacated.  But no case cited by the government holds that a district court may elect not to resentence a defendant under these circumstances.  In fact, to the contrary, the cases all affirmed the district court's decision to hold a resentencing or directed the district court to conduct resentencing on remand.

In *Genao-Sanchez*, the First Circuit strongly suggested it would reach the same conclusion as the Second and Third Circuits on the issue of whether resentencing is required after some but not all counts of conviction are reversed.   The court held that "the failure to convene a new sentencing hearing" after two of three convictions underlying a concurrent sentence were vacated "deprived the appellant of the opportunity to argue his position both as to matters of fact relevant to sentencing and as to the appropriate sentence to be imposed."  525 F.3d at 71.  Crucially, *this was true whether or not the guideline range would change because, even if it would not, "the dropped counts alter the dimensions of the sentencing 'package,'" which "in and of itself, may lead a sentencing court to impose a different sentence." Id.* (emphasis added). The government cursorily attempts to distinguish *Genao-Sanchez* because the mandate there was somewhat more specific, expressly calling for a "resentencing."  Docket No. 383 at 2.  But this formalistic distinction between the mandates does nothing to undermine the above logic.  Here, as in *Genao-*

5

145

*Sanchez*, the government's proposal would prevent the defense from arguing for an appropriate sentence based on the new sentencing package including a single count of conviction.  The First Circuit has subsequently cited *Genao-Sanchez* for exactly the proposition Pina-Nieves advances here: "the partial reversal of [a defendant's] convictions may alter the dimensions of the sentencing 'package,'" thus requiring "remand for resentencing."  *United States v. Berroa*, 856 F.3d 141, 163 (1st Cir. 2017) (citation omitted).

For reasons set forth above, the defense submits that, were it squarely presented with the issue, the First Circuit would very likely hold that resentencing is required in the present circumstances.  This is the clear implication of *Genao-Sanchez*, consistent with highly persuasive authority from two other respected circuits.  The First Circuit's existing caselaw stands for the unmistakable and strong proposition that holding resentencing is a good idea.  *See United States v. Garcia-Ortiz*, 657 F.3d 25, 31 (1st Cir. 2011) ("*When a defendant successfully challenges one of several interdependent sentences, the proper course often is to remand for resentencing on the other (non-vacated) counts.*" (emphasis added)); *Pimienta-Redondo*, 874 F.2d at 14 ("[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan.  When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand . . . if that appears necessary . . . ."); *id.* ("[W]henever a reversal on appeal undoes a sentencing plan, or even calls the plan into question, the district court should be invited to resentence the defendant on all counts in order to achieve a rational, coherent structure in light of the remaining convictions." (citation omitted)); *United States v. Francois*, 715 F.3d 21, 34 (1st Cir. 2013) (holding that vacating sentence on 4

146

counts that were part of "overall sentencing package" required First Circuit "to vacate [the] entire sentence and remand for complete re-sentencing").[2] The failure to hold a resentencing hearing when the landscape of a case has changed, as in the instant case, with the dismissal of the more serious of the two counts charged in the Indictment, deprives the Court of its statutorily mandated responsibility to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]", and to consider the nature and circumstances of the offense in light of the First Circuit acquittal. *See* 18 U.S.C. § 3553(a). The government's posture opposing a resentencing also seeks to encroach on the discretion of the District Court by limiting its sentencing options to merely reimposing the identical sentence previously fashioned by the Court on the defendant, despite the change in circumstances.

The authorities relied upon by the government are far afield from the present situation, often involving very specific remands to address isolated sentencing errors capable of resolution without in any meaningful way implicating the overall sentencing package. *See United States v. Santiago-Reyes*, 877 F.3d 447, 450-51 (1st Cir. 2017) ("[T]he purpose of our limited remand was unequivocal: to determine whether the reckless-endangerment enhancement applied to [the defendant].");  *United States v. Almonte-Nunez*, 771 F.3d 84, 92 (1st Cir. 2014) ("Because the sentence on the firearm possession charge . . . exceeds the statutory maximum, we direct the district court, on remand, to enter a modified sentence of 120 months on that count.");  *United States v.*

---

[2] The remaining precedent, *United States v. Melvin*, 27 F.3d 710, 712 (1st Cir. 1994), noted that the caselaw "establishes that an appellate ruling . . . reversing on some, but not all, counts of an indictment may implicate the trial judge's comprehensive, interdependent imposition of a penalty and thus require resentencing on all counts." *Id.* This line of precedent was, however, "wholly inapposite" to case at hand, which involved not "re-evaluation of a defendant's *punishment*," but rather the court's response to a government request to "put the issue of defendants' *guilt*" on an unappealed count "to another jury." *Id.* Accordingly, the government is incorrect in portraying *Melvin* as standing for the "opposite" result to that Pina-Nieves seeks. Docket No. 383 at 3.

*Barnes*, 251 F.3d 251, 261 (1st Cir. 2001) (opining that reduction in supervised release term to statutory maximum could "be accomplished without either disturbing the remainder of the sentence or reconvening the disposition hearing").  None, of course, involved reversal of any count of conviction.  *See Rigas*, 583 F.3d at 118 (distinguishing erroneous convictions from "*sentencing* errors," the latter of which require *de novo* resentencing only when "correction . . . would undo the sentencing calculation as a whole" (citation omitted)).  This is not a case where the appeal was as to prior sentencing errors, it is a case where the appeal established the defendant's legal innocence of one of two counts of conviction.

The government's reliance upon the law of the case doctrine fares no better.  As the government's own briefing makes clear, the doctrine precludes only re-litigation of the "same issues" that were previously decided.  Docket No. 370-1 at 7 (citation omitted).  But here, the First Circuit's reversal of the machine gun conviction has created a new and different issue: whether the amended sentencing package, excluding the reversed count, calls for a different sentence under 18 U.S.C. § 3553(a).  The government cites no precedent applying the law of the case doctrine in remotely analogous circumstances. The government's position would illogically require a defendant to appeal from a sentence that was lawfully imposed just to preserve a future issue in the event a conviction that was unlawfully rendered was vacated as was done here.  No case requires such an appellate practice.  *See, e.g.*, *United States v. Ticchiarelli*, 171 F.3d 24, 28 (1st Cir. 1999) ("This is not a question of what leeway there is to explore on remand an issue directly related to the matter being remanded.  This is rather a question of whether a party, not having appealed from an aspect of explicit findings and conclusions at sentencing, is free on remand as to a different unrelated issue to require the court to hear that aspect again.").  The law of the case doctrine "can hardly extend to arguments," like the one at issue here, "that a party could not

148

reasonably have been expected to make in the prior sentencing." *United States v. Bryant*, 643 F.3d 28, 34 (1st Cir. 2011) (distinguishing *Ticcharelli* on this basis).

WHEREFORE, for the reasons discussed in this *sur reply*, the defendant, Rafael Pina-Nieves, respectfully requests that the Honorable Court maintain its prior order granting the defendant's request for a resentencing hearing via video teleconference and deny the government's request to dispense with the resentencing hearing in favor of a mechanical modification of the Judgement and Commitment Order in this case.

Respectfully submitted on this 5th day of April 2023, at San Juan, Puerto Rico.

**DMR Law LLC**
Counsel for the Defendant Rafael Pina-Nieves
Capital Center Bldg.
Suite 1101
San Juan, PR 00918
Tel. 787-331-9970

*s/ Maria A. Dominguez-Victoriano*
Maria A. Dominguez-Victoriano
USDC-PR No. 210908
maria.dominguez@dmralaw.com

*s/ Javier Micheo Marcial*
Javier Micheo Marcial
USDC-PR No. 305310
javier.micheo@dmralaw.com

**Law Offices of Francisco Rebollo-Casalduc**
P.O. Box 195571
San Juan, Puerto Rico 00919
Tel. 787-765-0505

*s/Francisco Rebollo-Casalduc*
Francisco Rebollo-Casalduc
USDC-PR No. 205603
rebollolaw@gmail.com

149

**Prado Nuñez & Asociados**
403 Del Parque, Suite 8
San Juan, Puerto Rico 00912
787-977-1411

<u>*s/ Edwin Prado Galarza*</u>
Edwin Prado Galarza
USDC-PR No. 208804
pradolaw10@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **CRIMINAL CASE NO:** 20-258 (FAB) |
| **RAFAEL PINA-NIEVES**, | |
| Defendant. | |

## DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

COMES NOW the defendant, Rafael Pina-Nieves, through the undersigned counsel, and files this objection to the Amended Presentence Investigation Report ("PSR"; Docket No. 376) prepared in this case. Specifically, Mr. Pina-Nieves objects to the calculation of his total offense level (PSR, ¶33) and the failure of the USPO to acknowledge certain grounds for a downward variance.[1] In support of this objection the defendant respectfully states as follows:

### Introduction

1. The amended PSR was prepared in connection with Count One of the Indictment after the First Circuit Court of Appeals reversed the conviction on Count Two.[2] Count One charged the possession of firearms and ammunition by a convicted felon, in violation of Title 18, *United States Code¸* Section 922(g)(1) and 924(a)(2).

2. The PSR determined that the Total Offense Level ("TOL") for Count One was a 20, based on the determination that a machine gun was involved in the offense (as charged

---

[1] Informal objections to the PSR were sent to the USPO on March 24, 2023, but a response to those objections has not yet been received. These formal objections are being filed despite the failure of the USPO to respond to our informal objections, in order to avoid running afoul of the Court's order directing that objections to the PSR were to be filed by April 10, 2022. (*See* Docket No. 377.)

[2] Count Two charged the possession of a machinegun, in violation of title 18, *United States Code*, Section 922(o) and 924 (a)(2). PSR at ¶ 3.

151

in Count Two of the Indictment). The PSR justifies the enhancement based on "the rules of Expanded Relevant Conduct" pursuant to the provisions of USSG §1B1.3(a)(2). (*See* PSR at p, 8, fn. 4.)

## The Rules of Expanded Relevant Conduct Should not be Applied to Enhance the BOL

### a. Application of the Sentencing Enhancement Constitutes a Substantive Due Process Violation and Punishes Pina-Nieves for Circumstances for which he Lacked Knowledge

The rules of expanded relevant conduct should not be applied in this case to justify the application of a six-level enhancement to increase the TOL to 20.[3] The enhancement would significantly increase the guideline sentencing range ("GSR") for Mr. Pina-Nieves, on account of the machine gun, in the absence of evidence that the defendant had any knowledge that the offense involved an automatic weapon. In fact, the First Circuit acquitted the defendant on the machine gun count (Count Two) based on an explicit finding that the record lacked evidence upon which a reasonable juror could find that Mr. Pina-Nieves had knowledge of the automatic features of the weapon. In other words, in addition to proving the possession or transfer of the weapon in question, the government was also required to prove that Mr. Pina-Nieves "had knowledge of the characteristics that brought the gun within the statutory definition [of a machine gun]." *United States v. Nieves-Castaño*, 480 F.3d 597, 599 (1st Cir. 2007). The Government failed to do so and Mr. Pina-Nieves was thus acquitted of possession of the automatic weapon in question.

Now, Mr. Pina-Nieves faces a resentencing in this case burdened only by the conviction on Count One of the Indictment, which does not implicate an automatic weapon. If he is sentenced

---

[3] Absent any enhancements, the TOL for the charge of simple possession of a non-automatic firearm is a level 14, which yields a GSR of 15–21 months. *See* USSG §2K2.1(a)(6).

at a level 20, despite his acquittal on Count Two, he would be subject to the same offense level that would have resulted had Count Two not been disturbed on appeal. In other words, the government seeks to obtain a sentencing result that nullifies the decision of the First Circuit and applies the enhancement in the absence of evidence that Mr. Pina-Nieves had any knowledge that one of the two weapons was illegally modified to fire automatically. The defendant suggests that the government's use of the Sentencing Guidelines to sidestep its inability to prove the possession of the machine gun charge, thereby obtaining the same penalty for the defendant, offends notions of due process. *See United States v. Fox,* 889 F.2d 357 (1st Cir. 1989), *United States v. Reynolds,* 900 F.2d 1000, 103-04 (7th Cir. 1990), and *United States v. Mobley,* 956 F.2d 450 (3d Cir. 1992)(Mansmann, J., dissenting).  Stated differently, imposing an elevated TOL for an offense involving an automatic weapon in the absence of a conviction on the very count that supports Mr. Pina-Nieves' possession of that weapon during the offense will violate Mr. Pina-Nieves' substantive due process rights.

Judge Mansmann, in his dissenting opinion in the case of *United States v. Reynolds*, provided insight into the difficulties inherent in the removal of the *scienter* requirement by the Sentencing Guidelines (in that case for possession of a stolen firearm) in order to elevate the guideline sentencing exposure for an offense in which Congress had specifically required knowledge, to wit:

> "Congress has not remained silent on the scienter requirement [for a stolen firearm enhancement] and delegated all of its authority to the Sentencing Commission; rather, Congress has explicitly made a scienter a requirement in substantive offenses under which the government declined to prosecute [the defendant].  Thus Congress has not indicated that the offense of possession of a stolen gun is a mere regulatory one for which scienter is not a required element.  Where Congress has chosen to require scienter for proof of a crime, I am not persuaded that Congress'

designee, the Sentencing Commission, may transform that same conduct, minus scienter, into a sentencing factor, which then applied yields an equivalent sentence range as would an additional conviction.  Further, I am not convinced that the broad delegation of authority for creating the Sentencing Guidelines reaches so far nor that the regulatory exception to the presumption against strict liability in a statutory construction context permits this result, which is inconsistent with due process.  *Id.* at 463.

The application of the automatic weapon enhancement for Mr. Pina-Nieves in this case yields a similar undesired result, effectively eliminating the knowledge requirement and imposing strict liability, resulting in a TOL of 20, which is precisely the level that would have applied had the conviction on Count Two been affirmed on appeal. In other words, the application of the enhancement transforms the offense charged in Count Two into a sentencing factor, but eliminates the *scienter* element, arriving at a sentence which is equivalent to the sentence the defendant would have received had he been convicted on Count Two.

The defendant has conducted arduous research concerning the *scienter* element of the automatic weapon enhancement.  While ample case law has been located regarding the knowledge element of other offense enhancements and, specifically, firearm offense enhancements, none has been specifically located with respect to the automatic weapon feature of Section 2K2.1.

In particular, ample jurisprudence exists addressing the stolen firearm enhancement mandated by § 2K2.1(b)(4).  That section does not specify whether its application requires *scienter*. However, the Commentary at note 8(B) clarifies that no knowledge is required on the part of the defendant, despite the fact that the Supreme Court has resolved that *mens rea* is required in offenses involving firearm possession. *See*, for example, *Staples v. United States*, 511 U.S. 600, 602, 114 S.Ct. 1793 (1994). In *Staples,* the defendant was convicted of possession of a semiautomatic rifle (machine gun).  Although the statute did not expressly require the defendant

to know that the weapon was a machine gun, the Supreme Court concluded that the government was required to prove that the defendant was aware of the characteristics that brought the firearm within the statutory definition of a machinegun. *Id.* at 619-20. In so doing the Court rejected the government's argument that the statute fell within the ambit of "public welfare" or "regulatory" offenses for which the presumption of *mens rea* should not apply. Neither the automatic weapon enhancement nor its Commentary provide clarity regarding the issue of *scienter.* No policy reason or rationale is provided for the application of the two-level aggravator for the automatic weapon enhancement.[4] The stolen firearm enhancement likewise lacks a rationale justifying its mechanical application, despite the Commentary which eliminates the knowledge requirement.

Judges have struggled to reconcile the strict liability application of the stolen firearm sentencing enhancement, recognizing that the counterpart criminal statute requires *mens rea* on the part of the defendant, in accord with the fundamental principal that a culpable state of mind is normally required for the commission of a crime. Notably, in the case of *United States v. Handy*, 570 F.Supp.2d 437 (E.D.N.Y. 2008), the Honorable Jack B. Weinstein held invalid the stolen firearm sentencing enhancement despite the purported authority of the Sentencing Guidelines to mechanically apply the two-level enhancement: "Because the enhancement does not require the defendant to know or have reasonable cause to believe that the he possessed was stolen, it does not provide deterrence since a person cannot be deterred from doing what he or she does not know

---

[4] The Sentencing Guidelines also provide another two-level strict liability enhancement for firearms with an altered or obliterated serial number in U.S.S.G. §2K2.1(b)(4), but require *mens rea* for the application of a two-level enhancement for possession of stolen explosives. *See* U.S.S.G. § 2K1.3(b)(2).

is being done. 18 U.S.C. § 3553(a)(2)(B). Because it lacks a requirement of scienter, the enhancement does not reflect the seriousness of the offense, promote respect for the law or provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A)." *Id.* at 480. Ultimately, the Court disallowed the application of the two-level enhancement for the stolen firearm, on the basis that the evidence did not support a finding that the defendant knew or had reason to know that the gun he possessed was stolen. *Id.*

The precise reasoning that predicated Judge Weinstein's decision is equally applicable to this case, in the absence of facts that support the defendant's knowledge that the Glock firearm was an automatic weapon.

### b. Relevant Conduct Requires Conduct Attributable to the Defendant.

The Sentencing Guidelines provide that all sentencing enhancements must be determined according to the Relevant Conduct provisions of Section 1B1.3. That section provides, *inter alia,* that specific offense characteristics shall be determined by "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant…". In keeping with the plain language of this seminal guideline principle, it is evident that the enhancement for the machine gun is being applied to Mr. Pina-Nieves despite the fact that the record is barren of evidence that he was aware of the automatic nature of the firearm. It is the presence of the automatic weapon that invites application of the enhancement, as USSG §2K2.1 predicates the six-level enhancement on whether "the **offense** involved a [machinegun]". The First Circuit opinion already exonerated Mr. Pina-Nieves on the charge of possession of the machine gun.

156

Notably, the application of the enhancement operates contrary to the letter and spirit of the Sentencing Guidelines.  Put simply, since Mr. Pina-Nieves was unaware that the Glock was a machinegun, he cannot reasonably be said to have committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused the underlying offense, which is the possession of the machinegun.

In considering the mechanical application of Sentencing Guideline enhancements, Courts have often declined to apply these aggravators to increase a defendant's sentence where the facts giving rise to the enhancement are factually unconnected to the defendant's conduct, in keeping with the dictates of Section 1B1.3.  By way of example, consider the ten-point enhancement under Guideline Section 2L1.1(b)(7) applicable to alien smuggling offenses where a death occurs.  As in the case of the automatic weapon enhancement, Section 2L1.1(b)(7) does not contain a *scienter* requirement, simply posing the question of whether a death occurred as a predicate to the application of the enhancement. Even Courts that declined to apply the rule of lenity to impose a *scienter* requirement or causal connection to the defendant's conduct, refused to impose the enhancement for resulting death where the defendant's conduct was causally unconnected to the harm, based on a reasoning that these circumstances did not comport with the definition of "relevant conduct" under the Sentencing Guidelines. The ordinary language of the rules of relevant conduct in Section 3B1.3 compel that specific offense characteristics be determined by the

157

defendant's conduct. *See*, for example, *United States v. Ramos-Delgado*, 763 F.3d 398 (5th Cir. 2014).[5]

While the alien smuggling and automatic firearm enhancements are factually dissimilar, the cases exemplify the requirement that relevant conduct under the Sentencing Guidelines be determined based on the defendant's conduct, even under circumstances where the enhancement involves a provision that imposes strict liability. In this case, the evidence does not support the contention that Mr. Pina-Nieves was aware that the Glock had the features to bring it within the definition of an automatic weapon, therefore, the enhancement for the involvement of the automatic weapon in the offense should not be considered relevant conduct for purposes of enhancing the defendant's sentence.

### c. Relevant Conduct Must Meet the Preponderance of Evidence Standard

The PSR concedes that the BOL calculation of 20 is predicated on the use of "expanded relevant conduct". PSR at fn. 14 p. 8. In other words, the enhancement is based on conduct other than the charged offense.

"Relevant conduct" refers to "the range of conduct that is relevant to determining the applicable offense level" under the Guidelines Manual. See §1B1.3 comment. Relevant conduct is a creature of the USSG and provides explanations for the application of rules that determine the acts or omissions which constitute relevant conduct. Subsection 1B1.3 provides that, in every case,

---

[5] A majority of the Circuits (Eighth, Ninth, Eleventh, and Fifth Circuits) have interpreted Section 2L1.1(b)(7) as requiring a causal link between the resulting death and the defendant's conduct. *See United States v. Flores-Flores,* 356 F.3d 861 (8th Cir. 2004), *United States v. Herrera Rojas,* 243 F.3d 1139 (9th Cir. 2001), and *United States v. Zaldivar,* 615 F.3d 1346 (11th Cir. 2010). In the only case considered by the First Circuit the court determined that causality was present, which did not require that the Court reach the ultimate issue of the causation requirement. *United States v. Ortiz-Carrasco,* 863 F.3d 1 (1st Cir. 2017).

relevant conduct includes **actions of the defendant** performed in preparation for the offense, during the offense, and after the offense to avoid detection. [emphasis ours] Consequently, relevant conduct is based on acts the defendant counseled, commanded, induced, procured, or willfully caused. *Id.*

It is well-settled that "[f]acts underlying Guideline offense-level increases need only be proven by a preponderance of the evidence".[6] *United States v. Gonzalez*, 857 F.3d 46, 58 (1ˢᵗ Cir. 2017); *see also United States v. Malouf*, 466 F.3d 21, 26 (1ˢᵗ Cir. 2006)(due process and Sixth Amendment are satisfied if sentencing facts were supported by a preponderance of the evidence standard). Accordingly, if sentencing facts are arbitrarily applied with an inadequate factual foundation, a defendant's constitutional rights would be thwarted.

In its appellate opinion reversing the machine gun count, the First Circuit made explicit and unequivocal findings regarding the paucity of evidence establishing Pina-Nieves' knowledge of the characteristics of the automatic weapon. Specifically, The First Circuit concluded that there was no evidence to support the inference that Mr. Pina-Nieves was aware of the automatic nature of the Glock pistol: "To conclude that Pina-Nieves … knew that the machinegun could fire fully automatically, a juror would have to infer that Pina-Nieves had either seen it [sufficiently] or had been told [of these characteristics] even though he had never seen it." *See* Case No. 22-1421 at p. 11. The Court also discusses the absence of evidence regarding when the Glock was modified, the absence of evidence that Pina-Nieves had ever been advised of the modification, the absence of

---

[6] The preponderance of the evidence standard was promulgated by the U.S. Sentencing Commission and is not derived from common law. The commentary to a policy statement at U.S.S.G. § 6A1.3 sets forth that "[t]he Commission believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of a case."

evidence that Pina-Nieves had been at the Caguas Real house where the weapon had been kept after the purchase of the Glock, and the fact that Pina-Nieves had not been residing in that house.  *Id.*  The First Circuit unmistakably concluded that they could "not see how a rational juror could make the requisite inference that Pina-Nieves knew that this weapon had the characteristics of a machinegun other than by **engaging in just the kind of speculation or inference-stacking that cannot suffice to support a conviction."**  *Id.* [emphasis ours]

Generally, courts have upheld the use of the preponderance of the evidence standard at sentencing, finding that it comports with constitutional constraints in a post-Booker landscape.  *See*, e.g., *United States v. Fisher*, 502 F.3d 293 (3d Cir. 2007), *United States v. Villareal-Amarillas*, 562 F.3d 892 (8th Cir. 2009), and *United States v. Smith*, 370 Fed.Appx. 29 (11th Cir. 2010). However, a higher standard of clear and convincing evidence may be required where a sentencing factor has a disproportionate effect on the ultimate sentence.  *See United States v. Staten*, 466 F.3d 708, 718 (9th Cir. 2006)("[A] heightened burden may be required post-*Booker* to satisfy due process concerns" in cases where a sentencing factor has a disproportionate effect on the sentence", *citing United States v. Kilby,* 443 F.3d 1135, 1140 n. 1 (9th Cir. 2006)); *see also United States v. Dare*, 425 F.3d 534, 642 (9th Cir. 2005); *United States v. Lynch*, 437 F.3d 902, 916 (9th Cir. 2006); and *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999), *cert. denied*, ___ U.S. ___, 126 S.Ct. 2959, 165 L. E.2d 970 (2006).

In *Staten* the enhancement which had a "disproportionate effect" on the sentence "increased [the] offense level by more than four levels and more than doubled [the] sentence." *Staten, supra*, 466 F.3d at 718.   In this case, the result of the application of the enhancement is

160

similar for Mr. Pina-Nieves, increasing the TOL by six-levels and doubling his guideline imprisonment range.

Given the categorical nature of the First Circuit's assessment of the evidence introduced by the government at trial regarding the defendant's knowledge of the characteristics of the automatic weapon, the defendant respectfully suggests that the relevant conduct provisions of the Sentencing Guidelines preclude application of the enhancement to Mr. Pina-Nieves, as it cannot be determined by a preponderance of the evidence standard that the enhancement is based on acts the defendant counseled, commanded, induced, procured, or willfully caused.

In this case, the application of the six-level enhancement dramatically impacts the defendant's guideline sentencing range.  Consequently, this Court should determine that due to the disproportionate effect the application of the enhancement has on the defendant's sentence, the more exacting standard of clear and convincing evidence should apply.  The defendant suggests that neither standard can be satisfied on the factual record of the case.

### d. The Application of the Enhancement for Automatic Weapon is Based on Acquitted Conduct.

The United States Sentencing Commission has, as part of the potential 2022-2023 Amendments to the Sentencing Guidelines Manual, proposed Amendment 8 regarding Acquitted Conduct, which would limit the use of acquitted conduct at sentencing.  For many years the practice of using acquitted conduct under the relevant conduct provisions of the USSG to increase a defendant's sentence as a result of judicial fact-finding, has been the subject of intense criticism[7]

---

[7] The use of acquitted conduct as relevant conduct at sentencing has been strenuously opposed by a wide variety of prominent advocacy groups such as the NACDL, Americans for Prosperity, Right on Crime, R Street Institute, the

and unrelenting appeals.[8]  A wide array of practitioners, legal scholars, judges, and even Supreme

Court Justices, have expressed misgivings and questioned the wisdom of the use of acquitted

conduct to increase a defendant's sentencing.  For example, Judge Kavanaugh of the DC Circuit[9]

struggled with this concept and found its implications problematic:

> "Allowing judges to rely on acquitted or uncharged conduct to impose higher
> sentences than they otherwise would impose seems a dubious infringement of
> the rights to due process and to a jury trial. If you have a right to have a jury find
> beyond a reasonable doubt the facts that make you guilty, and if you otherwise
> would receive, for example, a five-year sentence, why don't you have a right to
> have a jury find beyond a reasonable doubt the facts that increase that five-year
> sentence to, say, a 20-year sentence? *Cf. In re Winship,* 397 U.S. 358, 90 S.Ct.
> 1068, 25 L.Ed.2d 368 (1970)."  *United States v. Bell*, 808 F.3d 926, 928 (D.C.
> Cir. 2015)

Judge Kavanaugh recognized that the current state of the law deposits great sentencing

discretion on federal district court judges, including the discretion to "disclaim reliance" on

acquitted or uncharged conduct.  Judge Kavanaugh wisely reflected that in certain cases this was

a desirable result:

> "To be sure, when calculating the advisory Guidelines range, district judges may
> have to factor in relevant conduct, including acquitted or uncharged conduct.  But
> those Guidelines are only advisory, as the Supreme Court has emphasized.  So
> district judges may then vary the sentence downward to avoid basing any part of
> the ultimate sentence on acquitted or uncharged conduct."[10]

---

CATO Institute, FAMM, Niskanen Center, and the Sentencing Project. *See* Written Statement of Michael P. Heiskell,
President-Elect, NACDL, Re: Proposed Amendments to the Federal Sentencing Guidelines Relating to Acquitted
Conduct, February 24, 2023 at 7.

[8]  A challenge to the use of acquitted conduct at sentencing is currently pending before the Supreme Court on a petition
for writ of *certiorari* in the case of *McClinton v. United States*, No. 21-1557 (2023) (pending).

[9] Judge Brett M. Kavanaugh sat on the DC Circuit from 2006 through 2018. He was confirmed as an Associate Justice
to fill the seat vacated by Justice Anthony Kennedy.

[10] Judge Kavanaugh's comments were related to the concurring opinion of Judge Millett in the same case, where she
recognized, *inter alia,* that "allowing a judge to dramatically increase a defendant's sentence based on [acquitted
conduct] is at war with the fundamental purpose of the Sixth Amendment…"

As previously noted, when applied to this case, the acquitted conduct enhancement related to the possession of the machine gun provides an offense level of 20, which doubles the sentencing guideline for Mr. Pina-Nieves from a range of 15-21 months at a level 14, to 33-41 months, at a level 20. The Supreme Court has indicated that facts that operate to increase the range of penalties to which a defendant is exposed are essential elements of a crime which must be proven at trial beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The use of acquitted conduct to increase a defendant's sentence is inconsistent with the spirit of the Supreme Court holding. In a sense, overriding a jury verdict (or in this case an appellate reversal) by sentencing a defendant as if that conduct had been proven, is contrary to a defendant's Sixth Amendment rights. The consequence of a no *mens rea* or strict liability enhancement that doubles the sentencing guideline for Mr. Pina-Nieves has the undesired effect of treating a defendant who in reality knowingly possessed an automatic weapon the very same way as one who had constructive possession of a weapon without any knowledge of its characteristics. This is the antithesis of a sentence based on either the offense conduct or the characteristics of a defendant, as required by Section 3553.

The First Circuit has recognized that the use of uncharged crimes could "violate a defendant's Sixth Amendment and due process rights if the additional increases are responsible for such a disproportionate share of the sentence that they become the 'tail which wags the dog of the substantive offense.'" *United States v. Gonzalez,* 857 F.3d 46, 60 (1st Cir. 2017), *quoting United States v. Lombard,* 72 F.3d 170 (1st Cir. 1995)(internal citations omitted) (Where defendant was sentenced on a firearm offense with no statutory maximum with a cross-reference to murder,

and guideline sentence increased from 327 months of incarceration to life. *Lombard* was decided

a decade prior to *United States v. Booker*, 543 U.S. 220, 245, 124 S.Ct. 738 (2005), and the District

Court operated under the mistaken impression that it the lacked authority to impose a lesser

sentence than called for by the Sentencing Guidelines. *Id.*

In this case, the effect of the use of the acquitted conduct duplicates the potential sentencing

range for Mr. Pina-Nieves, based on a strict liability imposition of the sentencing enhancement for

the automatic weapon, despite the utter absence of evidence that the defendant was aware of that

the Glock had been modified to fire automatically.

Consequently, we pose an additional objection to the amended PSR based on the proposed

new guideline prohibiting acquitted conduct as the basis for a 1B1.3 enhanced sentence.

**e.   There is a Basis in Law and Fact for the District Court to Exercise its Sentencing
Discretion and Grant a Downward Variance.**

Under our current Federal sentencing regime, District Court judges enjoy broad discretion

to assess sentencing factors and craft fair sentences based on their individualized evaluations.

With this enormous power comes great responsibility. Congress has provided some directives to

sentencing courts regarding the factors to consider when imposing a reasonable sentence, which

include the nature and circumstances of the offense and the characteristics of the defendant.  18,

*United States Code*, Section 3553(a).  This statute requires Court to impose a sentence that is

"sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]."

This so-called "parsimony provision" is not merely one of many factors to weigh at sentencing,

but also places a cap above which the Court is *prohibited* from sentencing-even when a greater

sentence is recommended by the sentencing guidelines. *See United States v. Denardi,* 892 F.2d

269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part). These principles are equally applicable to resentencing hearings.

One of the factors that should be considered at a resentencing hearing is evidence of the defendant's post-sentencing rehabilitation. *See United States v. Leahy*, 688 F.3d 18 (1st Cir. 2012)(post-sentencing rehabilitation may support downward variance); *see also Pepper v. United States*, 562 U.S. 476 (2011), 131 S.Ct. 1229 (2011)(Reversing the Eighth Circuit's holding that the defendant's post sentencing rehabilitation could not be considered as a factor supporting a downward variance and directing that the case be assigned to a different judge).  Indeed, The Supreme Court has recognized that post sentencing rehabilitation is "highly relevant to several of the §3553 factors".  *Id.* at 1242.

In this case, while the PSR provides information regarding the work and educational activities of Mr. Pina-Nieves during the 9 months in which he has been incarcerated in the Institutional Adjustment section, the PSR fails to identify post sentencing rehabilitation as a potential factor to be considered as the basis for a potential downward variance. (*See* PSR, ¶ 20). During his 9 months of incarceration Mr. Pina-Nieves has scrupulously complied with all of the rules and regulations of the Butner Low facility where he is housed.  In addition, he has used his time in prison effectively, and has had much time to reflect on his circumstances.  He has been deeply impacted by his isolation from his family, and is focused on successfully completing his sentence and reuniting with his children and his sentimental partner.

While incarcerated, Mr. Pina-Nieves has completed the following academic courses: Spanish I, Life Skills Math Interest, Creative Writing, Money Smart Older Adults, ServSave Food Hand Certification.  He also enrolled in the Non-Residential DAP Group Course.  His completion

165

*United States v. Rafael Pina-Nieves*
Case No. 20-00258 (FAB)
Defendant's Objection to the PSR
Page 16

---

of the course was interrupted due to a pending transfer to a BOP camp facility.  Mr. Pina-Nieves

also worked in UNICOR towards the 500-hour program.  As of the date of this submission, he has

completed approximately 250 hours of the program.[11]

In the defendant's allocution during his resentencing hearing the Court will be able to

recognize that Mr. Pina-Nieves is a transformed man after his 9-months of incarceration, and those

observations can also be considered when determining a fair sentence for the defendant.

In addition to post sentencing rehabilitation, among the many factors this Court can

properly consider in assessing the justification for a downward variance is Mr. Pina-Nieves'

acquittal on Count Two of the Indictment, and the impact of the First Circuit conclusion that the

evidence did not establish that he had knowledge of the characteristics of the automatic weapon.

*See United States v. Khatallah, supra*, 41 F.4[th] 608.  In that case, the DC Circuit, while disagreeing

with the District Court's downward variance analysis, unequivocally acknowledged that "the

district court's discretion to vary downward to discount acquitted conduct in **undisputed in this**

**case**…" *Id. at* 641 [emphasis ours].   Judge Millett in her concurring opinion also validated the use

of the court's discretionary powers, with the government's concession, to consider acquitted

conduct as a basis for a downward variance: "[W]e have long left open the possibility that district

courts may 'discount acquitted conduct in particular cases-that is, to vary downward from the

advisory Guidelines range when the district court judges do not find the use of acquitted conduct

appropriate." *Id.* at  651, quoting from *United States v. Settles*, 530 F.3d 920, 924 (D.C. Cir. 2008).

---

[11] Some, but not all, of Mr. Pina-Nieves' educational achievements in custody were noted in the PSR. *See* PSR at at ¶
20 p. 7.

*United States v. Rafael Pina-Nieves*
Case No. 20-00258 (FAB)
Defendant's Objection to the PSR
Page 17

---

In this case, the consideration of the automatic weapon (acquitted conduct) should be discounted by the Honorable Court in order to appropriately reflect the seriousness and circumstances of the offense. The Court has the inherent power to exercise its sentencing discretion to do so.

**Conclusion**

For the reasons discussed herein, the defendant, Rafael Pina-Nieves respectfully requests that the Honorable Court take notice of his objections to the PSR and that determine that the BOL level applicable to the offense is a 14, not a 20.

**RESPECTFULLY SUBMITTED** on this 10th day of April 2023, in San Juan, Puerto Rico.

**WE HEREBY CERTIFY**: That today we have electronically filed the foregoing document with the Clerk of the Court for the District of Puerto Rico, using the CM/ECF system which will send a copy and notification of filing to all counsel of record.

**DMR LAW LLC**
Capital Center Building
South Tower, Suite 1101
San Juan, Puerto Rico 00918
Tel. 787-331-9970

By: *s/ Maria A. Dominguez*
Maria A. Dominguez
USDC-PR No. 210908
maria.dominguez@dmralaw.com

*s/ Javier Micheo Marcial*
Javier Micheo Marcial
USDC-PR No. 305310
javier.micheo@dmralaw.com

167