# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

No. 23-1396

**UNITED STATES,**
Appellee,

v.

**RAFAEL PINA-NIEVES, t/n Rafael Antonio Pina-Nieves,**
Defendant–Appellant.
_____

## UNITED STATES' RESPONSE TO APPELLANT'S MOTION
## TO EXPEDITE AND FOR BAIL PENDING APPEAL
_____

**TO THE HONORABLE COURT:**

The United States hereby responds to Mr. Rafael Pina-Nieves's motion to expedite his appeal and for bail pending appeal. *See* Appellant's Motion to Expedite Appellate Judicial Disposition and for Bail on Appeal, filed Sept. 25, 2023 [hereinafter Motion]. As a preliminary matter, the motion violates Federal Rule of Appellate Procedure 27(d) because it "contains 5,640 words," Motion at 28, whereas the rule says that it "must not exceed 5,200 words," Fed. R. App. P. 27(d)(2)(A). Because shortening the motion will not change the United States's position, we will address its requests for relief.

The United States takes no position on Pina's motion to expedite this

appeal, including on whether it is timely despite being filed after the reply brief.[1] *See* First Circuit Internal Operating Procedure VII(B) (providing that a "request for expedited processing . . . should be made shortly after the case is docketed"); *see also United States v. Duclos*, 382 F.3d 62, 64 n.4 (1st Cir. 2004) (noting that this Court had denied the defendant-appellant's motion for an expedited appeal "for untimeliness" and indicating that the motion should have been filed "at the time of the appeal or shortly thereafter").

The United States opposes Pina's motion for bail pending appeal. That motion is not properly before the Court because he has not asked the district court for that relief in the first instance. Federal Rule of Appellate Procedure 9 governs "Release in a Criminal Case," as its title indicates. Fed. R. App. P. 9. That rule provides for appellate "review of a district-court order regarding release after a judgment of conviction," Fed. R. App. P. 9(b), but not for an initial request for such relief in this Court, *United States v. Hochevar*, 214 F.3d 342, 343 (2d Cir. 2000) (per curiam) ("In sum, we see nothing in the terms of Rule 9(b) or in its history to suggest that a defendant is authorized to move

---

[1]  Pina tendered an oversized reply brief, and this Court has ordered him to file a conforming one. *See* Order of Court, dated Sept. 27, 2023.

for release pending appeal in the court of appeals in the first instance."). The rule contemplates that any request for bail pending appeal should be "made initially in the district court" because of "the findings that must be made in order to warrant release." *Id.* at 344; *see also* 18 U.S.C. § 3143(b)(1)(A) (stating that "the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment . . . be detained [pending appeal] unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"). By filing his motion here for the first time, Pina has sidestepped the regular procedure and prevented any factual development for the required findings. *Cf.* Order, *United States v. Pina-Nieves*, No. 22-1421 (1st Cir. June 16, 2022) (remanding, in Pina's prior appeal, his motion for bail pending appeal so that the district court could address in the first instance "the matters of flight risk and dangerousness," thereby aiding this Court through "further development of those issues"). And he provides no reason why the Court should deviate here.

On the merits, Pina's motion to be released pending appeal is plainly

3

unavailing. To be released, Pina needs to establish by clear and convincing evidence that he is both "not likely to flee *or* pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(1)(A) (emphasis added). But he does not say why the record clearly and convincingly shows that he is not likely to flee. *See* Motion at 12–19 (Pina stating why he believes he qualifies for bail pending appeal). At most, he asserts near the end of his motion that he "does not pose a risk of flight." Motion at 25. Similarly, he does not say why the record clearly and convincingly shows that he does not pose a danger to others. *See* Motion at 12–19. At most, he asserts that if some "conditions" are attached to his "bail on appeal," it would "ensure the safety of the community." Motion at 26. Those bald assertions do not satisfy Section 3143(b)(1)(A)'s clear-and-convincing-evidence standard. *See In re Meyers*, 616 F.3d 626, 631 (7th Cir. 2010) (stating that evidence is "clear and convincing" when it leaves "no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question").

Pina ignores that when he moved for bail pending appeal during his prior appeal, the district court found that he "IS likely to flee and DOES pose

a danger to the safety of others." Order, *United States v. Pina-Nieves*, No. 20-cr-258 (D.P.R. July 5, 2022), ECF No. 352; *see also* Amended Opinion & Order at 14, *United States v. Pina-Nieves*, No. 20-cr-258 (D.P.R. July 6, 2022), ECF No. 354 (similar). And he ignores that this Court then affirmed the district court's order denying him bail without overturning those findings of fact. *See* Order, *United States v. Pina-Nieves*, No. 22-1421 (1st Cir. July 18, 2022). So even if this Court excused his failure to develop an argument that he is not a flight risk or a danger, the record shows that he is, in fact, both of those things.

Next, to be released, Pina must also establish, as applicable here, that his appeal raises a "substantial question of law" likely to result in a "reduced sentence" that is "less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). But his appeal does not raise a substantial question. As explained in the government's brief, he is wrong in arguing that the district court needed to resentence him after this Court partially reversed his conviction on direct appeal: This Court did not remand his case for resentencing, the district court correctly held that his Guidelines sentencing range had not changed, and the district court did not

abuse its discretion by concluding that he did not need to be resentenced. *See* Appellee's Brief at 14–43. Finally, Pina may not challenge his sentence for the first time in this second appeal, and in any event his Guidelines sentence is reasonable. *See* Appellee's Brief at 44–51. As his tendered reply brief makes clear, he has no response to those arguments or the caselaw foreclosing his challenges—he hardly engages with them. *See* Reply Brief at 3–37.

In sum, the United States takes no position on Pina's motion for an expedited appeal. But this Court should deny his motion for bail pending appeal. It is procedurally defective and substantively meritless.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of September 2023.

> W. Stephen Muldrow
> United States Attorney
>
> Mariana E. Bauzá-Almonte
> Assistant United States Attorney
> Chief, Appellate Division
>
> /s/David C. Bornstein
> Assistant United States Attorney
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Avenue
> San Juan, Puerto Rico 00918
> Tel. (787) 766-5656

## Certificate of Service

**I HEREBY CERTIFY** that on September 27, 2023, I electronically filed the above motion response with the U.S. Court of Appeals for the First Circuit by using the CM/ECF system and thereby served it on the appellant, Rafael Pina-Nieves, through his counsel of record, a registered ECF Filer.

/s/David C. Bornstein
Assistant United States Attorney